# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-11084 |
| | : | |
| JFK CAPITAL HOLDINGS, LLC | : | SECTION "A" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

## OBJECTION TO FIRST AND FINAL APPLICATION BY ATTORNEYS FOR TRUSTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Barbara Rivera-Fulton, Chapter 7 Trustee of the bankruptcy estate of *John F. Kelly, III*, Case No. 14-12767 ("Kelly Trustee"), in support of her objection to Alicia Bendana's First and Final Application for Compensation and Reimbursement of Expenses on October 7, 2015 (P-68) ("Application") represents:

## Introduction

Before addressing the specific objections to the Application, a very brief summary of the background of this case prior to Ms. Bendana's retention is necessary. As the Court is aware, shortly after John Kelly was placed in involuntary bankruptcy, the Kelly Trustee conducted a 2004 examination of Mr. Kelly who testified that he kept no accounting records of any kind for his many solely-owned LLCs. He had also been sued pre-bankruptcy by multiple significant creditors on grounds of operating his LLCs as a single business enterprise ("SBE") for his own personal benefit, and some of the major creditors had already obtained SBE judgments. Therefore, from the inception of the Kelly case, the Kelly trustee was faced with the bankruptcy estate of an individual, John Kelly, who owned little or no physical assets in his own name, but who owned property held in the names of "paper LLCs" that had no real separate existence.

Some of the assets held in the name of the paper LLCs were subject to imminent sales, seizures, foreclosures, and other legal proceedings in state court, and the Kelly Trustee was able

to resolve almost all of the disputes with the state court litigants consensually. One dispute which was not able to be resolved involved the debtor in this case, another Kelly "paper LLC" called JFK Capital Holdings, LLC ("JFK").

Liskow & Lewis and the Law Office of Emile Turner (collectively "Attorneys"), the former attorneys for JFK, sought a state court allowance of fees from JFK of approximately $320,000 out of a very favorable $876,000 settlement achieved by the Kelly Trustee in the related 840 Tchoupitoulas Chapter 11 case pending in this Court. Although this Court already had some background knowledge of some of the Attorneys' fee issues because 840 had previously objected to the reasonableness of the Attorneys' fees, when the 840 Chapter 11 plan was confirmed, the Court lost jurisdiction over the Attorneys' fee dispute because JFK was not in bankruptcy, nor had JFK been substantively consolidated with the Kelly estate.

Therefore, when the Attorneys insisted on moving forward with their state court action, the Kelly Trustee had no alternative, but (i) file a Chapter 7 case for JFK to stay the state court proceedings and (ii) immediately move for substantive consolidation of the JFK estate with the Kelly estate, a course of action that had been openly discussed at one of the earlier hearings before the Court (and, if I recall correctly, the Court set a deadline by which to file the consolidation motion). The consolidation motion was filed and noticed out to all identifiable creditors of Kelly and his 80 LLCs, and no one (other than the Attorneys) objected to the consolidation. In fact, the motion was affirmatively supported by many of the major creditors, including the creditors that had been actively participating in the Kelly case. During that time, the Kelly Trustee and the Attorneys had been actively negotiating a consensual resolution of the fee dispute and had made substantial progress, but the Attorneys and the Kelly Trustee both agreed that an independent mediator would be beneficial in bridging the gap on the settlement

amount to be paid to the Attorneys.

## The Retention of Ms. Bendana's Law Firm by the JFK Trustee

When Ms. Bendana was retained by Aaron Caillouet, the trustee in the JFK case ("JFK Trustee"), all litigation relating to the Kelly Trustee's pending substantive consolidation motion had been stayed by this Court to allow the Kelly Trustee and the Attorneys to participate in a mediation over the amount of fees to be paid to the Attorneys from the 840 settlement. The only issue that was going to be mediated (and the only issue that was mediated) was the Attorneys' fee dispute – i.e., the reasonableness of the fees sought by the Attorneys and the validity of their claimed lien against the proceeds.

Despite the fees being the only issue to be mediated and despite that the substantive consolidation motion issues were placed on hold, Ms. Bendana immediately focused her attention on the Kelly Trustee's pending substantive consolidation motion. Her overriding focus from the inception of her retention was on ensuring the separate existence of JFK. As a courtesy, she was provided with a copy of the substantive consolidation pleadings and exhibits, and she acknowledged that it appeared that Kelly had significantly commingled funds and did not maintain JFK's separate existence, but argued that because the Kelly Trustee had filed the JFK case, the Kelly Trustee had stipulated to the existence of a separate estate and waived the right to seek substantive consolidation.

When it became evident that her waiver argument was not going to hold water, in a subsequent conversation, she proposed that the JFK estate and the Kelly estate remain as two separate estates with all of the same creditors, but with separate assets to administer (with her JFK estate keeping and distributing the $876,000). At that point, counsel for the Kelly Trustee again reminded her that none of those issues were relevant at the time, and the important point

for the Kelly Trustee and the major creditors was avoiding any unnecessary additional administrative costs while the Kelly Trustee resolved the fee dispute with the Attorneys at the upcoming mediation.  It was even suggested that she contact counsel for the major participating creditors and ask them directly what they believed was in the best interest of the creditors.  Later that day, T.J. Madigan, who represents five creditors with claims exceeding $1.33 million, called undersigned counsel and advised that he had received a call from Ms. Bendana in which she asked whether his clients would like to be paid more money, faster from the JFK estate, a proposal Mr. Madigan did not understand and which can only be explained by Ms. Bendana.

Despite there being no necessity for Ms. Bendana becoming actively involved in the mediation, the substantive consolidation, or any and of the other matters reflected in her Fee Application, she now requests allowance of fees and costs of almost $37,000 (i) for work unnecessarily undertaken that duplicated work already done by the Kelly Trustee and the Kelly Trustee's counsel, and (ii) for work that did not have any relevance or benefit to either the JFK or the Kelly estates.  Specific time entry objections are addressed below.

**Objection to Specific Time Entries**

Attached to this Objection as **Exhibit A** is a color-coded copy of the Exhibit A attached to Ms. Bendana's Application that shows 3 categories of work performed by Ms. Bendana that falls within these categories.  Attached as **Exhibit B** is a spreadsheet calculating the total amount of the reductions for time entries within each category.

