## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                      **SECTION A**

        **DEBTOR**                                    **CHAPTER 11**

### APPLICATION BY THE DEBTOR FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS, LLP

**NOW INTO COURT**, through undersigned counsel, comes First NBC Bank Holding Company ("Debtor"), as debtor and debtor-in-possession, which moves this Court for entry of an order authorizing the retention of the firm of PricewaterhouseCoopers, LLP ("PwC"), as certified public accountants pursuant to Section 327(a) of chapter 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In support of this Application, the Debtor respectfully states as follows:

### Jurisdiction

1.

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157(b). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.

On May 11, 2017 ("Petition Date"), the Debtor filed for relief under chapter 11 of title 11 of the Bankruptcy Code.  An official committee of creditors has been appointed in this case; and, the Debtor continues to manage its property in the ordinary course as debtor-in-possession,

pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.

PwC is a highly respected and experienced professional services firm which is well recognized in the auditing and accounting field. It is a leading full-service accounting, consulting, and financial services firm with over 75 offices and more than 30,000 employees in the United States. The Debtor believes that PwC possesses extensive auditing, accounting, and consulting expertise that will be useful in serving as certified public accountants and that PwC is well-qualified to advise the Debtor. PwC has extensive experience in delivering certified public accounting services in chapter 11 cases, including, among others, Adelphia Communications Corporation, Anchor Glass Container Corporation, AOG Entertainment. Inc., Blockbuster, Inc., Breitburn Energy Partners, LP, Calpine Corporation, Century/ML Cable Venture, Crown Pacific Partners, Delphi Corporation, Eagle Bulk Shipping, Inc., Eastman Kodak Company, General Growth Properties, Inc., The Great Atlantic & Pacific Tea Co., Hawker Beechcraft, Inc., KB Toys, LodgeNet Interactive Corporation, Lyondell Chemical Company, MPM Silicones LLC, RDA Holding Co., Sbarro, LLC, SIGA Technologies, Inc., Sound Shore Medical Center of Westchester, TouchAmerica, and many others. The Debtor has selected PwC as certified public accountants because of the firm's extensive knowledge and experience in providing tax advisory services in restructurings and reorganizations. The Debtor understands that PwC enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

4.

PwC or its affiliates have provided prepetition services to the Debtor in connection with the Analysis (defined below). By virtue of this prior engagement, PwC is familiar with the books,

records, financial information, and/or other data maintained by the Debtor and is qualified to continue to perform the accounting and tax advisory services described herein.

## **Relief Requested**

5.

Pursuant to § 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Bankruptcy Rules, the Debtor seeks an order from this Court authorizing it to retain and employ PwC as certified public accountants in this chapter 11 case. In making this application (the "Application"), the Debtor relies upon, and incorporates by reference, the Declaration of Brian Hydrick (the "Hydrick Declaration"), a copy of which is attached hereto as **Exhibit "A"**.

## **Basis for Relief**

6.

Section 327(a) of the Bankruptcy Code authorizes a debtor-in-possession to employ one or more professional persons to represent the debtor on specified special matters so long as those professional persons are disinterested and do not hold or represent an interest adverse to the estate with respect to the matters on which they are to be retained. See 11 U.S.C. §§ 327(a), 1106 and 1107. Upon approval of this Application, PwC will serve as certified public accountants to conduct an analysis of the stock ownership history of the Debtor in order to determine whether an "ownership change" as defined in IRS Section 382 has occurred as a result of certain equity transactions, and if so, to determine the impact on the Debtor's ability to utilize its NOLs (the "Analysis"). A copy of the proposed engagement letter is attached as **Exhibit "B"**.

7.

Prior to the Petition Date, the Debtor retained PwC to conduct the Analysis described above; however, the commencement of this chapter 11 proceeding precluded PwC from

completing its study.   PwC has the necessary background and experience to deal effectively with the required Analysis.  Furthermore, as PwC began the Analysis prior to the Petition Date, the Debtor believes that PwC is uniquely qualified to perform the aforementioned services for the Debtor in a most efficient and timely manner based upon not only the progress made thus far, but PwC's qualifications and experience in performing similar analyses for other parties.  Employing PwC will preserve the Debtor's estate resources by avoiding expenses, which would necessarily be incurred in the process of educating other professionals on the specific issues relevant to the Analysis required by the Debtor.

### Services to be Provided

8.

The Debtor seeks to retain and employ PwC as certified public accountants in this chapter 11 proceeding subject to the oversight and orders of this Court.  The Debtor requires professional assistance in order to determine its ability to utilize its NOLs and provide guidance in the development of a chapter 11 plan.

