UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FIRST NBC BANK HOLDING COMPANY, ) | |
| ) | Case No. 17-11213 |
| ) | |
| Debtor. ) | |
| ) | |

**MARSHA CROWLE'S AND MARY BETH VERDIGETS' JOINDER IN
MOTION AND INCORPORATED MEMORANDUM OF LAW FOR:
(1) DECLARATORY RELIEF THAT THE PROCEEDS OF THE DIRECTORS AND
OFFICERS LIABILITY INSURANCE POLICIES ARE NOT AN "ASSET OF THE
ESTATE," OR (2) ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY
TO PERMIT THE PAYMENT OR ADVANCEMENT OF DEFENSE COSTS AND
OTHER LOSS FROM THE PROCEEDS OF THE DIRECTORS AND OFFICERS
LIABILITY INSURANCE POLICIES FILED BY CERTAIN FORMER DIRECTORS**

Marsha Crowle and Mary Beth Verdigets[1] ("Movants"), former officers of First NBC Bank Holding Company ("Debtor") and its wholly-owned subsidiary, First NBC Bank (the "Bank"), hereby join (the "Joinder") in the *Motion and Incorporated Memorandum of Law for: (1) Declaratory Relief that the Proceeds of the Directors and Officers Liability Insurance Policies Are Not an "Asset of the Estate," or (2) Alternatively, for Relief from the Automatic Stay to Permit the Payment and/or Advancement of Defense Costs and Other Loss from the Proceeds of the Directors and Officers Liability Insurance Policies Filed by Former Directors William D. Aaron, Jr., Dale Atkins, John C. Calhoun, Jimmy Fitzmorris, Leander J. Foley, III, John F. French, Leon*

---

[1] Ms. Verdigets previously moved the Court for relief from the automatic stay and incorporated the motion for relief from the automatic stay filed by Ashton Ryan. *See Mary Beth Verdigets' Motion for Relief from the Automatic Stay, if Applicable, to Permit the Payment and/or Advance of Defense Costs and Other Loss from the Proceeds of Directors and Officers Liability Insurance Policies* (D.E. 70). The Court has continued final adjudication of the prior motion to December 12, 2017, at 2:00 p.m. As explained below, this Joinder supplements Ms. Verdigets' prior motion and expands the scope of relief requested.

- 1 -

*Giorgio, Jr., Grish Roy Pandit, Shivan Govidan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Hermann Moyse, III, Dr. Charles Teamer, Sr., and Joseph Toomy* (D.E. 178) (the "Motion"). In support of their Joinder in the Motion, Movants state as follows:

## I. JURISDICTION

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 541, and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 4001(a) and 9014.

## II. FACTUAL AND PROCEDURAL BACKGROUND

2. On May 11, 2017 (the "Petition Date"), the Debtor commenced this case by filing with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108, and an Official Committee of Unsecured Creditors (the "Committee") has been appointed.

3. The Debtor is a bank holding company whose primary asset before the filing of this case was its 100% ownership interest in the Bank. On April 28, 2017, the Louisiana Office of Financial Institutions closed the Bank, and the Federal Deposit Insurance Corporation was subsequently named Receiver for the Bank (the "FDIC-R").

4. Ms. Crowle was a Senior Executive Vice President and Chief Compliance Officer for Debtor and the Bank. Ms. Verdigets was an Executive Vice President and the former Chief Financial Officer for Debtor and the Bank.

5. Similar to a number of the directors identified in the Motion, Ms. Verdigets has been defending certain claims made against her in the case pending before the United States Fifth Circuit Court of Appeals styled *Kinzler v. First NBC Bank Holding Co.*, Case No. 17-30443 (5th Cir.), which originated in the United States District Court for the Eastern District of Louisiana, Civil Action No. 2:16-cv-4243 (E.D. La.). Ms. Verdigets was named as a co-defendant in that case, which involved Section 10(b)/Rule 10b-5 and Section 20(a) securities fraud claims arising out of the Bank's restated financial statements. All defendants were successful in dismissing that case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, after which the plaintiffs filed an appeal.

6. Ms. Verdigets is also currently a defendant in litigation styled *Smith v. Ryan*, Civil Action No. 2:16-cv-17001, pending in the U.S. District Court for the Eastern District of Louisiana. The *Smith* case is a shareholder derivative action that is currently stayed pending the outcome of *Kinzler v. First NBC Bank Holding Co*. Ms. Crowle was not named as a defendant in these actions.

7. Previously, the Court entered an Order as to the Financial Institutions Select Insurance Policy (DOP 9311203-03) (the "June 2014-June 2015 Policy") issued by Zurich American Insurance Company ("Zurich"), granting directors and officers relief from the automatic stay so they can be paid or advanced defense costs and other losses. *See* Order at D.E. 158.

8. In addition to Ms. Verdigets being named as a defendant in the actions identified above, which have caused her to incur substantial legal fees and related costs for which stay relief is appropriate, *see* D.E. 70, Movants were are also recipients of the FDIC demand for civil monetary damages allegedly incurred because of alleged wrongful acts as discussed in the Motion. *See* Motion ¶ 22. Moreover, the United States Securities and Exchange Commission ("SEC") is

presently conducting an investigation, in which the SEC is seeking testimony from former officers of Debtor.

