**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-11213 (EWM) |
| | ) | |
| **FIRST NBC BANK HOLDING COMPANY,** | ) | Section "A" |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019(a)**

Considering the motion (the "Motion")[1] of First NBC Bank Holding Company (the "Debtor"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of the Settlement Agreement resolving the (i) *Order Granting Motion of Federal Deposit Insurance Corporation as Receiver for First NBC Bank for Reconsideration (ECF #106), and Modifying in Part, Vacating in Part the Order (ECF #98) Granting Debtor's* Ex Parte *Motion for Turnover (ECF #91)* (ECF #153); (ii) *Objection by the Federal Deposit Insurance Corporation as Receiver for First NBC Bank to Debtor's Motion for Turnover of Property of the Estate* (ECF #225) (the "Zurich Turnover Objection"); (iii) *Motion of Federal Deposit Insurance Corporation as Receiver for First NBC Bank for Relief from Stay under 11 U.S.C. § 362(d)(1)* (ECF #226) (the "Stay Relief Motion"); (iv) *Proof of Claim Number 82* (the "FDIC-R Claim"); and, (v) all other matters currently open as between the FDIC-R and the Debtor; and it appearing that the Federal Deposit Insurance Corporation, solely in its capacity as receiver ("FDIC-R") for First NBC Bank (the "Bank"), has granted its consent; and it appearing that this

---

[1] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED that, pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement, attached hereto as **Exhibit A**, is approved;

IT IS FURTHER ORDERED that Regions Bank is authorized and directed to (1) wire from the Escrow Account, account number xxxx6221, (a) 75% of the Trust Funds ($445,263.63) to the Debtor's bank account, and (b) 25% of the Trust Funds ($148,421.21) to the FDIC-R's bank account, (c) with a corresponding split of the interest accrued since entry of the Reconsideration Order (if any), within five (5) business days of entry of this Order, and (2) close the Escrow Account;

IT IS FURTHER ORDERED that Zurich American Insurance Company is authorized to wire $1.5 million from the Zurich Policy, DOP 9311203-04, to the Debtor's bank account within five (5) business days of entry of this Order; and, Zurich is hereby granted relief from the automatic stay to accomplish such payment;

105756002\V-2

IT IS FURTHER ORDERED that the Tax Refunds belong to the FDIC-R;

IT IS FURTHER ORDERED that neither the Debtor, any representative of its estate nor successor to its claims or causes of action shall assert any claim to the Tax Refunds;

IT IS FURTHER ORDERED that the Debtor is hereby authorized and directed to take any and all necessary steps to effectuate the Parties' agreement with respect to the Tax Refunds, including providing assistance with any necessary filings, making any necessary communications with taxing authorities, wiring any Tax Refunds received by the Debtor to the FDIC-R, and cooperating with the FDIC-R in any dispute arising in the Bankruptcy Case with respect to the Tax Refunds;

IT IS FURTHER ORDERED that the Reconsideration Order, Zurich Turnover Motion, Zurich Turnover Objection and Stay Relief Motion are hereby deemed resolved and require no further action of this Court; <u>provided</u>, <u>however</u>, that this Court retains jurisdiction over any dispute that arises in connection with such matters;

IT IS FURTHER ORDERED that, in accordance with the Settlement Agreement, the FDIC-R Claim shall be allowed to the full extent of the Tax Benefit Reimbursement Claim and any interest the Tax Benefit Reimbursement Claim is entitled to collect as an Allowed General Unsecured Claim in the principal amount of $3.45 million;

IT IS FURTHER ORDERED that the Trust Fund Claim, the Tax Refund Claim, the Corporate Claim and the remainder of the Catch-all Claim (other than for interest) are deemed resolved by the Settlement Agreement;

IT IS FURTHER ORDERED that the Debtor is authorized to take any actions as are necessary or appropriate to implement and effectuate the terms of this Order;

IT IS FURTHER ORDERED that all other rights not specifically defined by the Settlement Agreement and this Order are reserved;

IT IS FURTHER ORDERED that, notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective immediately and enforceable upon its entry;

IT IS FURTHER ORDERED that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order; and,

IT IS FURTHER ORDERED that counsel shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, , 2017.