**Exhibit A-1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                              **SECTION A**

        **DEBTOR**                                                    **CHAPTER 11**

**NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER**

        PLEASE TAKE NOTICE that [Name of Shareholder] is/has become a Substantial Shareholder with respect to the Stock (as defined herein and in the Order) of the Debtor, pending in the United States Bankruptcy Court for the Eastern District of Louisiana.

        PLEASE TAKE FURTHER NOTICE that, as of [Date], [Name of Shareholder] beneficially owns [_____] shares of the Stock. The following table sets forth the date(s) on which [Name of Shareholder] acquired or otherwise became the beneficial owner of such Stock:

                        Number Of Shares                    Date Acquired

(Attach additional page if necessary)

        PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of [Name of Shareholder] are [_____].

        PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, [Name of Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

        PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's' Estate* (Docket No. 12), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Louisiana and (b) served upon counsel to the Debtor, William E. Steffes, The Steffes Firm, LLC, 13702 Coursey Boulevard, Building 3, Baton Rouge, LA 70817.

Dated: _____

Respectfully Submitted,

By: _____

Name: _____

Title: _____

Address: _____
_____
_____

Telephone: _____

Facsimile: _____

**Exhibit A-2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                                    **SECTION A**

        **DEBTOR**                                                      **CHAPTER 11**

**NOTICE OF INTENT TO PURCHASE, ACQUIRE,**
**OR OTHERWISE ACCUMULATE AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Stock (as defined herein and in the Order) of the Debtor or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], [Name of Prospective Acquirer] filed a Notice of Status as a Substantial Shareholder with the United States Bankruptcy Court for the Eastern District of Louisiana (the "Court") and served copies thereof on Debtor's counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Acquirer] currently beneficially owns [_____] shares of Stock.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Acquirer] proposes to purchase, acquire, or otherwise accumulate [_____] shares of Stock or an Option with respect to [_____] shares of Stock. If the Proposed Transfer is permitted to occur, [Name of Prospective Acquirer] will beneficially own [_____] shares of Stock after the transfer (including any Options with respect to any Common Stock).

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of [Name of Prospective Acquirer] are [_____].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, [Name of Prospective Acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]), this Notice is being (a) filed with the Office of the United

States Trustee for the Eastern District of Louisiana, and (b) served upon counsel to the Debtor, William E. Steffes, The Steffes Firm, LLC, 13702 Coursey Boulevard, Building 3, Baton Rouge, LA 70817.

PLEASE TAKE FURTHER NOTICE that the Debtor has thirty (30) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtor files an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtor does not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional shares of Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:
_____
Name:
_____
Title:
_____
Address:
_____
_____
_____
Telephone:
_____
Facsimile:
_____
Date:
_____

**Exhibit A-3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                              **SECTION A**

        **DEBTOR**                                                   **CHAPTER 11**

**NOTICE OF INTENT TO SELL, TRADE OR**
**OTHERWISE TRANSFER AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT [Name of Prospective Seller] hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Stock (as defined herein and in the Order) of the Debtor or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], [Name of Prospective Seller] filed a Notice of Status as a Substantial Shareholder with the United States Bankruptcy Court for the Eastern District of Louisiana (the "Court") and served copies thereof on Debtor's counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Seller] currently beneficially owns [_____] shares of the Stock (including any Options with respect to any Stock).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade, or otherwise transfer [_____] shares of Stock or an Option with respect to [_____] shares of Stock. If the Proposed Transfer is permitted to occur, [Name of Prospective Seller] will beneficially own [_____] shares of Stock after the transfer.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of [Name of Prospective Seller] are [_____].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Notice, Hearing, and Sell Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]), this Notice is being (a) filed with the Office of the United

States Trustee for the District of the Eastern District of Louisiana and (b) served upon counsel to the Debtor, William E. Steffes, The Steffes Firm, LLC, 13702 Coursey Boulevard, Building 3, Baton Rouge, LA 70817.

PLEASE TAKE FURTHER NOTICE that the Debtor has fifteen (15) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtor files an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtor does not object within such 15-day period or if the Debtor provides written notice of no objection prior to the expiration of the 15-day period, then the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring shares of Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:

_____
Name:

_____
Title:

_____
Address:

_____

_____

_____
Telephone:

_____
Facsimile:

_____
E-mail:

_____
Date:

_____

**Exhibit B-1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                                   **SECTION A**

         **DEBTOR**                                                       **CHAPTER 11**

---

**NOTICE OF (A) FILING OF DISCLOSURE STATEMENT WITH RESPECT TO 382(L)(5) PLAN OF REORGANIZATION, (B) THRESHOLD AMOUNT, (C) DISCLOSURE STATEMENT NOTICE RECORD DATE AND (D) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1. Entry of Order**. On May 11, 2017, the United States Bankruptcy Court for the Eastern District of Louisiana entered the *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2. Notice of Filing of Disclosure Statement with Respect to 382(l)(5) Plan of Reorganization**. On _____, 2017, the Debtor filed a disclosure statement (Docket No. [_____]) with respect to the [caption of plan] (Docket No. [_____]) (the "Plan"). The Plan is a 382(l)(5) Plan, as defined in the Trading Order and has been filed with the Court.

