UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 17-11213 |
| FIRST NBC BANK HOLDING COMPANY, | Section "A" |
| Debtor. | Chapter 11 |

### SECOND MOTION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY RULE 9019(a) APPROVING SETTLEMENT AGREEMENT

NOW INTO COURT, through undersigned counsel, comes First NBC Bank Holding Company (the "Debtor"), who hereby moves this Court (the "Motion") for entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of agreements (the "Settlement Agreements") resolving all claims by and against the Debtor in connection with the Georgia Litigation (defined below), including certain additional claims not contemplated in the Debtor's original Rule 9019 motion [Doc. 363]. In support of this Motion, the Debtor respectfully represents as follows:

#### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), along with Bankruptcy Rule 9019.

## BACKGROUND

**A.     Bankruptcy Case**

3.     On April 28, 2017 (the "Bank Closing Date"), the Louisiana Office of Financial Institutions closed the Bank and named the Federal Deposit Insurance Corporation as Receiver for the First NBC Bank ("Bank"). On May 11, 2017 (the "Petition Date"), the Debtor, the owner of the Bank, commenced this Case No. 17-11213 (the "Bankruptcy Case") by filing a *Voluntary Petition* [Doc. 1] for relief under Chapter 11 of the Bankruptcy Code in this honorable United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court").

4.     On May 23, 2017, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5.     Prior to the Petition Date, the Debtor purchased a Financial Institutions Select™ Insurance Policy (DOP 9311203-03) (the "2014-2015 Zurich Policy") issued by Zurich American Insurance ("Zurich"). The policy period of the 2014-2015 Zurich Policy is from June 9, 2014 to June 9, 2015. For claims covered by the 2014-2015 Zurich Policy, the 2014-2015 Zurich Policy provides a primary layer of coverage for the benefit of the Insured Persons. On July 14, 2017, Ashton Ryan filed a *Motion to Lift the Automatic Stay* [Doc. 62] ("Stay Motion") in this case to allow Zurich to pay defense costs and other losses related to the Georgia Litigation (defined below) and other pending legal matters. This Court entered an *Order* on September 15, 2017 [Doc. 158], granting the Stay Motion with respect to the 2014-2015 Zurich Policy.

**B.     Georgia Litigation**

6.     On or about March 20, 2013 a Consent Order of Liquidation of Southern Casualty Insurance Company ("SCIC") was entered in the insurance liquidation case styled *State of Georgia, Ex. Rel. Ralph T. Hudgens, Commissioner of Insurance of the State of Georgia v.*

*Southern Casualty Insurance Company, a Georgia Insurer,* Superior Court of Fulton County, State of Georgia, Civil Action No. 2013-CV-228788 (the "Liquidation Case"), with the State of Georgia, ex rel. Commissioner of Insurance of the State of Georgia, acting as Liquidator of Southern Casualty Insurance Company (the "Liquidator").

7. The Bank was allegedly involved in the financing of SCIC; and, during the relevant time, Ashton Ryan served as president of the Bank. In 2015, the Liquidator commenced a lawsuit against the Debtor, the Bank, Ashton Ryan and others, styled *State of Georgia, Ex. Rel. Ralph T. Hudgens, Commissioner of Insurance of the State of Georgia v. Richard O'Dom et al.*, Superior Court of Fulton County, State of Georgia, Civil Action No. 2015CV258501 (the "Georgia Litigation"). The Georgia Litigation is a tort action in which the Liquidator has alleged that the defendants made a series of loans to individuals and entities connected to SCIC, a Georgia insurance company involved in the business of writing non-standard private passenger automobile insurance in Georgia, Mississippi, and Louisiana.

8. The Georgia Litigation has been a highly contested matter that includes, among other things, a 10-count, 228-paragraph Second Amended Complaint.

9. The parties to the Georgia Litigation mediated the matter on November 9, 2017 and agreed to fully and finally settle the claims between them on the terms set forth in the Settlement Agreement.

10. On March 20, 2018, the Debtor filed its original Motion for Entry of Order Pursuant to Bankruptcy Rule 9019(A) Approving Settlement Agreement [Doc. 363] requesting approval of a settlement agreement resolving the Georgia Litigation (the "Original 9019 Motion"). The Court granted the Original 9019 Motion on April 10, 2018 [Doc. 380]. See Order, attached hereto as **Exhibit D**.