*1.   Unnecessary and Duplicative Work in Connection with the Attorney Fee Dispute*

Highlighted in **_yellow_** was worked performed by Ms. Bendana relating to the mediation that was duplicative of work done by counsel for the Kelly Trustee starting weeks prior to Ms. Bendana's retention and the mediation.  In making her decision to incur administrative expenses

by involving herself in the mediation, Ms. Bendana disregarded the following important facts which she was aware of:

a. Counsel for the Kelly Trustee, who had participated in several status conferences with the Attorneys in connection with the 840 Tchoupitoulas case, had first-hand insight into the important issues this Court raised concerns about in connection with the amount of the Attorneys' fee claims.

b. Counsel for the Kelly Trustee also had detailed background and understanding of the matters on which the Attorneys represented JFK, having acquired substantial knowledge of the JFK litigation matters during the course of the Kelly Trustee's successful negotiation of the $876,000 settlement with 840 Tchoupitoulas.

c. Counsel for the Kelly Trustee had already done detailed research and analyses of the time spent by the Attorneys.

d. Counsel for the Kelly Trustee had been involved in ongoing settlement discussions with the Attorneys and the major objecting creditors over several weeks, and had first-hand insight into how an acceptable agreement could be reached that would avoid further litigation.

e. The Kelly Trustee and the Attorneys were very close to reaching agreement and merely needed an objective, independent arbiter that could help bridge the gap between the numbers, which Judge Dodd accomplished.

f. The Kelly Trustee and the Attorneys also felt it significant that the participating creditors have the benefit of participating in the mediation to alleviate some of their more stringent views of the reasonableness of a settlement with the Attorneys.

There was no reason for Ms. Bendana to engage in duplicative work. The Attorney fee dispute was settled at a number reached when Judge Dodd came to counsel for the Kelly Trustee and suggested a final number. The Kelly Trustee agreed with the number and ultimately obtained the affirmative support of the participating creditors. The global settlement of the Attorney fee dispute was not a result of the duplicative, last-minute superficial efforts of Ms. Bendana to involve herself in the mediation. Her client's interest in the matter being mediated was directly aligned with the interests of the Kelly Trustee, and those interests were already

being fully, vigorously, and thoughtfully advanced by counsel for the Kelly Trustee.[1]  The total reduction amount for this time (yellow) is $8,708.25 as shown on Exhibit B.

2.  _Work That Conferred No Benefit Upon the Estate_

Highlighted in **blue** was work performed by Ms. Bendana that conveyed no benefit to either estate, but appeared to be aimed at trying to ensure the JFK Trustee could collect a commission on the settlement funds to be paid to the Attorneys under the settlement.  Examples of such time entries performed for the personal benefit of the JFK Trustee, but charged to the JFK estate, include:

a.  Drafting a "Motion to Designate" seeking to "designate JFK Trustee as recipient of 840 Tchoupitoulas funds."

b.  Ms. Bendana's "Motion to Designate" generated three objections, and the Motion to Designate was denied by this Court at the hearing.  In fact, her efforts to achieve the "designation" relief apparently continued after the hearing unbeknownst to the Kelly Trustee and the other objecting parties.  Her time entries show that Ms. Bendana placed several telephone calls to the Court's law clerk and sent a detailed letter (which was not copied to the three objecting parties) again seeking authority to have Mr. Caillouet as the named recipient of the 840 Tchoupitoulas funds.

c.  Ms. Bendana's letter to the Court is followed by multiple additional time entries showing, among other things, two telephone conferences with Amanda Burdette of the U.S. Trustee's Office "re questions re payment of creditors from third parties via court order," two telephone conferences with Mr. Caillouet regarding the third party payment issue, and legal research regarding the third party payment issue.

d.  None of this time conveyed any benefit upon the estate, but appears to be aimed at seeking to include language in an Order that would predetermine the JFK Trustee's entitlement to a commission on the 840 Tchoupitoulas proceeds. This Court very clearly stated at the hearing that all rights were reserved, so this was unnecessary time spent that prematurely sought to ensure a personal commission

---

[1] In fact, in an effort to avoid multiplying the costs of the proceedings, counsel for the Kelly Trustee suggested that because the two estates' interests were directly aligned on the issues relating to the Attorney Fee Dispute, if the JFK Trustee was concerned about not having formal representation at the mediation, the JFK Trustee could seek to employ counsel for the Kelly Trustee as special counsel on the fee issue.

for Mr. Caillouet, not anything of benefit for the JFK estate nor the Kelly estate.[2]

This Court has emphasized the importance of the distinction between representing the interests of the estate and the personal interests of the Trustee:

> "[C]ounsel for a trustee is employed to represent the bankruptcy estate's interests, not the personal interests of the trustee. As such, the employment of trustee's counsel is not the employment of counsel *for the trustee in his individual capacity, but for the trustee as the representative of the bankruptcy estate*."

*In re Pericone,* 2009 WL 5217367 at *5 (Bankr. E.D. La. 2009) (emphasis in original). The total reduction amount for this time (blue) is $7,415 as shown on Exhibit B.

3. *Unnecessary and Duplicative Work in Connection with the Valueless Archon Claim*

Highlighted in **pink** was work performed by Ms. Bendana in connection with the JFK v. Archon proceeding that was pending in State Court. The Archon case was a nebulously pled damage claim brought by John Kelly on behalf of JFK seeking attorney fees and unidentified damages as a result of a tax sale at which JFK was the purchaser for which JFK had already received payment in full with all interest and costs. The case had already been dismissed once on a no cause of action, and there was a pending exception of no cause of action that sought the dismissal of an amended petition that looked substantively no different than the original petition that had been dismissed. Prior to the JFK bankruptcy, the Kelly Trustee and her lawyers had reviewed the facts and the law, discussed the case with Mr. Kelly's bankruptcy lawyer about Mr. Kelly's views of the case (which were not favorable), and discussed the facts with the original counsel of record who filed the petition and amended petition and had withdrawn from the case. After the former counsel turned down possible contingency fee proposals of 40% and 50%, he was asked: "[I]s there any contingency fee percentage under which you would agree to get re-enrolled?" His answer alone says it all: "No thanks; we would need an hourly arrangement." A

---

[2] It is noteworthy that Mr. Goldstein's time reflects that he assisted Ms. Bendana with "legal research re constructive disbursements" on that same day, but he did not seek to charge his time to the estate.

copy of this correspondence with JFK's former counsel on the Archon matter is attached hereto as **Exhibit C**.

Counsel for the Kelly Trustee had already formally made these representations in a pleading, and appeared at the JFK creditors' meeting and explained the above facts in detail. Counsel for the Kelly Trustee also explained all of this to Ms. Bendana, reiterating that the Kelly Trustee's counsel would have no problem being retained as special counsel for the JFK Trustee if he felt it necessary to have a formal legal opinion before abandoning the claim.

Despite this background, Ms. Bendana initially appeared at a status conference before this Court lauding the merits of the claim. When counsel for the Kelly Trustee mentioned to the Court that the claim had been already thoroughly reviewed and that the original counsel would not even handle it on any contingency fee basis, the Court advised Ms. Bendana that she could investigate and handle the claim "on a contingency fee basis." Nothing was ever recovered by Ms. Bendana in connection with the Archon claim, but she seeks to be paid almost $4,400 for that work. The total reduction amount for this time (pink) is $4,156 as shown on Exhibit B.