9.

PwC will file an application for approval of its fees and expenses during this chapter 11 proceeding.

### Disinterestedness

10.

In connection with the Debtor's retention of PwC, PwC has agreed to waive the outstanding balance due by the Debtor to PwC for pre-Petition Date services.

11.

To the best of the Debtor's knowledge, information and belief, other than as set forth in the

Hydrick Declaration, PwC has no connection with the respective attorneys or other professionals of any party in interest, or any employee of the Office of the United States Trustee.  To the best of the Debtor's knowledge, information and belief, PwC represents or holds no interest adverse to the Debtor's estate with respect to the matters upon which it will be engaged.  The Debtor's knowledge, information and belief regarding the matters set forth herein are based, and made in reliance upon, the Hydrick Declaration.

### Terms of Employment

12.

PwC has agreed to perform the Analysis for the Debtor as described above.  Subject to court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court, the Debtor has agreed to pay PwC a fixed fee of $95,000 for the Analysis.   Should the Debtor request PwC to perform additional services ("Additional Services") outside the scope of the Analysis, the Debtor and PwC shall mutually agree upon such services and fees for those services in writing, in advance.  In the event Additional Services are required, performance of such services will be subject to the Court's review and approval upon application by the Debtor.  Additional Services of PwC are billed at the hourly rates set forth below.

| Staff Level | Core Team | Specialists |
| --- | --- | --- |
| Partner / Managing Director | $615 | $650 |
| Director | $445 | $475 |
| Manager | $390 | $425 |
| Senior Associate | $260 | $280 |
| Associate | $175 | N/A |
| Administrative | $100 | N/A |

13.

This compensation arrangement is consistent with arrangements entered into by PwC for similar services provided for clients such as the Debtor for similar representations of this type and complexity.

14.

It is the policy of PwC to charge its clients in all areas of service for all expenses incurred in connection with the client's account. Pursuant to the proposal, professional fees and out-of-pocket expenses will be billed directly to the Debtor.

15.

Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, PwC intends to (a) be compensated for the Analysis pursuant to the fixed fee provided in its engagement letter, (b) seek reimbursement of actual and necessary out of pocket expenses, and (c) apply to the Court for payment of compensation and reimbursement of expenses.

PwC maintains records in support of any actual, necessary costs and expenses incurred in connection with rendering the services described herein. However, because: (a) it is not the general practice of firms like PwC to keep detailed time records similar to those customarily kept by attorneys; and, (b) PwC does not ordinarily keep time records on a "project category" basis, the Debtor respectfully requests that PwC's professionals only be required to maintain records of the services rendered for the Debtor, that include reasonably detailed summary descriptions of those services, the approximate time expended in providing those services (in half-hour increments), and the identity of the professionals who provided those services. PwC will present such records to the Court in its fee application(s). To the extent that PwC would otherwise be required to submit more detailed time records for its professionals under the Bankruptcy Code, the Bankruptcy Rules,

the Local Bankruptcy Rules, or other applicable procedures and orders of the Court, the Debtor respectfully requests that the Court waive such requirements.

The Debtor submits that, given the nature of the Analysis services to be provided by PwC and the fixed fee compensation agreed to by the parties, such billing format and associated time details will be sufficient for the Debtor and other parties in interest to make informed judgments regarding the nature and appropriateness of PwC's fees and expenses.

16.

PwC will comply with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court with respect to fee and expense reimbursement applications of professionals employed by a bankruptcy estate.

**No Prior Request**

17.

No prior request for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE,** the Debtor prays that it be authorized to employ the firm of PricewaterhouseCoopers, LLP, to act as certified public accountants for the Debtor for the purposes set forth herein; and, for such other and further relief as this Court may deem necessary.

Baton Rouge, Louisiana, this 29th day of August, 2017.

Respectfully submitted by:

/s/ Barbara B. Parsons
WILLIAM E. STEFFES (#12426)
BARBARA B. PARSONS (#28714)
**STEFFES, VINGIELLO & McKENZIE, L.L.C**.
13702 Coursey Boulevard, Bldg. 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Fax: (225) 751-1998
Email: bparsons@steffeslaw.com

*Counsel for First NBC Bank Holding Company*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                **CASE NO. 17-11213**

                                                                          **SECTION A**

      **DEBTOR**                                             **CHAPTER 11**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing *Application for Entry of an Order Authorizing the Employment and Retention of PricewaterhouseCoopers, LLP* has been served upon all creditors and interested parties, as shown on the attached mailing list, by depositing same in the U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 29th day of August, 2017.

/s/ Ashley D. Kujawa
Ashley D. Kujawa