9. Although Movants believe that the allegations and demands against them are without any merit, Movants remain exposed to costs of defense in the investigation, as well as potential litigations, which present the remote potential of a judgment against them. The SEC investigation and the FDIC demand are creating defense costs and expense, which are covered by the 2015 and 2016 policies identified in the Motion. *See* Motion ¶¶ 7, 11, 12, 16.

### III. JOINDER IN MOTION

10. Movants fully join in the Motion and also submit that the proceeds of the policies are not property of Debtor's estate under section 541 of the Bankruptcy Code. To the extent the Court finds that such proceeds are property of the estate, Movants request that this Court grant relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code. *See In re Beach First National Bancshares, Inc.*, 451 B.R. 406, 411 (Bankr. D. S.C. 2011) (finding cause to lift automatic stay to allow corporate chapter 7 debtor's officers and directors to access policy proceeds even though debtor was covered by same policy. . . . "D&O policies are obtained for the protection of individual directors and officers . . . in essence and at its core, a D&O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection. . . . Movants cannot now be prevented from using the Policy for its intended purpose simply because Debtor wishes to save the policy limit for any potential claim of its own."); *In re Laminate Kingdom, LLC*, No. 07-10279-BKC-AJC, 2008 WL 1766637, at *4 (Bankr. S.D. Fla. Mar. 13, 2008) ("[N]umerous courts have granted relief from the automatic stay to permit the advancement of

defense costs to a debtor's directors and officers—even though the insurance policies also provided direct coverage to debtor.").

11. Under the facts and circumstances here, modification of automatic stay, to the extent applicable, is necessary to prevent substantial harm to the Movants if they cannot benefit from their priority rights to defense expenses. *In re CyberMedica, Inc.*, 280 B.R. 12, 18 (Bankr. D. Mass. 2002); *see also Executive Risk Indem., Inc. v. Boston Reg'l Med Ctr., Inc. (In re Boston Reg'l Med. Ctr., Inc.),* 285 B.R. 87, 96 (Bankr. D. Mass. 2002) ("If the costs of defense are not disbursed in time to provide the defense, a significant part of their value and of their function will have been lost."); *In re Allied Digital Tech. Corp.,* 306 B.R. 505, 514 (Bankr. D. Del. 2004) (holding that although D&O policy proceeds were technically property of bankruptcy estate, cause existed under Section 362(d) of the Bankruptcy Code to lift stay to allow payment of co-insured directors' defense costs because, "[w]ithout funding, the [directors] will be prevented from conducting a meaningful defense to the Trustee's claims and may suffer substantial and irreparable harm. The directors and officers bargained for this coverage."); *In re First Cent. Fin. Corp.,* 238 B.R. 9, 15 (Bankr. E.D.N.Y. 1999) (D&O policies are obtained for the protection of individual directors and officers).

WHEREFORE, for the reasons stated herein and in the Motion, the Movants respectfully requests that this Court enter an order (x) confirming that the proceeds of the 2016 and 2017 policies are not property of Debtor's estate under section 541 of the Bankruptcy Code or (y) granting Movants relief from the automatic stay for cause under section 362(d)(1) of the Bankruptcy Code, as well as such other or additional relief as is just and equitable.

Dated this 13th day of October, 2017.

        By:    */s/ Jonathan T. Edwards*
            Mary C. Gill *(pro have vice pending)*
            Georgia Bar Number 294776
            Jonathan T. Edwards *(pro have vice pending)*
            Georgia Bar Number 134100
            Alston & Bird LLP
            One Atlantic Center
            1201 West Peachtree Street, Suite 4900
            Atlanta, GA  30309-3424
            Telephone:  404-881-7000
            mary.gill@alston.com
            jonathan.edwards@alston.com

            *Attorneys for Marsha Crowle & Mary Beth Verdigets*

## **CERTIFICATE OF SERVICE**

I hereby certify, that on October 13, 2017 a true and copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case and by first class mail upon the parties on the attached service list who do not receive notice through the CM/ECF system.

                                                  */s/ Jonathan T. Edwards*
                                                  Jonathan T. Edwards

## SERVICE LIST

| | |
|---|---|
| William D. Aaron, Jr.<br>10 Natchez Trace Drive<br>Harvey, LA 70058 | Jane Armstrong<br>Phelps Dunbar<br>365 Canal Street, Suite 2000<br>New Orleans, LA 70130-6534 |
| Brian M. Hydrick<br>PricewaterhouseCoopers, LLP<br>214 N. Tryon Street<br>Suite 4200<br>Charlotte, NC 28202 | Susan Sherrill-Beard<br>US Securities and Exchange Comm.<br>950 East Paces Ferry Rd, NE<br>Suite 900<br>Atlanta, GA 30326 |
| William E. Steffes<br>Steffes, Vingiello, & McKenzie, LLC<br>13702 Coursey Blvd.<br>Bldg. 3<br>Baton Rouge, LA 70817 | Steffes, Vingiello & McKenzie, LLC<br>13702 Coursey Boulevard<br>Building 3<br>Baton Rouge, LA 70817 |