**3. Threshold Amount**. The Debtor's most current estimate of the Threshold Amount of Claims is [_____].

**4. Disclosure Statement Notice Record Date**. The Disclosure Statement Notice Record Date is 5:00 p.m., Central Time, on [insert date that is ten business days prior to the date set for the hearing on the Disclosure Statement].

**5. Obligation of Beneficial Claimholders**. Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Disclosure Statement Notice Record Date must, in order to comply with the Trading Order, e-mail and fax to counsel of the Debtor a report in the form attached hereto as Annex 1 (the "Initial Holdings Report") identifying (a) the nature and amount of Claims held by such Beneficial Holder as of the Disclosure Statement Notice Record Date and (b) the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.

**6. Deadline for Serving Initial Holdings Report**. The Initial Holdings Report shall be served in accordance with the preceding sentence to the e-mail address and fax number identified on the

attached Annex 1 no later than 5:00 p.m., Central Time, on [date that is three business days prior to the first date set by the Court for the hearing to consider the Disclosure Statement].


Dated: _____          By: /s/ William E. Steffes_____
                                     WILLIAM E. STEFFES (#12426)
                                     BARBARA B. PARSONS (#28714)
                                     The Steffes Firm, LLC
                                     13702 Coursey Blvd., Building 3
                                     Baton Rouge, Louisiana  70817
                                     Telephone:  (225) 751-1751
                                     Facsimile:  (225) 751-1998
                                     E-mail:  bsteffes@steffeslaw.com

                                     *Attorneys for Debtor*

**Exhibit B-2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                                        **SECTION A**

        **DEBTOR**                                                              **CHAPTER 11**

<u>**INITIAL HOLDINGS REPORT**</u>

This Initial Holdings Report is being submitted as required by the *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]) (the "<u>Trading Order</u>"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1. As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (*e.g.*, trade claim, rejection damage claim, bond claim, indemnity claim, *etc.*) | Dollar Amount of Claim(s) |
| --- | --- |
| | |
| Total | |

**2. As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

**3. In accordance with the Trading Order, a copy of this Initial Holdings Report was served by the undersigned by fax and e-mail on:**

Name:

_____

Last Four Digits of Social
Security
or Federal Tax
I.D. No. (optional):

_____

Signature:

_____

If by Authorized
Agent, Name and
Title:

_____

Street Address:
City, State,
Zip Code:

_____

Telephone Number:

_____

**Exhibit B-3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                      **SECTION A**

      **DEBTOR**                                      **CHAPTER 11**

**NOTICE OF (A) THRESHOLD AMOUNT, (B) PRECONFIRMATION NOTICE
RECORD DATE AND (C) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1. Entry of Order**. On May 11, 2017, the United States Bankruptcy Court for the Eastern District of Louisiana entered the *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2. Threshold Amount**. The Debtor's current estimate of the Threshold Amount of Claims is $2,700,000.

**3. Preconfirmation Notice Record Date**. The Preconfirmation Notice Record Date is 5:00 p.m., Central Time, on [the service date, which shall not be less than ten days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

**4. Obligation of Beneficial Claimholders**. Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Preconfirmation Notice Record Date (each, a "Substantial Claimholder") must, in order to comply with the Trading Order, e-mail and fax to counsel of the Debtor a report in the form attached hereto as Annex 1 (the "Final Holdings Report") identifying the nature and amount of Claims held by such Beneficial Holder as of the Preconfirmation Notice Record Date. To the extent any Substantial Claimholder did not file an Initial Holdings Report (as defined in the Trading Order), such Substantial Claimholder must also complete paragraph 2 of the Final Holdings Report identifying the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.

**5. Deadline for Serving Final Holdings Report**. The Final Holdings Report shall be served in accordance with the preceding sentence to the e-mail address and fax number identified on the attached Annex 1 no later than 5:00 p.m., Central Time, on [date that is three days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

Dated: _____          By:   /s/ William E. Steffes
                                      WILLIAM E. STEFFES (#12426)
                                      BARBARA B. PARSONS (#28714)
                                      The Steffes Firm, LLC
                                      13702 Coursey Blvd., Building 3
                                      Baton Rouge, Louisiana  70817
                                      Telephone:  (225) 751-1751
                                      Facsimile:  (225) 751-1998
                                      E-mail:  bsteffes@steffeslaw.com

                                      *Attorneys for Debtor*

**Exhibit B-4**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                                **SECTION A**

        **DEBTOR**                                                  **CHAPTER 11**

<u>**FINAL HOLDINGS REPORT**</u>

This Final Holdings Report is being submitted as required by the *Order Establishing Notice, Hearing, and Sell Down Procedures for Trading in Equity Securities and Claims Against the Debtor's' Estate* (Docket No. [12]) (the "<u>Trading Order</u>"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.  As of the Preconfirmation Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (*e.g.*, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
| | |

                                                                Total

**2. As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

**3. In accordance with the Trading Order, a copy of this Final Holdings Report was served by the undersigned by e mail and fax on:**