11. Since entry of the Order approving the Original 9019 Motion, other insurers involved in the Georgia Litigation have expressed concern that the release of their insureds, granted by the Debtor in the original Zurich settlement agreement, was unclear and thus release of the insurers had not been secured through the original Zurich settlement document. Specifically, Endurance American Specialty Insurance Company ("Endurance") insured SCIC as the Named Insured under a claims-made and reported Professional Liability Policy, Policy Number PPL10003070501, effective from 3/23/2012 through 3/23/2013; and, Endurance now requires the Debtor to fully release it and its insureds from any and all claims that were asserted or which could have been asserted through the Georgia Litigation. In addition, Philadelphia Indemnity Insurance Company ("Philadelphia") insured Key Financial Holdings, Inc. as the Named Insured, and Key Claims, Key Network, O'Dom, Sivley, Robinson, Peacock, and Olsen as additional insureds, under a claims-made and reported Private Company Protection policy, Policy Number PHSD765128, effective from 9/20/2012 through 9/20/2013 ("Philadelphia's Policy"); and, Philadelphia now requires the Debtor to fully release it and its insureds from any and all claims that were asserted or which could have been asserted through the Georgia Litigation.

## RELIEF REQUESTED

12. Through this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit E** (the "Proposed Order"), pursuant to Bankruptcy Rule 9019, approving the Settlement Agreements. A true and correct copy of the *Zurich Settlement Agreement* (with limited redaction), the *Endurance Settlement Agreement* (with limited redaction) and the *Philadelphia Settlement Agreement* (with limited redaction) are attached hereto as **Exhibit A**, **Exhibit B** and **Exhibit C**, respectively. The Settlement Agreements are substantially similar to the

original Zurich Settlement Agreement approved by this Court on April 10, 2018; however, they include the following changes:

a) *clarified release* of any and all claims of the Debtor in connection with the Georgia Litigation; and,

b) specific release of *all insurers* by all defendants in the Georgia Litigation.

### THE SETTLEMENT AGREEMENT

13. Following mediation, the parties agreed, subject to the Court's approval, to enter into the Settlement Agreements to consensually resolve the Georgia Litigation and any other matters related thereto. In exchange for payment to the Liquidator by Zurich, under the 2014-2015 Zurich Policy, the parties to the Georgia Litigation shall release each other from all claims asserted or which could have been asserted in said litigation, with the exceptions of (a) a cross-claim, asserted by Clifford Olsen, former SCIC director, against Ryan and Olsen's proof of claim filed with the FDIC as Receiver of First NBC Bank both of which remain pending and are not released; and, (b) any claims the Debtor may have against any of its shareholders, designees, directors, officers, employees, agents or representatives including, but not limited to Ryan, and/or that Ryan may have against First NBC Holding that are separate from, and not related to, any claims involving the Georgia Litigation. In addition, all insurers shall be specifically released by all parties in connection with the Georgia Litigation.

14. The proposed settlement is contingent upon the amount of the insurer payments remaining confidential. Accordingly, the Settlement Agreements attached hereto have been redacted to remove the amounts to be paid to the Liquidator by Zurich, Endurance and Philadelphia. The Debtor previously filed, under seal, an unredacted version of the original Zurich Settlement Agreement [Doc. 378] in connection with the Original 9019 Motion.

**CAUSE EXISTS TO APPROVE THE SETTLEMENT AGREEMENT
PURSUANT TO BANKRUPTCY RULE 9019(A)**

15. Bankruptcy Rule 9019(a) authorizes a court, after notice and a hearing, to approve a compromise or settlement of a controversy, providing, in relevant part, that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Settlements and compromises are "a normal part of the process of reorganization." *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (quoting *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 130 (1939)); *see also Matter of Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 354 (5th Cir. 1997). The Fifth Circuit has a "strong policy favoring compromise and settlement of litigation in bankruptcy." *See In re LMCHH PCP LLC*, No. 17-10353, 2017 WL 4408162, at *5 (Bankr. E.D. La. Oct. 2, 2017) (citing *In re Tex. Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988); *see also Matter of Triple E Transp., Inc.*, 169 B.R. 368, 374 (E.D. La. 1994).

16. Pursuant to Bankruptcy Rule 9019, bankruptcy courts can approve a compromise or settlement if it is "'fair and equitable' and 'in the best interest of the estate.'" *Jackson Brewing*, 624 F.2d at 602 (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)); *see also Cajun Elec.*, 119 F.3d at 355. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, 'compar[ing] the terms of the compromise with the likely rewards of litigation.'" *Cajun Elec.*, 119 F.3d at 356 (quoting *Jackson Brewing*, 624 F.2d at 602). The following factors are generally considered in determining whether to approve a settlement:

> (1) [T]he probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the

compromise. These "other" factors—the so-called Foster Mortgage factors—include: (i) "the best interests of the creditors, 'with proper deference to their reasonable views'"; and (ii) "'the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.'"