4. _Other Objectionable Time Entries_

The global settlement that was reached between the parties at the mediation was a simple, straightforward, settlement of a disputed attorney fee claim that was going to be paid in a lump sum payment. Moreover, it was reached after a mediation in which major creditors of the estates participated. There were no complicated payment terms, collateral terms, or anything else. Such compromise motions are routine motions filed in Chapter 7 cases. Ms. Bendana's invoice shows two time entries (highlighted in green on Exhibit A) totaling 16.35 hours for this work:

| | | |
|---|---|---|
| 6/22/15 | dictate 9019 motion to approve settlement and settlement agreement | 4.65 |
| 6/23/15 | Revise and edit 9019 motion | 11.70 |

The Kelly Trustee suggests that the original 4.65 hours billed was sufficient time within which to prepare the compromise motion. The total reduction amount for this time (the 6/23 green 11.70 hour entry only) is $3,510.

## Conclusion

Ms. Bendana's efforts in this case were confounding to the Kelly Trustee and the major participating creditors. She seemed at all times to be adverse to the Kelly Trustee and the unsecured creditors. Unbeknownst to the Kelly Trustee and counsel for the other participating creditors in the mediation, it also appears from her time entries on 6/17/15 that Liskow & Lewis (whose interests were directly adverse to the JFK Trustee and the Kelly Trustee) had actually shared its confidential mediation submission with Ms. Bendana prior to her completing her confidential mediation submission. (See time entered on 6/17/15 on Page 3 of Exhibit A). Also, after the settlement was reached through the Kelly Trustee's work product, analysis, and efforts, the global compromise turned into a compromise between the JFK Trustee and the Attorneys only. The Kelly estate was completely cut out of the release agreement, and the Kelly Trustee and major Kelly creditors had to formally object to the compromise to ensure that the Kelly estate received a complete release. The Kelly Trustee and the Kelly creditors also had to formally object to the unnecessary "Motion to Designate" (which was originally proposed as a motion to modify the final compromise order and plan confirmation order entered in the 840 Tchoupitoulas case) to ensure that the lender that was funding the reorganized 840 Tchoupitoulas Chapter 11 debtor and paying JFK the $876,000 had no basis for pulling the financing.

What should have happened in this case was Ms. Bendana should have reviewed the situation presented to the JFK Trustee and sought the most efficient, cost-effective method for protecting the interests of the unsecured creditors. Those options were presented to her, but she

chose to take positions adverse to the Kelly Trustee and the unsecured creditors on matters on which the parties were completely aligned, she chose to involve herself in attempted legal maneuvers that only potentially benefitted the JFK Trustee's ability to justify a commission, she chose to sever the Kelly estate from the global settlement causing the necessity for the filing of unnecessary objections, and she chose to duplicate work that had already been done. Her actions not only created unnecessary administrative expenses for the JFK estate, they unnecessarily increased the expenses for the Kelly estate and the expenses of the major unsecured creditors. At most, any compensation allowed should not exceed the $11,771 amount set forth on the last line of Exhibit B.

**WHEREFORE**, the Trustee prays (i) that the objection be sustained, and (ii) for such other and further relief as is just.

> Respectfully submitted,
> GORDON, ARATA, McCOLLAM,
> DUPLANTIS & EAGAN, LLC
> 201 St. Charles Ave., 40th Floor
> New Orleans, Louisiana 70170-4000
> Telephone: (504) 582-1111
> By: _/s/ David J. Messina_
>     David J. Messina, #18341
>     Fernand L. Laudumiey, IV, #24518
> Attorney for the Barbara Rivera-Fulton, Trustee of
> the Bankruptcy Estate of John F. Kelly, III

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served via email upon the following:

Alicia Bendana on behalf of Trustee Aaron E. Caillouet
abendana@lowestein.com

Mark S. Goldstein on behalf of Trustee Aaron E. Caillouet
mgoldstein@lshah.com

Thomas J. Madigan on behalf of Creditor HCM Fund I, LLC
tmadigan@shergarner.com

Thomas J. Madigan on behalf of Creditor ISIS, LLC
tmadigan@shergarner.com

Thomas J. Madigan on behalf of Creditor JHP Investments, LLC
tmadigan@shergarner.com

Thomas J. Madigan on behalf of Creditor Chris Etheridge
tmadigan@shergarner.com

Thomas J. Madigan on behalf of Creditor Jeffrey T. Summers
tmadigan@shergarner.com

Lee Phillips on behalf of Debtor JFK Capital Holdings, LLC
leejphillips@hotmail.com

Mark Landry on behalf of Louis C.Pannagl
mlandry@newmanmathis.com

Mark Landry on behalf of 2909 Constance Street, L.L.C.
mlandry@newmanmathis.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

November 3, 2015.


By:  */s/ David J. Messina*  
      David J. Messina, #18341

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| **Alicia M. Bendana** | | | |
| 6/5/2015 | CA-JFK | Telephone conference with A. Caillouet re introduction to case | 0.25 |
| 6/5/2015 | CA-JFK | Conflicts check | 0.10 |
| 6/5/2015 | CA-JFK | Review pleadings | 0.70 |
| 6/5/2015 | CA-JFK | Telephone conference with D. Olivier re background facts and recent developments re attorney fee dispute | 0.65 |
| 6/8/2015 | CA-JFK | Telephone conference with D. Olivier re status attorney fee dispute, re attorneys legal position | 0.75 |
| 6/9/2015 | CA-JFK | Draft, revise and edit Application to Employ | 0.15 |
| 6/9/2015 | CA-JFK | Telephone conference with D. Olivier re mediation | 0.55 |
| 6/9/2015 | CA-JFK | Review docket sheet for JFK v. Archon case, telephone conference with W. Plaisance re status of Archon proceedings and discussion legal theories, email W. Plaisance follow up re same | 0.70 |
| 6/9/2015 | CA-JFK | Review JFK v. Archon docket sheet and pleadings | 2.85 |
| 6/10/2015 | CA-JFK | Review 840 Tchoupitoulas bankruptcy docket sheet and pleadings | 0.40 |
| 6/10/2015 | CA-JFK | Review Julia Street bankruptcy docket sheet and pleadings | 0.40 |
| 6/10/2015 | CA-JFK | Legal research re common fund | 1.25 |
| 6/11/2015 | CA-JFK | Telephone conference with R. Tomeny re status of 840 Tchoupitoulas asset, prepare notice of appearance | 0.50 |
| 6/11/2015 | CA-JFK | Legal research common fund and 9:5001 in preparation for meeting with Liskow & Lewis to discuss adversary | 0.80 |
| 6/11/2015 | CA-JFK | Emails, telephone conference with Judge's chambers re continuation of motion to consolidate and conversion to status conference | 0.25 |