Name:

_____

Last Four Digits of Social
Security
or Federal Tax
I.D. No. (optional):

_____

Signature:

_____

If by Authorized
Agent, Name and
Title:

_____

Street Address:
City, State,
Zip Code:

_____

Telephone Number:

_____

Date:

_____

**Exhibit B-5**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                                         **SECTION A**

           **DEBTOR**                                                        **CHAPTER 11**

**NOTICE OF (A) CONFIRMATION OF 382(L)(5) PLAN OF REORGANIZATION, (B) MAXIMUM AMOUNT AND (C) OBLIGATIONS OF SUBSTANTIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1. Entry of Order**. On May 11, 2017, the United States Bankruptcy Court for the Eastern District of Louisiana entered the *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2. Notice of Confirmation of 382(l)(5) Plan of Reorganization**. On _____, 2017, the United States Bankruptcy Court for the Eastern District of Louisiana confirmed the Plan. The Plan is a 382(l)(5) Plan as defined in the Trading Order.

**3. Maximum Amount of Claims that May Be Held by a Substantial Claimholder**. In accordance with Section [_____] of the Trading Order, the Debtor has calculated the Maximum Amount of Claims that may be held by [name of Substantial Claimholder], as of the Effective Date of the 382(l)(5) Plan, to be $[_____]. Such Amount was determined as follows:

[Insert Calculation]

**4. Sell Down Amount**. The total amount of Claims that all Substantial Claimholders must sell (to parties other than Substantial Claimholders or parties that would become Substantial Claimholders by reason of such sales to them) to effectuate the 382(l)(5) Plan is $[_____].

[Insert Calculation]

**5. Objection to Maximum Amount or Sell-Down Amount**. A Substantial Claimholder who has complied with the notice procedures contained in Section [_____] of the Trading Order may, no later than 10 calendar days from service of this Sell-Down Notice, object to the manner in which the Maximum Amount or the Sell-Down Amount specified in this Sell-Down Notice were calculated or on the grounds that this Sell-Down Notice contains a

mathematical error that would result in requiring the Substantial Claimholder to reduce its ownership below the Maximum Amount or the Protected Amount for such Substantial Claimholder. Any such objection must be e-mailed and faxed to counsel of the Debtor at the e-mail address and fax number identified on the attached Annex 1. In connection with any such objection, the Substantial Claimholder shall disclose its holdings to counsel to the Debtor as of the time of the filing of the objection and as of the time of any hearing on such objection. The Debtor may serve a new Sell-Down Notice by overnight delivery service within the United States correcting such errors; any Substantial Claimholder required to sell additional Claims as a result of such correction shall have twenty (20) calendar days from service of any new Sell-Down Notice to effect the additional Sell-Down.

**6. Obligations of Substantial Claimholders**. As ordered and directed in the Trading Order, prior to the Effective Date, each Substantial Claimholder shall sell an amount of Claims equal to its share of the Sell-Down Amount or such other amount necessary so that no Substantial Claimholder shall, as of the Effective Date, hold Claims in excess of the Maximum Amount for such claimholder (the "Sell-Down"). Each Substantial Claimholder shall sell or otherwise transfer its Claims subject to the Sell-Down to unrelated persons or entities; provided further that the Substantial Claimholder shall not have a reasonable basis to believe that such persons or entities, would own, immediately after the contemplated consummation of such transfer, an amount of Claims in excess of the Maximum Amount for such claimholder.

**7. Notice of Compliance**. A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, e-mail and fax to counsel of the Debtor at the e-mail address and fax number identified on the attached Annex 1, a written statement in the form attached hereto as Annex 1 that such Substantial Claimholder has complied with the terms and conditions set forth in this Notice and Paragraph [_____] of the Trading Order and that such Substantial Claimholder does not hold Claims, as of the Effective Date, in an amount in excess of the Maximum Amount.

Dated: _____          By:    /s/ William E. Steffes_____
                                       WILLIAM E. STEFFES (#12426)
                                       BARBARA B. PARSONS (#28714)
                                       The Steffes Firm, LLC
                                       13702 Coursey Blvd., Building 3
                                       Baton Rouge, Louisiana  70817
                                       Telephone:  (225) 751-1751
                                       Facsimile:  (225) 751-1998
                                       E-mail:  bsteffes@steffeslaw.com

                                       *Attorneys for Debtor*

**Exhibit B-6**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**                    **CASE NO. 17-11213**

                                                                              **SECTION A**

         **DEBTOR**                                                      **CHAPTER 11**

<u>**NOTICE OF COMPLIANCE**</u>

This Notice of Compliance is being submitted as required by the *Order Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtor's Estate* (Docket No. [12]) (the "<u>Trading Order</u>"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

1. The undersigned has complied in full with the Sell-Down Procedures set forth in Section 3 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____, the Maximum Amount.