*In re Age Ref., Inc.*, 801 F.3d 530, 540 (5th Cir. 2015) (citing *Jackson Brewing*, 624 F.2d at 602; quoting *Cajun Elec.*, 119 F.3d at 356). While a judge must "apprise himself of the relevant facts and law so that he can make an informed and intelligent decision," there is no requirement for the court to conduct a "mini-trial" of the claims being settled or a full independent investigation. *See Cajun Elec.*, 119 F.3d at 356 (quoting *La Salle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir.1987)).

### A. Probability of Success in Litigation

While the Debtor believes it would likely prevail if the Georgia Litigation proceeded to trial, the Debtor is anxious to promptly resolve any uncertain liability issues against the estate. The settlement payment proposed herein shall be made by the Debtor's insurer, Zurich; and, not from cash held by the Debtor. In addition, during the course of the Georgia Litigation, the Debtor raised no claims against Philadelphia, Endurance or its respective insureds; and, the Debtor is unaware of the existence of any such claims.

### B. Complexity and Likely Duration of the Litigation and Any Attendant Expense, Inconvenience and Delay

As set forth above, the Georgia Litigation is a complex case which has been highly contested. The Debtor expects that any continued litigation of the matter would be lengthy and drawn out over significant time given the complex nature of the issues involved therein. Considering the inherent uncertainty of litigation and the expected delay in resolving this matter, the proposed Settlement Agreements resulted from the exercise of sound business judgment and is in the best interests of the Debtor, its estate and creditors.

### C. The Settlement is in the Best Interests of Creditors and is the Product of Arm's-Length Negotiations

The Settlement is in the best interests of the creditors of the estate of the Debtor. The Settlement provides for dismissal of the Debtor without payment from the estate's funds (all payments are to be made by the Debtor's insurer, Zurich and its co-defendants' insurers, Endurance and Philadelphia). If a reasonable settlement is not promptly achieved, assets of the estate could be diluted by costs associated with continued litigation that may not be covered by insurance. The Debtor is unaware of any other pending matters that implicate the 2014 Zurich Policy; and, thus, is unaware of any coverage limitation issues among claimants. Moreover, the Debtor is unaware of any claims that exist against Endurance, Philadelphia or its insureds in connection with the Georgia Litigation. Given the possibility that assets of the estate may be negatively impacted by continued litigation and the delay in resolving the Debtor's liability, the terms of the Settlement serve the best interest of the Debtor's creditors. Finally, the Settlement Agreements were negotiated at arms' length by counsel for each party thereto.

## CONCLUSION

The Settlement Agreements satisfy the standards for approval. Absent settlement, lengthy and potentially costly litigation could be required to resolve the Georgia Litigation. This settlement allows the Debtor to resolve issues of contention against the estate without undue litigation and delay; and, is substantially similar to the agreement approved by this Court on April 10, 2018. Accordingly, the Settlement Agreements should be approved under Rule 9019(a) as a valid exercise of the Debtor's reasonable business judgment and as being in the best interests of the estate and all parties in interest.

## **NOTICE**

17. Notice of this Motion will be given to all creditors and parties in interest in this Chapter 11 Bankruptcy Case.

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter the Proposed Order granting the relief requested herein; and (b) grant such other and further relief as this Court may deem proper and just.

Respectfully submitted by:

/s/ Barbara B. Parsons
WILLIAM E. STEFFES (#12426)
BARBARA B. PARSONS (#28714)
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard, Bldg. 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Fax: (225) 751-1998
Email: bparsons@steffeslaw.com

*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

| | |
|---|---|
| **FIRST NBC BANK HOLDING COMPANY** | **CASE NO. 17-11213** |
| | **SECTION A** |
| **DEBTOR** | **CHAPTER 11** |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the forgoing *Second Motion for Entry of Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement* has been served via E-mail through this Court's CM/ECF Electronic Notification System to the following parties:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank sam.alberts@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets and Jonathan.Edwards@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC mlandis@gamb.law

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton amills@fishmanhaygood.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group lrochester@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission sherrill-beards@sec.gov

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee dstewart@stewartrobbins.com

Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov

R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC swilliamson@gamb.law

    I hereby further certify that a copy of the Motion has been served upon the Debtor, the Office of the US Trustee, members of and counsel for the Unsecured Creditors' Committee; and, all parties requesting notice, as shown on the attached mailing list, by depositing same in the U.S. mail, postage prepaid and properly addressed.

    Baton Rouge, Louisiana, this 10th day of July, 2018.

                        /s/ Ashley D. Kujawa
                          Ashley D. Kujawa