Exhibit A

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/11/2015 | CA-JFK | Prepare for meeting with D. Olivier and K. Jones re attorney claims | 0.65 |
| 6/11/2015 | CA-JFK | Meeting with D. Olivier and K. Jones re legal theories supporting claim | 1.40 |
| 6/11/2015 | CA-JFK | Draft Notice of Appearance and Request for Notices in 840 Tchoupitoulas case | 0.15 |
| 6/11/2015 | CA-JFK | Draft Notice of Appearance and Request for Notices | 0.15 |
| 6/12/2015 | CA-JFK | 4 emails from/to K. Jones re JFK files requested by D. Messina | 0.65 |
| 6/15/2015 | CA-JFK | Review Liskow bills | 0.45 |
| 6/15/2015 | CA-JFK | Read JFK 341 transcript | 0.25 |
| 6/15/2015 | CA-JFK | Read Julia Street bankruptcy hearing transcript that discussed attorney fee claim and mediation | 0.60 |
| 6/15/2015 | CA-JFK | Telephone conference with D. Messina re JFK v. Archon suit and deadlines and substantive consolidation issue | 1.50 |
| 6/16/2015 | CA-JFK | Review claims of Liskow and performed mathematical calculations for purposes of settlement letter | 1.20 |
| 6/16/2015 | CA-JFK | Review of JFK v. Archon Exception and transcript of hearing | 0.60 |
| 6/16/2015 | CA-JFK | Telephone conference with J. Force re request for consensual continuance of 6/19 hearing of Archon's Exception | 0.25 |
| 6/16/2015 | CA-JFK | Telephone conference with B. Jones re same | 0.25 |
| 6/16/2015 | CA-JFK | Telephone conference with D. Messina re determining the Trustee's position re substantive consolidation and attorneys' fees | 0.65 |
| 6/16/2015 | CA-JFK | Telephone conference with T.J. Madigan re substantive consolidation and attorneys' fees | 0.30 |
| 6/16/2015 | CA-JFK | Draft mediation statement | 3.25 |
| 6/17/2015 | CA-JFK | Archon - Read emails from J. Force and B. Jones re agreement to continuance and respond to same | 0.25 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/17/2015 | CA-JFK | Revise and edit and continue drafting mediation position paper | 2.50 |
| 6/17/2015 | CA-JFK | Review language in 840 Tchoupitoulas Plan and Order Approving Compromise re payment to JFK Capital | 0.65 |
| 6/17/2015 | CA-JFK | Research attorneys fees on open account | 0.40 |
| 6/17/2015 | CA-JFK | Read Liskow mediation paper, revise and edit mediation paper | 0.25 |
| 6/17/2015 | CA-JFK | Review cases cited in Liskow position paper re lien for fees | 0.50 |
| 6/17/2015 | CA-JFK | Revise and edit mediation paper | 3.10 |
| 6/18/2015 | CA-JFK | Telephone conference with R. Tomeny re payment of funds to Kelly estate pursuant to Order and releases | 0.20 |
| 6/18/2015 | CA-JFK | Telephone conference with A. Caillouet re update regarding events relating to mediation | 0.30 |
| 6/19/2015 | CA-JFK | Prepare for mediation | 0.75 |
| 6/19/2015 | CA-JFK | Attend mediation, read settlement of attorney fee claims and lien into the record | 7.25 |
| 6/22/2015 | CA-JFK | Dictate 9019 motion to approve settlement and settlement agreement | 4.65 |
| 6/22/2015 | CA-JFK | Telephone conference with T.J. Madigan re settlement | 0.25 |
| 6/22/2015 | CA-JFK | Telephone conference with D. Olivier re settlement | 0.25 |
| 6/22/2015 | CA-JFK | Telephone conference with R. Martinez re motion to amend order approving settlement | 0.50 |
| 6/23/2015 | CA-JFK | Revise and edit 9019 motion | 11.70 |
| 6/23/2015 | CA-JFK | Telephone conference and several emails with D. Olivier re same | 0.40 |
| 6/23/2015 | CA-JFK | Email D. Messina and T. Madigan re same | 0.20 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/24/2015 | CA-JFK | Revise and edit - motion to obtain funds from 840 Tchoupitoulas | 0.80 |
| 6/24/2015 | CA-JFK | Telephone conference with E. Turner re minor revisions to motion to compromise and settlement agreement | 0.25 |
| 6/25/2015 | CA-JFK | Revise and edit motion to designate JFK as recipient of 840 Tchoupitoulas funds | 0.35 |
| 6/25/2015 | CA-JFK | Read D. Olivier email re changes to settlement agreement and closing procedure | 0.25 |
| 6/25/2015 | CA-JFK | review settlement agreement | 0.15 |
| 6/25/2015 | CA-JFK | Telephone conference with D. Olivier re response to same | 0.25 |
| 6/25/2015 | CA-JFK | Read email from E. Turner re changes to agreement, return email re same | 0.25 |
| 6/25/2015 | CA-JFK | Emails D. Olivier re closing issues | 0.20 |
| 6/29/2015 | CA-JFK | Revise and edit jont motion to designate JFK Trustee as recipient of 840 Tchoupitoulas funds per R. Tomeny's email | 0.25 |
| 6/29/2015 | CA-JFK | Forward draft joint motion to D. Messina for review and possible consent | 0.20 |
| 6/29/2015 | CA-JFK | Prepare for status conference | 0.60 |
| 6/29/2015 | CA-JFK | Attend status conference | 1.00 |
| 6/29/2015 | CA-JFK | Email to Trustee re update as to matters discussed at status conference | 0.45 |
| 7/1/2015 | CA-JFK | Telephone conference with K. Jones and D. Olivier re closing details | 0.30 |
| 7/1/2015 | CA-JFK | Review Archon amended petition and exception, research re cases cited in exception and cases regarding awarding attorneys' fees in suits with the parties | 2.60 |
| 7/2/2015 | CA-JFK | Motion to substsitute settlement agreement | 0.35 |
| 7/6/2015 | CA-JFK | Telehpone conference with W. Plaisance re damages in Archon case | 0.30 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 7/8/2015 | CA-JFK | Email Trustee re possible abandonment of Archon case | 0.40 |
| 7/8/2015 | CA-JFK | Email F. Laudumiey re legal defense bills in Archon case and D. Messina re likely no additional seperate creditors of JFK (other than Likow and Turner) | 0.30 |
| 7/9/2015 | CA-JFK | Review W. Plaisance attorney fee invoices | 0.20 |
| 7/9/2015 | CA-JFK | Telephone conference with J. Force re possible settlement of pending case | 0.30 |
| 7/9/2015 | CA-JFK | Telephone conference with B. Jones' assistant re possible settlement | 0.25 |
| 7/13/2015 | CA-JFK | Telephone conference with B. Jones re possible settlement of Archon case | 0.25 |
| 7/13/2015 | CA-JFK | Telephone conference with J. Force's secretary re continuance of Archon Exception pending abandonment | 0.10 |
| 7/20/2015 | CA-JFK | Draft motion to contine state court exception, cover letter to opposing counsel re same | 0.45 |
| 7/20/2015 | CA-JFK | Read Panagl motion and order to file late objection | 0.25 |
| 7/20/2015 | CA-JFK | Read Panagl memo in support of Kelly Trustee's motion for contempt | 0.15 |
| 7/20/2015 | CA-JFK | Read Kelly debtor's opposition to motion for contempt | 0.20 |
| 7/20/2015 | CA-JFK | Draft response to limited opposition to motion to compromise | 0.85 |
| 7/20/2015 | CA-JFK | Draft response to oppositions to motion to designate JFK Trustee as receipient of funds | 3.10 |
| 7/21/2015 | CA-JFK | Revise and edit response to objection to settlement | 2.10 |
| 7/21/2015 | CA-JFK | Review and edit combined response to objections to designate JFK Trustee as recipient of funds | 3.85 |