2. In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtor at the e-mail address and fax number identified below.

[INTENTIONALLY LEFT BLANK]

3. Service Information:

Name:

_____

Last Four Digits of Social
Security
or Federal Tax
I.D. No. (optional):

_____

Signature:

_____

If by Authorized
Agent, Name and
Title:

_____

Street Address:
City, State,
Zip Code:

_____

Telephone Number:

_____

Date:

_____

Exhibit C

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**          **CASE NO. 17-11213**

                                                                  **SECTION A**

          **DEBTOR**                                    **CHAPTER 11**

**NOTICE OF SEVENTH INTERIM ORDER ESTABLISHING NOTICE, HEARING,
AND SELL-DOWN PROCEDURES FOR TRADING IN EQUITY SECURITIES AND
CLAIMS AGAINST THE DEBTOR'S ESTATE**

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN
THE DEBTOR:

          PLEASE TAKE NOTICE that on May 11, 2017 (the "Petition Date"), the above-captioned
debtor and debtor-in-possession (the "Debtor"), commenced a case under chapter 11 of title 11 of
the United States Code 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"). Subject to
certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain
possession of property of the Debtor's estate or to exercise control over property of the Debtor's
estate.

          PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtor filed a motion
seeking entry of an order pursuant to sections 105, 362, and 541 of the Bankruptcy Code
establishing notice, hearing, and sell-down procedures for trading in equity securities and claims
against the Debtor's estate (the "Motion").

          PLEASE TAKE FURTHER NOTICE THAT on _____, 2018, the United
States Bankruptcy Court for the Eastern District of Louisiana (the "Court") entered an order
approving the procedures set forth below in order to preserve the Debtor's net operating losses and
certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the
Bankruptcy Code (the "Order"). **Except as otherwise provided in the Order, any sale or other
transfer of claims against or equity securities in the Debtor in violation of the procedures set
forth below shall be null and void *ab initio* as an act in violation of the automatic stay under
section 362 of the Bankruptcy Code.**

          PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the following procedures
shall apply to holding and trading in equity securities of the Debtor:

1. Any purchase, sale, or other transfer of claims against, or equity securities in, the Debtor in
violation of the procedures set forth herein (including the notice requirements set forth in Sections
3(a) and 4(a) and (c) below) shall be null and void *ab initio* as an act in violation of the automatic
stay under U.S.C. §§ 362 and 105(a) of the Bankruptcy Code.

2. The following procedures shall apply to trading in equity securities of the Debtor:

(a)  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a) for purposes of this Section 3) who currently is or becomes a Substantial Shareholder (as defined in Paragraph (e) below) shall file with this Court, and serve on counsel to the Debtor, a notice of such status, in the form attached to the Order as <u>Exhibit A-1</u>, on or before the later of (A) twenty (20) calendar days after the effective date of the notice of entry of the Order or (B) ten (10) calendar days after becoming a Substantial Shareholder.

(b)  At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtor, advanced written notice, in the form attached to the Order as <u>Exhibit A-2</u>, of the intended transfer of equity securities.

(c)  At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtor, advance written notice, in the form attached to the Order as <u>Exhibit A-3</u>, of the intended transfer of equity securities (the notices required to be filed and served under Paragraph (b) and this Paragraph (c), each a "<u>Notice of Proposed Transfer</u>").

(d)  The Debtor shall have fifteen (15) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtor's ability to utilize its Tax Attributes. If the Debtor files an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. Should the Debtor determine it has no objection to the Notice of Proposed Transfer, the Debtor shall provide written notice of that decision to the proposed transferor within two business days thereafter. If the Debtor does not object within such 15-day period or if the Debtor provides written notice of no objection prior to the expiration of the 15-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this Paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period. Notwithstanding the objection deadline set forth in this paragraph, the Substantial Shareholder may, for cause shown, request a reduction of the 15-day objection deadline(s).

(e)  For purposes of this Order, (A) a "<u>Substantial Shareholder</u>" is any person or entity which beneficially owns at least 913,468 shares (representing approximately 4.75% of all issued and outstanding shares) of the common stock of the Debtor ("<u>Stock</u>"), and (B) "<u>beneficial ownership</u>" (or any variation thereof of Stock and Options to acquire Stock) shall be determined in accordance with applicable rules under Section 382 of the Internal Revenue Code of 1986, as amended (the "<u>IRC</u>"), Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired

by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Stock. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, by operation of the definition of beneficial ownership in clause (B) of this Paragraph, an owner of an Option to acquire Stock may be treated as the owner of such Stock.