| 7/22/2015 | CA-JFK | Revise and edit response to opposition to motion to designate JFK Trustee as recipient of funds | 0.50 |
| 7/23/2015 | CA-JFK | Prepare for contested hearings on motion to compromise and motion to designate JFK Trustee as recipient of funds | 1.50 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|---|---|---|---|
| 7/23/2015 | CA-JFK | Attend and argue at hearings on motion to compromise and motion to designate JFK Trustee as recipient of funds | 1.00 |
| 7/23/2015 | CA-JFK | Prepare orders on motion to compromise and motion to designate JFK Trustee as recipient of funds | 0.50 |
| 7/23/2015 | CA-JFK | Review Court's memorandum to record | 0.20 |
| 7/23/2015 | CA-JFK | Telephone conference with L. Havrylkoff (msg) re discrepancies in memo to record versus Court's statements at the hearing | 0.20 |
| 7/23/2015 | CA-JFK | Telephone conference with K. Jones re same | 0.20 |
| 7/23/2015 | CA-JFK | Letter to L. Havrylkoff re same | 0.30 |
| 7/23/2015 | CA-JFK | Telephone conference with L. Havrylkoff re memo to record | 0.25 |
| 7/23/2015 | CA-JFK | Telephone conference with A. Caillouet re language in memo to record | 0.30 |
| 7/23/2015 | CA-JFK | Telephone conference with A. Burnett re questions re payment of creditors from third parties via court order | 0.30 |
| 7/23/2015 | CA-JFK | Telephone conference with A. Caillouet re same | 0.25 |
| 7/23/2015 | CA-JFK | Revise and edit compromise order | 0.30 |
| 7/23/2015 | CA-JFK | Telephone conference with A. Burdette re answers to questions relating to payments by third parties | 0.25 |
| 7/24/2015 | CA-JFK | Research issues related to payments made by third parties per court order | 0.60 |
| 7/24/2015 | CA-JFK | Telephone conference with R. Tomeny re name of disbursing agent | 0.15 |
| 7/24/2015 | CA-JFK | Telephone conference with L. Havrylkoff confirming that 840 Tchoupitoulas can write 3 checks, possible need for status conference re order | 0.20 |
| 7/24/2015 | CA-JFK | Revise and edit order on motion to designate | 0.45 |
| 7/24/2015 | CA-JFK | Email to Trustee re same | 0.20 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 7/24/2015 | CA-JFK | Various emails re revising drafts of proposed orders | 0.50 |
| 7/24/2015 | CA-JFK | Emails conveying settlement agreement for signatures and inquiring re release | 0.55 |
| 8/5/2015 | CA-JFK | Review and edit settlement and release agreement | 2.65 |
| 8/17/2015 | CA-JFK | Review D. Messina edits to release agreement | 0.40 |
| 8/17/2015 | CA-JFK | Read email from K. Jones, telephone conference with K. Jones re closing delay | 0.40 |
| 8/17/2015 | CA-JFK | Email L. Congeni re revisions to release agreement | 0.20 |
| 8/17/2015 | CA-JFK | Email R. Tomeny re scheduling closing | 0.20 |
| 8/18/2015 | CA-JFK | Read email R. Tomeny re no date for closing, telephone conference with R. Tomeny (msg) re same | 0.20 |
| 8/18/2015 | CA-JFK | Email K. Jones re no date for closing | 0.15 |
| 8/18/2015 | CA-JFK | Draft joint response to Rule to Show Cause, revise, edit same | 0.70 |
| 8/18/2015 | CA-JFK | Email K. Jones re same | 0.15 |
| 8/19/2015 | CA-JFK | Telephone conference with R. Tomeny re status of discussions with bank re closing date | 0.20 |
| 8/20/2015 | CA-JFK | Telephone conference with W. Pitts re Trustee needs to sign dismissal of lawsuit by JFK against Rennaissance Properties regarding tax sale followed by transfer of claim by JFK | 0.30 |
| 8/25/2015 | CA-JFK | Prepare for hearing | 0.30 |
| 8/25/2015 | CA-JFK | Appear at show cause hearing | 1.10 |
| 8/25/2015 | CA-JFK | Email to Trustee re results of same | 0.15 |
| 8/26/2015 | CA-JFK | Telephone conference with W. Plaisaince re dismissal of JFK suit against Renaissance | 0.25 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 8/27/2015 | CA-JFK | Telephone conference with W. Pitts re appropriate for JFK's transferee to dismiss case against purchaser | 0.25 |
| 9/2/2015 | CA-JFK | Phone confernce with S. Hodges, law clerk for CDC Judge Brownm re significance of Trustee's abandonment of Archon suit and proper party to represent JFK in Archon exception hearing | 0.50 |
| 9/2/2015 | CA-JFK | Email S. Hodges order of abandonment | 0.15 |
| 9/2/2015 | CA-JFK | Read emails re order to show cause against 840 Tchoupitoulas and email from R. Tomeny finalizing release and scheduling closing | 0.25 |
| 9/2/2015 | CA-JFK | Phone conference with Trustee re closing | 0.25 |
| 9/2/2015 | CA-JFK | Phone conference with K. Jones re review of dismissal pleadings | 0.25 |
| 9/3/2015 | CA-JFK | Email from K. Jones re joint motion to dismiss state court action against 840 Tchoupitoulas et al | 0.20 |
| 9/3/2015 | CA-JFK | Review joint motion to dismiss | 0.25 |
| 9/3/2015 | CA-JFK | Email K. Jones approval to sign on behalf of estate and file | 0.20 |
| 9/9/2015 | CA-JFK | Telephone conference with Judge Brown's law clerk re effect of abandonment and setting of status conference to determine proper party to represent JFK in proceeding | 0.55 |
| 9/10/2015 | CA-JFK | Read and reply to several emails from R. Tomeny about tomorrow as possible settlement closing date | 0.20 |
| 9/10/2015 | CA-JFK | Telephone conference with A. Caillouet re same | 0.30 |
| 9/11/2015 | CA-JFK | Read and reply to email from R. Tomeny re closing details | 0.20 |
| 9/11/2015 | CA-JFK | Telephone conference with Baker Donelson re items needed from Trustee for closing | 0.25 |
| 9/11/2015 | CA-JFK | Telephone conference with A. Caillouet re tax id no. | 0.30 |
| 9/11/2015 | CA-JFK | Attend settlement closing | 1.10 |
| 9/11/2015 | CA-JFK | Email to K. Jones re check and releases | 0.20 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 9/11/2015 | CA-JFK | Telephone conference with E. Turner re signing settlement agreement and retrieving check | 0.25 |
| 9/14/2015 | CA-JFK | Telephone conference with Judge's chambers re ex parte motion to deposit funds in registry of court | 0.25 |
| 9/14/2015 | CA-JFK | Dictate ex parte motion and order to deposit funds in registry of court | 0.35 |
| 9/14/2015 | CA-JFK | Telephone conference with A. Caillouet re delivery of check | 0.25 |
| 9/14/2015 | CA-JFK | Review POC filed by Pinnacle | 0.15 |
| 9/14/2015 | CA-JFK | Read and respond to email from K. Jones re show cause hearing | 0.20 |
| 9/15/2015 | CA-JFK | Revise and edit motion to deposit funds and order | 0.20 |
| 9/16/2015 | CA-JFK | Read email from K. Jones re hearing and release | 0.10 |
| 9/16/2015 | CA-JFK | Review and send email approving release | 0.25 |
| 9/16/2015 | CA-JFK | Email to Trustee re release | 0.20 |
| 9/28/2015 | CA-JFK | Telephone conference with R. Adams' assistant re motion to re-set hearing on Archon exception and effect of Trustee's abandonment | 0.25 |
| 9/30/2015 | CA-JFK | Prepare first and final fee application | 1.50 |
| 10/5/2015 | CA-JFK | Attend status confernce re substantive consolidation of JFK case into Kelly case | 1.10 |
|  |  |  | 104.50 |