3. The following procedures shall apply to trading in claims against the Debtor if the Debtor files a 382(l)(5) Plan:

(a) **Notice of 382(l)(5) Plan and 382(l)(5) Disclosure Statement.** the Debtor shall, upon filing a disclosure statement with respect to a 382(l)(5) Plan (a "382(l)(5) Disclosure Statement"), simultaneously file with the Court and further publish and serve in the manner specified in Paragraph (j) below a separate notice ("Disclosure Statement Notice") in substantially the form attached to the Order as Exhibit B-1. The Disclosure Statement Notice shall (i) state that a 382(l)(5) Plan has been filed with the Court, (ii) disclose the most current estimate of the Threshold Amount and (iii) set a record date, which shall be 5:00 p.m., Central Time, on the date set by the Court that is ten (10) business days prior to the date set for the hearing on the 382(l)(5) Disclosure Statement (the "Disclosure Statement Notice Record Date"). Each Beneficial Claimholder who holds more than the Threshold Amount (each, a "Substantial Claimholder") as of the Disclosure Statement Notice Record Date is hereby ordered and directed to email and fax to counsel to the Debtor a report in the form attached to the Order as Exhibit B-2 (the "Initial Holdings Report") identifying: (I) the nature and amount of Claims held by such Beneficial Claimholder as of the Disclosure Statement Notice Record Date (the "Initial Holdings"); and (II) the Protected Amount that is in excess of the Threshold Amount. The Initial Holdings Report shall be subject to the confidentiality provisions set forth in Paragraph (i) below and shall be served in accordance with the preceding sentence no later than three (3) business days prior to the first date set by the Court for the hearing to consider the 382(l)(5) Disclosure Statement to the email address and fax number identified on the attached Exhibit B-2. In the event that the hearing to consider the 382(l)(5) Disclosure Statement is adjourned or continued, Substantial Claimholders shall not be required to amend or update their Initial Holdings Reports unless, in the event of an adjournment or continuance, the Debtor establishes a new Disclosure Statement Notice Record Date and provides notice thereof, in which case the process above will re-commence.

(b) **382(l)(5) Disclosure Statement.** The 382(l)(5) Disclosure Statement shall contain information adequate to permit a party entitled to vote on a 382(l)(5) Plan to determine whether a 382(l)(5) Plan provides greater value than possible alternatives and shall include, without limitation, the following disclosures: (i) the net present value of the projected tax savings of the 382(l)(5) Plan as compared to a 382(l)(6) Plan based on the financial projections included in the 382(l)(5) Disclosure Statement; (ii) a description of the restrictions on trading with respect to the common stock and any other securities of the reorganized Debtor (the "Affected Securities") that will be required or imposed under the 382(l)(5) Plan after the Effective Date to preserve such tax savings; (iii) the projected value of the Affected Securities in the aggregate; and (iv) the projected tax savings of the

382(l)(5) Plan as a percentage of the aggregate value of the Affected Securities. In addition, the Debtor shall promptly (and in any event before the end of the hearing on the 382(l)(5) Disclosure Statement) disclose on a separate filing with the SEC on Form 8-K (i) the aggregate amount of Initial Holdings (the "Total Initial Holdings") and (ii) the estimated maximum amount and percentage of the Total Initial Holdings in each class that may be required to be sold down as provided below. Such disclosures shall be included in the final 382(l)(5) Disclosure Statement. The foregoing does not limit in any way the right of any party in interest to object to the adequacy of the information in the 382(l)(5) Disclosure Statement.

(c)   **Notice of Claimholder Acceptance of 382(l)(5) Plan.** The Debtor shall file with the Court and further publish and serve in the manner specified in Paragraph (j) below, not less than ten (10) days prior to the commencement of the Confirmation Hearing, a notice (the "Preconfirmation Notice") substantially in the form attached to the Order as Exhibit B-3, setting forth: (i) a record date, which shall be 5:00 p.m., Central Time, on a date that is ten (10) days prior to the first date set by the Court for the Confirmation Hearing (the "Preconfirmation Notice Record Date"); and (ii) identifying the most current estimate of the Threshold Amount (determined as of the Preconfirmation Notice Record Date). Each Beneficial Claimholder who is a Substantial Claimholder (as determined by the Threshold Amount identified in the Preconfirmation Notice) as of the Preconfirmation Notice Record Date is hereby ordered and directed to deliver, via e-mail and fax, a report in the form attached to the Order as Exhibit B-4 (the "Final Holdings Report") identifying the nature and amount of claims held by such Beneficial Claimholder as of the Preconfirmation Notice Record Date (the "Final Holdings"). The Final Holdings Report shall be subject to the confidentiality provisions set forth in Paragraph (i) below and shall be served on counsel to the Debtor no later than the date that is three (3) business days prior to the first date set by the Court for the Confirmation Hearing to the e-mail address and fax number identified on Exhibit B-4. For any Substantial Claimholder who did not serve an Initial Holdings Report, the Final Holdings Report shall also contain such Substantial Claimholder's Protected Amount that is in excess of the Threshold Amount. In the event that the Confirmation Hearing is adjourned or continued, Substantial Claimholders shall not be required to amend or update their Final Holdings Reports unless, in the event of an adjournment or continuance, the Debtor establishes a new Preconfirmation Notice Record Date and provides notice thereof, in which case the process above will re-commence.

(d)   **Sell-Down Notice.** If the Court confirms the 382(l)(5) Plan filed by the Debtor, the Debtor shall serve a notice substantially in the form attached to the Order as Exhibit B-5 (the "Sell-Down Notice") by overnight delivery service within the United States upon each Substantial Claimholder (as of the Preconfirmation Notice Record Date) within five (5) business days after the entry of the order confirming the 382(l)(5) Plan. The Sell-Down Notice shall (i) state that the 382(l)(5) Plan has been confirmed; (ii) contain the results of the calculations described in Paragraph (f)(1) below, including the calculation of the Maximum Amount and the information used to perform all such calculations to the extent that the Debtor is not required by the Order or other confidentiality restrictions to keep such information confidential; and, (iii) provide notice that, pursuant to the Order, each Substantial Claimholder is ordered and directed to comply with the Sell-Down Procedures (set forth in Paragraph (f) below) before the Effective Date.