**Mark S. Goldstein**

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/11/2015 | CA-JFK | Legal research re R.S. 9:5001 | 0.25 |
| 6/23/2015 | CA-JFK | Review 9019 motion in Kelly case, review 840 Tchoupitoulas plan confirmation order | 1.00 |
| 6/23/2015 | CA-JFK | Telephone conference with Richard Tomeny re 840 Tchoupitoulas closing, payment order requirements | 0.20 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/23/2015 | CA-JFK | Draft joint motion to authorize receipt of payment by JFK Holdings trustee | 2.25 |
| 6/24/2015 | CA-JFK | Revisions to Motion re payment | 0.50 |
| 6/29/2015 | CA-JFK | Email to Richard Tomeny re status, filing of motion to designate payee | 0.10 |
| 7/16/2015 | CA-JFK | Receive and review 840 Tchoupitoulas Ch. 11 financial report (.2 hours, no charge) | 0.00 |
| 7/16/2015 | CA-JFK | Telephone conference with D. Messina (.9 hours, no charge) | 0.00 |
| 7/17/2015 | CA-JFK | Telephone conference with A. Bendana, memo to file (.75 hours, no charge) | 0.00 |
| 7/22/2015 | CA-JFK | Review and revise draft response to objection to motion to designate | 0.75 |
| 7/23/2015 | CA-JFK | Conferences with A. Bendana (.75 hours, no charge) | 0.00 |
| 7/24/2015 | CA-JFK | Revisions to draft order, legal research re constructive disbursements, conference with A. Bendana (1.0 hours, no charge) | 0.00 |
| 7/27/2015 | CA-JFK | Telephone conference with D. Messina, review redline draft orders, emails to/from D. Messina | 0.50 |
| 7/27/2015 | CA-JFK | Telephone conferences with A. Caillouet re status | 0.40 |
| 8/1/2015 | CA-JFK | Review of R. Tomeny's proposed 840 Tchoupitoulas settlement/release agreement | 0.75 |
| 8/1/2015 | CA-JFK | Email to A. Bendana re draft 840 Tchoupitoulas agreement (.25, no charge) | 0.00 |
| 8/2/2015 | CA-JFK | Emails, telephone conference with A. Bendana re draft 840 Tchoupitoulas agreement (1.5 hours, no charge) | 0.00 |
| 8/3/2015 | CA-JFK | Telephone conferences with D. Olivier re draft 840 Tchoupitoulas agreement | 0.25 |
| 8/3/2015 | CA-JFK | Review draft Liskow & Lewis, Turner, JFK Release, emails to/from K. Jones re same | 0.25 |
| 8/3/2015 | CA-JFK | Email to R. Tomeny re draft 840 Tchoupitoulas settlement/release agreement | 0.10 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 8/4/2015 | CA-JFK | Emails to/from R. Tomeny re draft, inquiry re closing date | 0.20 |
| | | | **7.50** |

**Rhonda S. Michel**

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/9/2015 | CA-JFK | ECF filing of Application to Employ A. Bendana, preparation of and ECF filing of Certificate of Service | 0.50 |
| 6/11/2015 | CA-JFK | ECF filing of Notice of Appearance for A. Bendana | 0.20 |
| 6/11/2015 | CA-JFK | ECF filing of Notice of Appearance for A. Bendana in 840 Tchoupitoulas case | 0.20 |
| 6/22/2015 | CA-JFK | Service of Order approving employment of A. Bendana, preparation and ECF filing of Certificate of Service | 0.50 |
| 6/23/2015 | CA-JFK | ECF filing of Motion to Approve Compromise and Notice of Hearing, preparation and ECF filing of Certificate of Service | 1.00 |
| 6/24/2015 | CA-JFK | ECF filing of Motion to Enroll M. Goldstein, preparation and ECF filing of Certificate of Service | 0.50 |
| 6/30/2015 | CA-JFK | Service of Order to enroll M. Goldstein, preparation and ECF filing of Certificate of Service | 0.50 |
| 6/30/2015 | CA-JFK | ECF filing of Notice of Appearance for M. Goldstein | 0.20 |
| 6/30/2015 | CA-JFK | ECF filing of Notice of Appearance for M. Goldstein in 840 Tchoupitoulas case | 0.20 |
| 7/1/2015 | CA-JFK | ECF filing of Motion to Designate and Notice of Hearing in the Kelly case, preparation and ECF filing of Certificate of Service | 0.50 |
| 7/2/2015 | CA-JFK | ECF filing of Motion to Substitute Exhibit A to Motion to Compromise | 0.20 |
| 7/22/2015 | CA-JFK | ECF filing of Response with Certificate of Service | 0.20 |
| 7/22/2015 | CA-JFK | ECF filing of Supplemental Response with Certificate of Service | 0.20 |
| 7/30/2015 | CA-JFK | Service of Order denying Motion to Designate, preparation and ECF filing of Certificate of Service | 0.50 |
| 7/31/2015 | CA-JFK | Service of Amended Order Approving Compromise, preparation and ECF filing of Certificate of Service | 0.50 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 9/16/2015 | CA-JFK | ECF filing of Motion to Deposit Funds | 0.20 |
| 9/16/2015 | CA-JFK | Service of Order granting Motion to Deposit Funds, preparation and ECF filing of Certificate of Service | 0.20 |
| | | | 6.30 |