(e) **Effective Date.** The Effective Date of any 382(l)(5) Plan shall not be earlier than thirty (30) calendar days after the Confirmation Date.

(f) **Sell-Down Procedures.** If and only to the extent that a 382(l)(5) Plan filed by the Debtor is confirmed by the Court then, to the extent necessary to effectuate the 382(l)(5) Plan, each Beneficial Claimholder who is, as of the Preconfirmation Notice Record Date, a Substantial Claimholder (other than a Permitted Substantial Claimholder or a Substantial Claimholder whose Claims shall not be required to be sold as part of the Sell-Down pursuant to Paragraph (f)(2) below), is hereby ordered and directed to comply with the following sell-down procedures (the "Sell-Down Procedures"):

(1) **The Maximum Amount**. The Debtor shall calculate the maximum amount of claims that may be held, as of the Effective Date of the 382(l)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Preconfirmation Notice Record Date (the "Maximum Amount") as follows:

a. Based upon the information provided by the Substantial Claimholders in the Final Holdings Reports, the Debtor shall calculate the total amount of claims that all Substantial Claimholders must sell to effectuate the 382(l)(5) Plan assuming that all Incremental Holdings will be sold prior to any Sell-Down of claims held by the Substantial Claimholders prior to the Disclosure Statement Notice Record Date and taking into account in its determination of the portion of claims held by Substantial Claimholders that the Debtor reasonably concludes (based on evidence furnished by the Substantial Claimholders) have not existed since a date that was 18 months before the Petition Date and that are not "ordinary course" claims, within the meaning of Treasury Regulations Section 1.382-9(d)(2)(iv) (the "Sell-Down Amount").

b. If the Sell-Down Amount is less than or equal to the Total Incremental Holdings, the Debtor shall calculate the amount of each Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, the numerator of which is the Substantial Claimholder's Incremental Holdings and the denominator of which is the Total Incremental Holdings);

c. If the Sell-Down Amount exceeds Total Incremental Holdings, the Debtor shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of such excess (*i.e.*, the total amount of such excess multiplied by a fraction, the numerator of which is such Substantial Claimholder's Initial Holdings minus the Threshold Amount and the denominator of which is the Total Initial Holdings in excess of the Threshold Amount of all Substantial Claimholders) and add to that the amount of such Substantial Claimholder's Incremental Holdings; and,

d. For each Substantial Claimholder, the Debtor shall subtract from the total claims held by such Substantial Claimholder (as reported in the Final Holdings Report) such Substantial Claimholder's share of the Sell-Down Amount calculated in accordance with clauses (b) or (c) above, as applicable. The difference shall be the Maximum Amount.

(2) **Sell-Down**. Prior to the Effective Date, each Substantial Claimholder shall sell an amount of claims equal to its share of the Sell-Down Amount or such other amount necessary so that no Substantial Claimholder shall, as of the Effective Date, hold claims in excess of the Maximum Amount for such claimholder (the "Sell-Down"); provided, however, that notwithstanding anything to the contrary in this Order, no Beneficial Claimholder shall be required to sell any claims to the extent such sale would result in such Beneficial Claimholder having Beneficial Ownership of an aggregate amount of Claims that is less than such Beneficial Claimholder's Protected Amount. Each Substantial Claimholder shall sell or otherwise transfer its claims subject to the Sell-Down to unrelated Entities; provided further that the Substantial Claimholder shall not have a reasonable basis to believe that such Entity would own, immediately after the contemplated consummation of such transfer, an amount of claims in excess of the Maximum Amount for such Claimholder.

(3) **Objections to Sell-Down Notices**. A Substantial Claimholder who has complied with the notice procedures contained in this Section 4 may, no later than ten (10) calendar days from service of the Sell-Down Notice, object to the manner in which the Maximum Amount or the Sell-Down Amount specified in a Sell-Down Notice were calculated or on the grounds that such notice contained a mathematical error that would result in requiring the Substantial Claimholder to reduce its ownership below the Maximum Amount or the Protected Amount for such Substantial Claimholder. In connection with any such objection, the Substantial Claimholder shall disclose its holdings to counsel to the Debtor as of the time of the filing of the objection and as of the time of any hearing on such objection. The Debtor may serve a new Sell-Down Notice by overnight delivery service correcting such errors; any Substantial Claimholder required to sell additional claims as a result of such correction shall have twenty (20) calendar days from service of any new Sell-Down Notice to effect the additional Sell-Down.

(4) **Notice of Compliance**. A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, deliver to counsel to the Debtor, a written statement substantially in the form to the Order as Exhibit B-6 that such Substantial Claimholder has complied with the terms and conditions set forth in Paragraph (f)(2) and that such Substantial Claimholder will not hold claims, as of the Effective Date, in an amount in excess of the greater of the Maximum Amount or the Protected Amount (if any) for such Substantial Claimholder (the "Notice of Compliance"). Any Substantial Claimholder who fails to comply with this provision shall not receive Affected Securities with respect to any claims in excess of the greater of such claimholder's Protected Amount or the then current Threshold Amount.