**Susan E. Verges**

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 6/15/2015 | CA-JFK | Review Liskow & Lewis billing statements re no benefit to property | 1.75 |
| 6/16/2015 | CA-JFK | Review Liskow & Lewis billing statments re not benefit to property, creating spreadsheet of same | 2.20 |
| 6/22/2015 | CA-JFK | Pacer online research, compromise between Kelly and 840 Tchoupitoulas and order | 0.20 |
| 6/23/2015 | CA-JFK | Appear at Court hearing on final decree in 840 Tchoupitoulas case | 0.70 |
| 6/23/2015 | CA-JFK | Email to Trustee re notice | 0.10 |
| 6/30/2015 | CA-JFK | Pacer online research - print and compile JFK Holding POCs and Kelly POCs - compile into claims against JFK Capital versus claims agasint Kelly, and others | 1.20 |
| 7/1/2015 | CA-JFK | Pacer online research, Archon Information Systems and Strategic Alliance Partners, research CDC records, St. Tammany Clerk and Jefferson Parish Clerk, any judgments or law suits | 1.10 |
| 7/8/2015 | CA-JFK | Online pacer research re disclaimer filed for Archon suit | 0.20 |
| 7/13/2015 | CA-JFK | Telephone conference with R. Tomeny re closing in 840 Tchoupitoulas | 0.10 |
| 7/21/2015 | CA-JFK | Review Kelly/JFK claim registers - calculate secured and unsecured without Liskow | 0.30 |
| 8/21/2015 | CA-JFK | Review JFK sale to BGK Louisiana Properties, LLC (Rennaissance Prop. tax sale) - online research | 0.40 |
| 8/24/2015 | CA-JFK | Online research - Secretary of State research - clerk office research - Livingston Parish property | 2.25 |
| 8/27/2015 | CA-JFK | Telephone message to Judge's chambers re Rule to Show Cause | 0.10 |
| 9/2/2015 | CA-JFK | Review amended exception filed in JFK v. Archon | 0.30 |

# Professional Services Rendered by Mark S. Goldstein & Alicia M. Bendana

*Of Counsel to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P.*

| DATE | CLIENT | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 9/11/2015 | CA-JFK | Review closing document, compare to documents Trustee previously signed | 0.50 |
| 9/15/2015 | CA-JFK | Pacer online research - print POCs and register of POCs filed | 0.75 |
| 9/16/2015 | CA-JFK | Telephone conference with Trustee re additional documents and check | 0.20 |

**12.35**

## EXPENSES

| **DATE** | **DESCRIPTION** | **AMOUNT** |
|---|---|---|
| | In-house copying (3,393 @ 25¢/copy) | $ 848.25 |
| | Postage | 372.36 |
| | Courier charges | 80.00 |
| 6/17/15 | CDC (filing fees) | 47.00 |
| 7/21/15 | CDC (filing fees) | 47.00 |
| | | $ 1,394.61 |

| DATE | Bendana | | | Goldstein | | | Michel | | | Verges | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | YELLOW | PINK | BLUE | YELLOW | PINK | BLUE | YELLOW | PINK | BLUE | YELLOW | PINK | BLUE |
| 6/9 | 0.55 | | | | | | | | | | | |
| 6/9 | | 0.70 | | | | | | | | | | |
| 6/9 | | | 2.85 | | | | | | | | | |
| 6/10 | 1.25 | | | | | | | | | | | |
| 6/11 | 0.80 | | | 0.25 | | | | | | | | |
| 6/11 | 0.65 | | | | | | | | | | | |
| 6/11 | 1.40 | | | | | | | | | | | |
| 6/12 | 0.65 | | | | | | | | | | | |
| 6/15 | 0.45 | | | | | | | | | | | |
| 6/15 | 0.60 | | | | | | | | | | | |
| 6/15 | | 1.50 | | | | | | | | | 1.75 | |
| 6/16 | 1.20 | | | | | | | | | | 2.20 | |
| 6/16 | | 0.60 | | | | | | | | | | |
| 6/16 | | 0.25 | | | | | | | | | | |
| 6/16 | | 0.25 | | | | | | | | | | |
| 6/16 | | | 0.65 | | | | | | | | | |
| 6/16 | | 0.30 | 0.30 | | | | | | | | | |
| 6/16 | 3.25 | | | | | | | | | | | |
| 6/17 | | 0.25 | | | | | | | | | | |
| 6/17 | 2.50 | | | | | | | | | | | |
| 6/17 | | | 0.65 | | | | | | | | | |
| 6/17 | 0.40 | | | | | | | | | | | |
| 6/17 | 0.25 | | | | | | | | | | | |
| 6/17 | 0.50 | | | | | | | | | | | |
| 6/17 | 3.10 | | | | | | | | | | | |
| 6/18 | | | 0.20 | | | | | | | | | |
| 6/18 | | 0.30 | | | | | | | | | | |
| 6/19 | 0.75 | | | | | | | | | | | |
| 6/19 | 7.25 | | | | | | | | | | | |
| 6/22 | | | 0.50 | | | | | | | | | |
| 6/23 | | | | 1.00 | | | | | | | | |
| 6/23 | | | | | | 0.20 | | | | | | |
| 6/23 | | | | | | 2.25 | | | | | | |
| 6/24 | | | 0.80 | | | 0.50 | | | | | | |
| 6/25 | | | 0.35 | | | | | | | | | |
| 6/29 | | | 0.25 | | | 0.10 | | | | | | |
| 6/29 | | | 0.20 | | | | | | | | | |
| 7/1 | | 2.60 | | | | | | | | 0.50 | 1.10 | |
| 7/6 | | 0.30 | | | | | | | | | | |
| 7/8 | | 0.40 | | | | | | | | | 0.20 | |
| 7/8 | | 0.30 | | | | | | | | | | |
| 7/9 | | 0.20 | | | | | | | | | | |
| 7/9 | | 0.30 | | | | | | | | | | |
| 7/9 | | 0.25 | | | | | | | | | | |
| 7/13 | | 0.25 | | | | | | | | | | |
| 7/13 | | 0.10 | | | | | | | | | | |
| 7/20 | | 0.45 | | | | | | | | | | |
| 7/20 | 0.25 | | | | | | | | | | | |
| 7/20 | 0.15 | | | | | | | | | | | |
| 7/20 | 0.20 | | | | | | | | | | | |
| 7/20 | | | 0.85 | | | | | | | | | |
| 7/20 | | | 3.10 | | | | | | | | | |
| 7/21 | | | 2.10 | | | | | | | | | |
| 7/21 | | | 3.85 | | | | | | | | | |
| 7/22 | | | 0.50 | | | 0.75 | | | | | | |
| 7/23 | | | 1.50 | | | | | | | | | |
| 7/23 | | | 0.50 | | | | | | | | | |
| 7/23 | | | 0.20 | | | | | | | | | |
| 7/23 | | | 0.20 | | | | | | | | | |
| 7/23 | | | 0.20 | | | | | | | | | |
| 7/23 | | | 0.30 | | | | | | | | | |
| 7/23 | | | 0.25 | | | | | | | | | |
| 7/23 | | | 0.30 | | | | | | | | | |
| 7/23 | | | 0.30 | | | | | | | | | |
| 7/23 | | | 0.25 | | | | | | | | | |
| 7/23 | | | 0.25 | | | | | | | | | |
| 7/24 | | | 0.60 | | | | | | | | | |
| 7/24 | | | 0.20 | | | | | | | | | |
| 7/24 | | | 0.45 | | | | | | | | | |