(5) **Applicable Authority.** For the avoidance of doubt, Section 382 of the IRC, the Treasury Regulations promulgated thereunder and all relevant Internal Revenue Service and judicial authority shall apply in determining whether the claims of several persons and/or Entities must be aggregated when testing for Substantial Claimholder status. For these purposes and except as specifically provided with respect to claims ownership in the Treasury Regulations, the rules and authority identified in the

preceding sentence shall be treated as if they applied to claims in the same manner as they apply to stock.

(6) **Subsequent Substantial Claimholders**. To the extent that any Entity becomes a Substantial Claimholder after the date in which Final Holdings Reports are due, the Court shall retain jurisdiction so that the Debtor may seek equitable relief similar to the relief described in this Order in order to protect the Debtor's ability to apply Section 382(l)(5) of the IRC.

(g) **Claimholder Participation**. To permit reliance by the Debtor on Treasury Regulation Section 1.382-9(d)(3), any Beneficial Claimholder that participates in formulating any chapter 11 plan of reorganization of or on behalf of the Debtor (which shall include, without limitation, making any suggestions or proposals to the Debtor or their advisors with regard to such a plan), shall not, and shall not be asked to, disclose (or otherwise make evident unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtor that any claims in which such Beneficial Claimholder has a beneficial ownership are Newly Traded Claims (the "Participation Restriction"). For this purpose, the Debtor acknowledges and agrees that the following activities shall not, where in pursuing such activities the relevant Beneficial Claimholder does not disclose (or otherwise make evident) to the Debtor that such Beneficial Claimholder has beneficial ownership of Newly Traded Claims, constitute a violation of the Participation Restriction: (a) filing an objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization; (b) negotiating the terms of, or voting to accept or reject, a proposed plan of reorganization; (c) reviewing or commenting on a proposed business plan; (d) membership on the Creditors' Committee or other official or *ad hoc* committee; (e) providing information other than with respect to its claims to the Debtor on a confidential basis; or, (f) taking any action required by this Order. Any claimholder found by the Court to have violated the Participation Restriction, and who, as a result, would prevent the Debtor from implementing a 382(l)(5) Plan, shall be required to dispose of Newly Traded Claims of which such Entity has Beneficial Ownership in the manner specified in Paragraph (f)(2) above and shall be subject to the Forfeiture Remedy described in Paragraph (h) below.

(h) **Sanctions for Noncompliance**. If any Substantial Claimholder fails to comply with the Sell-Down applicable to it, such Substantial Claimholder shall not be entitled to receive Beneficial Ownership of any Affected Securities in connection with the implementation of the 382(l)(5) Plan with respect to any claims required to be sold pursuant to a Sell-Down Notice. Any Substantial Claimholder that violates this Order shall be required to forfeit the Affected Securities (the "Forfeiture Remedy"). The Debtor may seek to enforce the Forfeiture Remedy, on notice to the Entity upon whom such sanctions are sought to be imposed, on an expedited basis. The Debtor also reserves the right to seek from this Court, on an expedited basis, other sanctions or damages for a willful violation of this Order, on notice to the Entity upon whom such sanctions are sought to be imposed, including, but not limited to, damages for loss of any tax benefits caused by such violation and any injunction or other relief necessary or appropriate to remedy such violation. Any distribution of Affected Securities pursuant to the implementation of the 382(l)(5) Plan that is precluded by an order enforcing the Forfeiture Remedy (the "Forfeited Equity") shall be void *ab initio*. Any Entity that receives Forfeited Equity shall, immediately upon

becoming aware of such fact, return the Forfeited Equity to the reorganized Debtor or, if all of the shares properly issued to such Entity and all or any portion of such Forfeited Equity have been sold prior to the time such Entity becomes aware of such fact, such Entity shall return to the reorganized Debtor (a) any Forfeited Equity still held by such Entity and (b) the proceeds attributable to the sale of Forfeited Equity. Any Entity that receives Forfeited Equity and fails to comply with the preceding sentence shall be subject to such additional sanctions as the Court may determine. The reorganized Debtor shall distribute any Forfeited Equity in accordance with the 382(l)(5) Plan.

(i) **Confidentiality**. The Initial Holdings Report, the Final Holdings Report, the Sell-Down Notices and the Notice of Compliance, and the information contained therein, shall be treated as confidential information and shall be available only to the Debtor and counsel and financial or tax advisors to the Debtor. Each recipient of any Initial Holdings Report, Final Holdings Report, Sell-Down Notice and the Notice of Compliance (or similar notices provided under the Order) shall keep the information contained therein confidential and shall not disclose such information to any Entity (including, without limitation, any member of the Creditors' Committee) unless required to produce it in a legal proceeding or subject to further Court order.