Exhibit B

| DATE | Bendana | | | Goldstein | | | Michel | | | Verges | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | YELLOW | PINK | BLUE | YELLOW | PINK | BLUE | YELLOW | PINK | BLUE | YELLOW | PINK | BLUE | | |
| 7/24 | | | 0.20 | | | | | | | | | | | |
| 7/30 | | | | | | | | | 0.50 | | | | | |
| 8/26 | | 0.25 | | | | | | | | | | | | |
| 9/2 | | 0.50 | | | | | | | | | 0.30 | | | |
| 9/9 | | 0.55 | | | | | | | | | | | | |
| 9/28 | | 0.25 | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| Total Time | 26.45 | 13.40 | 20.00 | 1.25 | 0.00 | 3.80 | 0.00 | 0.00 | 1.00 | 3.95 | 1.60 | 0.00 | | |
| Hourly Rate | 300.00 | 300.00 | 300.00 | 350.00 | 350.00 | 350.00 | 85.00 | 85.00 | 85.00 | 85.00 | 85.00 | 85.00 | | |
| | | | | | | | | | | | | | | |
| SUBTOTAL | 7,935.00 | 4,020.00 | 6,000.00 | 437.50 | 0.00 | 1,330.00 | 0.00 | 0.00 | 85.00 | 335.75 | 136.00 | 0.00 | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| YELLOW | 7,935.00 | | | 437.50 | | | 0.00 | | | 335.75 | | Total Yellow | | 8,708.25 |
| PINK | 4,020.00 | | | 0.00 | | | 0.00 | | | 136.00 | | Total Pink | | 4,156.00 |
| BLUE | 6,000.00 | | | 1,330.00 | | | 85.00 | | | 0.00 | | Total Blue | | 7,415.00 |
| | | | | | | | | | | | | | | |
| Total YPB | 17,955.00 | | | 1,767.50 | | | 85.00 | | | 471.75 | | | | |
| | | | | | | | | | | | | | | |
| Add'l Misc. | | | | | | | | | | | | | | |
| Time (Green) | 11.70 | | | | | | | | | | | | | |
| Hourly Rate | 300.00 | | | | | | | | | | | | | |
| | 3,510.00 | | | | | | | | | | | Total Green | | 3,510.00 |
| | | | | | | | | | | | | | | |
| Total YPB | 17,955.00 | | | | | | | | | | | REDUCTION | | 23,789.25 |
| Total Green | 3,510.00 | | | 0.00 | | | 0.00 | | | 0.00 | | | | |
| | | | | | | | | | | | | | | |
| Total/person | 21,465.00 | | | 1,767.50 | | | 85.00 | | | 471.75 | | | | |

| | | |
|---|---|---|
| Bendana | 21,465.00 | |
| Goldstein | 1,767.50 | |
| Michel | 85.00 | |
| Verges | 471.75 | |
| REDUCTION | 23,789.25 | |
| | | |
| Fee Request | 35,560.25 | |
| less Reduction | -23,789.25 | |
| | | |
| Adjusted Amount | 11,771.00 | |

# Fernand L. Laudumiey

| | |
|---|---|
| **From:** | Wesley M. Plaisance <Wesley.Plaisance@bswllp.com> |
| **Sent:** | Wednesday, April 01, 2015 12:54 PM |
| **To:** | Fernand L. Laudumiey |
| **Subject:** | RE: Archon/JFK - Motion to Re-Set Hearing on Exceptions |

Yes, that is correct.    No thanks; we would need an hourly arrangement.

Wesley M. Plaisance
Partner
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras St., Suite 1500
New Orleans, Louisiana  70112-4004
(504) 584-5471 - direct dial
(504) 584-5452 – facsimile
(504) 920-5550 – mobile

wmp@bswllp.com

www.bswllp.com

---

**From:** Fernand L. Laudumiey [mailto:FLaudumiey@gordonarata.com]
**Sent:** Wednesday, April 01, 2015 12:21 PM
**To:** Wesley M. Plaisance
**Subject:** RE: Archon/JFK - Motion to Re-Set Hearing on Exceptions

Wesley,

I just wanted to confirm our conversation wherein you advised that you would not be interested in taking on this matter with a 50% contingency fee.  Also, is there any contingency fee percentage under which you would agree to get re-enrolled?

Please let me know.

Ferdie

Fernand L. Laudumiey, IV
Gordon, Arata, McCollam, Duplantis & Eagan, LLC
201 St. Charles Ave., Suite 4000
New Orleans, LA. 70170
Phone: (504) 582-1111
Direct Dial: (504) 569-1660
flaudumiey@gordonarata.com

Confidentiality Statement
The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, di████ communication is strictly prohibited.  If you have received this message in error, please notify us by telephone

**Exhibit C**

the original message to us at Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., 201 St. Charles Aveune, Suite 4000, New Orleans, Louisiana 70170 via the U.S. Postal Service.

**From:** Wesley M. Plaisance [mailto:Wesley.Plaisance@bswllp.com]
**Sent:** Friday, March 06, 2015 3:32 PM
**To:** Fernand L. Laudumiey
**Subject:** RE: Archon/JFK - Motion to Re-Set Hearing on Exceptions

Ferdie, thanks for the opportunity to take this matter on a 40% contingency.   However, I will only be able to continue representation on an hourly basis at $250 per hour.

Please let me know if the estate is agreeable to this hourly arrangement.   If not, we can substitute counsel of your choice.

The hearing on the exceptions is April 10.


Wesley M. Plaisance
Partner
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras St., Suite 1500
New Orleans, Louisiana  70112-4004
(504) 584-5471 - direct dial
(504) 584-5452 – facsimile
(504) 920-5550 – mobile

wmp@bswllp.com

www.bswllp.com

---

**From:** Fernand L. Laudumiey [mailto:FLaudumiey@gordonarata.com]
**Sent:** Thursday, February 26, 2015 1:23 PM
**To:** Wesley M. Plaisance
**Subject:** RE: Archon/JFK - Motion to Re-Set Hearing on Exceptions

Wesley,

Just left you a message.  Please give me a call when you have a minute.

Fernand L. Laudumiey, IV
Gordon, Arata, McCollam, Duplantis & Eagan, LLC
201 St. Charles Ave., Suite 4000
New Orleans, LA. 70170
Phone: (504) 582-1111
Direct Dial: (504) 569-1660
flaudumiey@gordonarata.com

Confidentiality Statement
The information contained in this electronic message is attorney privileged and confidential information intended only for the use of the owner of the email address listed as recipient of this message.  If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this message in error, please notify us by telephone at (504) 582-1111 and return the original message to us at Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., 201 St. Charles Aveune, Suite 4000, New Orleans, Louisiana 70170 via the U.S. Postal Service.