(j) For purposes of Section 4 of the Order, the following definitions shall apply:

    i. "**382(l)(5) Disclosure Statement**" means a disclosure statement filed with the Court relating to a 382(l)(5) Plan.

    ii. "**382(l)(5) Plan**" means a plan of reorganization for the Debtor under chapter 11 of the Bankruptcy Code that provides for or contemplates the use of net operating loss carryforwards and other tax attributes under Section 382(l)(5) of the IRC and that restricts transfers of Beneficial Ownership of Affected Securities for not less than two (2) years after the reorganization in order to avoid an "ownership change," as such term is defined in Section 382 and the Treasury Regulations promulgated thereunder.

    iii. "**382(l)(6) Plan**" means a plan of reorganization for the Debtor under chapter 11 of the Bankruptcy Code that provides for or contemplates the use of net operating loss carryforwards and other tax attributes under, and subject to the limitations of, Section 382(l)(6) of the IRC.

    iv. "**Applicable Percentage**" means, if only one class of Affected Securities is to be issued pursuant to the terms of a 382(l)(5) Plan, 4.75% of the number of such shares that the Debtor reasonably estimates will be issued at the effective date of such 382(l)(5) Plan. If more than one class of Affected Securities is to be distributed pursuant to the terms of a 382(l)(5) Plan, the Applicable Percentage shall be determined by the Debtor in its reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the 382(l)(5) Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

    v. "**Beneficial Ownership**" of claims shall be determined in accordance with applicable rules under Section 382 of the IRC and regulations promulgated thereunder, as if such rules applied to claims in the same manner as they apply to equity except to the extent

inconsistent with rules and regulations specifically applicable to the ownership of claims.

vi.  "**Beneficial Claimholders**" means those Entities that have Beneficial Ownership of claims.

vii.  "**Claim**" shall have the meaning ascribed to that term in Section 101(5) of the Bankruptcy Code and includes, without limitation, a lessor's right to any current or future payment under or arising out of any lease with respect to which the Debtor is a lessee.

viii.  "**Confirmation Date**" means the date on which the Court enters an order confirming a 382(l)(5) Plan.

ix.  "**Confirmation Hearing**" means a hearing held before this Court on the confirmation of the 382(l)(5) Plan pursuant to Section 1129 of the Bankruptcy Code.

x.  "**Effective Date**" means the date on which the 382(l)(5) Plan becomes effective, but in no event less than thirty (30) calendar days from the Confirmation Date.

xi.  "**Entity**" means a person or entity for purposes of the rules under Section 382 of the IRC.

xii.  "**Incremental Holdings**" means the amount, if any, of Claims identified in each Substantial Claimholder's Final Holdings Report in excess of the greater of (i) the amount contained in each respective Substantial Claimholder's Initial Holdings Report and (ii) the Threshold Amount as of the Disclosure Statement Notice Record Date.

xiii.  "**Newly Traded Claims**" means claims (i) with respect to which an Entity acquired beneficial ownership after the date that was 18 months before the Petition Date; and (b) that are not "ordinary course" claims, within the meaning of Treasury Regulations Section 1.382-9(d)(2)(iv), of which the same Entity has always had beneficial ownership.

xiv.  "**Permitted Substantial Claimholder**" means a Substantial Claimholder whom the Debtor reasonably concludes acquired its claim in the ordinary course of the Debtor's trade or business (within the meaning of Treasury Regulations Section 1.382-9(d)(2)(iv)) and has at all times since the creation of such claim held the Beneficial Ownership in that claim.

xv.  "**Petition Date**" means May 11, 2017.

xvi.  "**Protected Amount**" means the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date.

xvii.  "**Substantial Claimholder**" means a Beneficial Claimholder who holds more than the Threshold Amount as of the applicable record date and time, as described in Paragraphs (a) and (c) above.

xviii.   "**Threshold Amount**" means the amount of claims that are projected by the Debtor to entitle the Beneficial Claimholder thereof to become the Beneficial Claimholder of the Applicable Percentage of Affected Securities.

xix.   "**Total Incremental Holdings**" means the aggregate amount of all of each Substantial Claimholder's Incremental Holdings.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtor, William E. Steffes, The Steffes Firm, LLC, 13702 Coursey Boulevard, Building 3, Baton Rouge, LA 70817; Telephone (225) 751-1751; Fax: (225) 751-1998, will provide a form of each of the required notices described above.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE DEBTOR IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTOR'S PLAN OF REORGANIZATION MAY PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN THE DEBTOR TO THE EXTENT THAT THEY WOULD ENTITLE THE HOLDERS THEREOF TO A DISTRIBUTION OF 4.75% OR MORE OF THE VALUE OF THE REORGANIZED DEBTOR.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2018   By:   /s/ William E. Steffes_____
                                            WILLIAM E. STEFFES (#12426)
                                            BARBARA B. PARSONS (#28714)
                                            The Steffes Firm, LLC
                                            13702 Coursey Blvd., Building 3
                                            Baton Rouge, Louisiana  70817
                                            Telephone:  (225) 751-1751
                                            Facsimile:  (225) 751-1998
                                            E-mail:  bsteffes@steffeslaw.com

                                            *Attorneys for Debtor*