# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | Case No. 17-11213 |
| | ) | |
| **FIRST NBC BANK HOLDING COMPANY,** | ) | Section "A" |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |

## ORDER GRANTING SECOND MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019(a), AS AMENDED

Considering the second motion [Doc. 417] of First NBC Bank Holding Company (the "<u>Debtor</u>"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for approval of settlement agreements resolving the Georgia Litigation, as amended on August 2, 2018 [Doc. ____] (collectively, the "<u>Second 9019 Motion</u>")[1]; and, all of the proceedings had before this Court; this Court having found and determined that the relief sought in the *Second 9019 Motion* is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that the *Second 9019 Motion* is GRANTED;

IT IS FURTHER ORDERED that, pursuant to Bankruptcy Rule 9019(a), the Endurance Settlement Agreement (redacted) and the Philadelphia Settlement Agreement (redacted), attached hereto as **Exhibit A and Exhibit B**, respectively, are approved;

IT IS FURTHER ORDERED that the Debtor is authorized to take any actions as are necessary or appropriate to implement and effectuate the terms of this Order;

---

[1] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

IT IS FURTHER ORDERED that all other rights not specifically defined by the Endurance Settlement Agreement, Philadelphia Settlement Agreement and this Order are reserved;

IT IS FURTHER ORDERED that the Order [Doc. 380] approving the Zurich Settlement Agreement shall remain in full force and effect;

IT IS FURTHER ORDERED that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order; and,

IT IS FURTHER ORDERED that counsel shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, , 2018.

<u>**Exhibit A**</u>

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release ("Agreement") is made and entered into by and among the following: (1) the State of Georgia, ex rel. Commissioner of Insurance of the State of Georgia, acting as Liquidator of Southern Casualty Insurance Company (the "Liquidator"); (2) Endurance American Specialty Insurance Company ("Endurance"); and (3) Richard O'Dom ("O'Dom"), Key Insurance Network, Inc. ("Key Network"), Key Claims Services Corporation ("Key Claims"), John Robinson ("Robinson"), Willard Peacock ("Peacock"), Wesley T. Sivley ("Sivley"),  Clifford Olsen ("Olsen"), Ashton Ryan ("Ryan") and First NBC Holding Company ("First NBC"), and any other possible insureds under Endurance's insurance policy (the "Defendants") (collectively, the "Parties").

WHEREAS, Endurance insured "Southern Casualty Insurance Company" ("SCIC") as the Named Insured under a claims-made and reported Professional Liability Insurance Policy, Policy Number PPL10003070501, effective from 03/23/2012 through 03/23/2013 ("Endurance's Policy").

WHEREAS, a Consent Order of Liquidation of SCIC ("the Consent Order") was entered on or about March 20, 2013 in the insurance liquidation case styled as *State of Georgia, Ex. Rel. Ralph T. Hudgens, Commissioner of Insurance of the State of Georgia v. Southern Casualty Insurance Company, a Georgia Insurer,* Superior Court of Fulton County, State of Georgia, Civil Action No. 2013-CV-228788 (the "Liquidation Case");

WHEREAS, O'Dom, Olsen, Robinson, and Sivley served as Directors and/or Officers of SCIC and/or its affiliated entities, Key Network and Key Claims, prior to entry of the Consent Order;

WHEREAS, the Liquidator contends that Peacock served as Director and/or Officer of SCIC and/or its affiliated entities, Key Network and Key Claims, prior to entry of the Consent Order;

WHEREAS, Peacock contends that he did not serve as Director and/or Officer of SCIC and/or its affiliated entities, Key Network and Key Claims, prior to entry of the Consent Order;

WHEREAS, First NBC Holding was the parent company for First NBC Bank and, during the allegedly relevant time, Ryan was the president of First NBC Bank;

WHEREAS, Olsen and First NBC Bank were allegedly involved in the financing of SCIC;

WHEREAS, the Liquidator filed a suit against the Defendants styled as *State of Georgia, Ex. Rel. Ralph T. Hudgens, Commissioner of Insurance of the State of Georgia v. Richard O'Dom et al.,* Superior Court of Fulton County, State of Georgia, Civil Action No. 2015CV258501 (the "Liquidator's Action") for among other things alleged acts and omissions that allegedly damaged creditors and policyholders, among others, and the insolvency of SCIC;

WHEREAS, on Friday, April 28, 2017, First NBC Bank was closed by the Louisiana Office of Financial Institutions and the Federal Deposit Insurance Corporation ("FDIC") was

1

named as Receiver, and, on August 3, 2017, all claims against the FDIC as Receiver for First NBC Bank were dismissed so that there are no claims pending against First NBC Bank or the FDIC in this matter;

WHEREAS, on May 11, 2017, First NBC Holding filed a Chapter 11 bankruptcy action in the United States Bankruptcy Court for the Eastern District of Louisiana, styled *In re First NBC Bank Holding Company, Case No. 17-11213;*

WHEREAS, pursuant to the Georgia Insurers Rehabilitation and Liquidation Act, O.C.G.A. § 33-37-1, *et seq.*, the Liquidator has exclusive authority and standing to prosecute the action referred to herein and to compromise and settle all claims relating to Southern Casualty Insurance Company ("SCIC"), which is a material term of this Agreement;

WHEREAS, the Parties and others who are the subject of separate releases attended mediation on November 9, 2017, and the Parties agreed to fully and finally settle Endurance's obligations to its insureds as they relate to these Parties only on the terms set forth herein;

WHEREAS the Defendants agree to limit documentation of the amount to be paid by Endurance pursuant to this Agreement to Endurance's copy of the Agreement;

WHEREAS Endurance, Philadelphia Indemnity Insurance Company ("Philadelphia") and Zurich American Insurance of Illinois ("Zurich") (collectively, the "Insurers") desired to keep their respective separate settlement payments documented separately, and it is understood and agreed that the only version of each Insurer's settlement and release agreement showing the payment amount by that Insurer will be the copy executed by that Insurer; and

WHEREAS pursuant to O.C.G.A. Section 33-37-20, the Liquidator has the power to prosecute any action on behalf of creditors of Southern Casualty Insurance Company, including, but not limited to, the Georgia Insurers Insolvency Pool, the Louisiana Insurance Guaranty Association, and the Mississippi Guaranty Association.

NOW, THEREFORE, in consideration of the conditions and mutual promises and other provisions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be bound hereby, agree as follows:

1.      Endurance will pay an undisclosed amount (the "Endurance Payment") [the amount only to be disclosed on page 2 of the copy of the Agreement executed by Endurance] to the Liquidator within twenty-one (21) business days of the delivery to counsel for Endurance of a fully executed original of this Agreement.

2.      This Agreement is not effective unless and until (1) Endurance pays the Endurance Payment as set forth in paragraph 1 above to the Liquidator on behalf of the Defendants to this Agreement; (2) Philadelphia pays its separate settlement payment to the Liquidator as specified in its own settlement and release agreement on behalf of the parties to that agreement; and (3) Zurich pays its separate settlement payment to the Liquidator as specified in its own settlement and release agreement on behalf of the parties to that agreement.  Effective

after all of those three payments are made to the Liquidator, the Liquidator and the Defendants, each on their own behalf and on behalf of their respective predecessors, successors, assignees, affiliates, parents, subsidiaries, agencies, divisions, shareholders, designees, members, partners, directors, officers, employees, agents, representatives, any other insureds under Endurance's Policy, spouses and attorneys, hereby release and forever discharge each other, including the Liquidator and any State officers and employees in their official and individual capacities, and their respective predecessors, successors, assignees, affiliates, parents, subsidiaries, agencies, divisions, shareholders, designees, members, partners, directors, officers, employees, agents, representatives, independent contractors, any other insureds under Endurance's Policy, individuals or entities appointed in any capacity by Liquidator or the Court in the Liquidation Case, spouses and attorneys from any and all past, existing and future claims, suits, liabilities, demands, fees, costs, expenses, payments, judgments, damages, objections, actions and causes of action, of whatever kind or nature, (whether known or unknown), which any of them ever had, or now have, or may have in the future, that arise out of, are based on,  or in any way relate to the regulation and administrative supervision of SCIC, the Liquidation Case, and the claims asserted, or claims that could have been asserted, in the Liquidator's Action, with the exceptions of Olsen's Cross-Claims against Ryan and Olsen's proof of claim filed with the FDIC as Receiver of First NBC Bank both of which remain pending and are not released.

3.     In consideration for the Endurance Payment described above, the Liquidator and the Defendants, each on their own behalf and on behalf of their respective predecessors, successors, assignees, affiliates, parents, subsidiaries, agencies, divisions, shareholders, designees, members, partners, directors, officers, employees, agents, representatives, spouses and attorneys, hereby release and forever discharge Endurance, and all of its respective parent and subsidiary entities, divisions, and affiliates, and all of their respective officers, directors, members, agents, employees, adjusters, investigators, attorneys, reinsurers, representatives, successors, and assigns, from any and all claims, demands, rights, actions, and causes of action in tort, contract, pursuant to statute, or on any other basis, for all losses, damages, injuries, expenses, costs, charges, compensation, consequential damages, attorneys' fees, and all other liabilities and damages whatsoever, that arise out of, are based upon, or in any way relate to the Endurance Policy, the Liquidator's Case, the Liquidator's Action, and the management, operation, regulation, and/or administrative supervision of SCIC.

4.     Notwithstanding the foregoing, it is understood by all Parties that none of them release any claims that arise under the terms of this Agreement.  In addition, this Agreement is not intended to apply to, and does not release, any claims that First NBC Holding may have against any of its shareholders, designees, directors, officers, employees, agents, or representatives including but not limited to Ryan, and/or that Ryan may have against First NBC Holding, that are separate from, and not related to, any claims involving the Liquidation Case, SCIC, or any claims asserted or that could have been asserted in the Liquidator's Action, which latter claims are released herein.

5.     Effective immediately upon the tendering of the Endurance Payment as set forth in paragraph 1 above, O'Dom agrees to withdraw the following Proofs of Claim filed in the Liquidation Case:

POC-00452 in the amount of $15,000.00
POC-00454 in the amount of $525.25
POC-01101 in the amount of $100,000.00
POC-01102 in the amount of $11,932,276.45
POC-01116 in the amount of $1,086.35
POC-01153 in the amount of $2,641.15

O'Dom does not agree to withdraw POC-00453 in the amount of $9,751.40, which represents his claim for charges incurred by SCIC, or on behalf of SCIC, prior to March 20, 2013 on an American Express business card issued in his name.

6.      The Liquidator will file a dismissal with prejudice of the Action within five (5) business days of the Liquidator's receipt of the latest of the Endurance Payment, the settlement payment from Philadelphia and the settlement payment from Zurich.  Prior to filing a dismissal with prejudice in the Liquidator's Action, Liquidator will withdraw any Motions for Sanctions filed in the Liquidator's Action pursuant to O.C.G.A. § 9-15-14.

7.      This Agreement has been negotiated at arms' length between persons knowledgeable in its subject matter and each of the Parties hereto has reviewed this Agreement in consultation with its counsel; accordingly, any rule of law or any legal decision that would require interpretation of any ambiguities in this Agreement against the party that has drafted it, is of no application and is expressly waived.

8.      The terms and conditions of this Agreement and the negotiations and compromises of the Parties with respect thereto are the result of a good faith effort to resolve the disputes between the Parties and shall never at any time for any purpose be considered as an admission or evidence of liability or responsibility on the part of the Parties to this Agreement. The terms of this Settlement and Release are contractual and not merely recitals.

9.      The Parties represent and warrant that they have obtained all necessary approvals or authorizations required to consummate this Agreement and to effectuate the resolution of all of the claims which are the subject of this Agreement and that they are authorized to execute this Agreement on behalf of all parties released herein.

10.      This Agreement constitutes the complete expression of the terms of the settlement between the Parties. All prior and contemporaneous agreements, representations and negotiations are hereby superseded.  No amendment to or modification of this Agreement shall be effective unless it is in writing and signed by the Parties.

11.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  This Agreement shall be binding upon and shall inure to the benefit of the Parties. This includes the versions of this Agreement that are executed without specific reference to the amount of the Endurance Payment.

12.     This Agreement shall be governed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to choice of laws principles.

IN WITNESS WHEREOF, the duly authorized representatives of the Parties have signed their names hereto on the dates indicated below.

**Commissioner of Insurance of the State of Georgia,**
**As Liquidator of Southern Casualty Insurance Company**


By:     _____


Its:    _____


Dated:  _____

**Signatures continue on pages 6-15**

**Endurance American Specialty Insurance Company**

By: _____

Its: _____

Dated: _____

**Richard O'Dom**

By: _____

His: _____

Dated: _____

**Key Insurance Network, Inc.**
**(Administratively Dissolved as of 12/31/2015)**

By: _____
       John Robinson

Its: _____
      Former Secretary

Dated: _____

**Key Claims Services Corporation**
**(Administratively Dissolved as of 12/31/2015)**

By: _____
John Robinson

Its: _____
Former Secretary

Dated: _____

**John Robinson**

By:      _____

His:      _____

Dated: _____

**Willard Peacock**

By: _____

His: _____

Dated: _____

**Wesley T. Sivley**

By:     _____

His:     _____

Dated:  _____

**Clifford Olsen**

By: _____

His: _____

Dated: _____

**Ashton Ryan**

By: _____

His: _____

Dated: _____

**First NBC Holding Company**


By: _____


Its: _____


Dated: _____

**Exhibit B**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and among the following: (1) the State of Georgia, ex rel. Commissioner of Insurance of the State of Georgia, acting as Liquidator of Southern Casualty Insurance Company (the "Liquidator"); (2) Philadelphia Indemnity Insurance Company ("Philadelphia"); and (3) Richard O'Dom ("O'Dom"), Key Insurance Network, Inc. ("Key Network"), Key Claims Services Corporation ("Key Claims"), John Robinson ("Robinson"), Willard Peacock ("Peacock"), Wesley T. Sivley ("Sivley"), Clifford Olsen ("Olsen"), Ashton Ryan ("Ryan"), First NBC Holding Company ("First NBC"), and any other possible insureds under Philadelphia's insurance policy (the "Defendants") (collectively, the "Parties").

WHEREAS, Philadelphia insured "Key Financial Holdings, Inc." as the Named Insured under a claims-made and reported Private Company Protection policy, Policy Number PHSD765128, effective from 09/20/2012 through 09/20/2013 ("Philadelphia's Policy"). Key Claims, Key Network, O'Dom, Sivley, Robinson, Peacock, and Olsen are also insureds under Philadelphia's Policy.

WHEREAS, a Consent Order of Liquidation of Southern Casualty Insurance Company ("SCIC") ("the Consent Order") was entered on or about March 20, 2013 in the insurance liquidation case styled as *State of Georgia, Ex. Rel. Ralph T. Hudgens, Commissioner of Insurance of the State of Georgia v. Southern Casualty Insurance Company, a Georgia Insurer,* Superior Court of Fulton County, State of Georgia, Civil Action No. 2013-CV-228788 (the "Liquidation Case");

WHEREAS, O'Dom, Olsen, Robinson, and Sivley served as Directors and/or Officers of SCIC and/or its affiliated entities, Key Network and Key Claims, prior to entry of the Consent Order;

WHEREAS, the Liquidator contends that Peacock served as Director and/or Officer of SCIC and/or its affiliated entities, Key Network and Key Claims, prior to entry of the Consent Order;

WHEREAS, Peacock contends that he did not serve as Director and/or Officer of SCIC and/or its affiliated entities, Key Network and Key Claims, prior to entry of the Consent Order;

WHEREAS, Olsen, Ryan, and First NBC provided loans to and were otherwise involved in the financing of SCIC;

WHEREAS, the Liquidator filed a suit against the Defendants styled as *State of Georgia, Ex. Rel. Ralph T. Hudgens, Commissioner of Insurance of the State of Georgia v. Richard O'Dom et al.,* Superior Court of Fulton County, State of Georgia, Civil Action No. 2015CV258501 (the "Liquidator's Action") for among other things acts and omissions that damaged creditors and policyholders, among others, and the insolvency of SCIC;

1

WHEREAS, the Parties and others who are the subject of separate releases attended mediation on November 9, 2017, and the Parties agreed to fully and finally settle Philadelphia's obligations to its insureds as they relate to these Parties only on the terms set forth herein;

WHEREAS the Defendants agree to limit documentation of the amount to be paid by Philadelphia pursuant to this Agreement to Philadelphia's copy of the Agreement;

WHEREAS Philadelphia, Endurance American Specialty Insurance Company ("Endurance") and Zurich American Insurance of Illinois ("Zurich") (collectively, the "Insurers") desired to keep their respective separate settlement payments documented separately, and it is understood and agreed that the only version of each Insurer's settlement and release agreement showing the payment amount by that Insurer will be the copy executed by that Insurer; and

WHEREAS pursuant to O.C.G.A. Section 33-37-20, the Liquidator has the power to prosecute any action on behalf of creditors of Southern Casualty Insurance Company, including, but not limited to, the Georgia Insurers Insolvency Pool, the Louisiana Insurance Guaranty Association, and the Mississippi Guaranty Association.

NOW, THEREFORE, in consideration of the conditions and mutual promises and other provisions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be bound hereby, agree as follows:

1.      Philadelphia will pay an undisclosed amount (the "Philadelphia Payment") [the amount only to be disclosed on page 2 of the copy of the Agreement executed by Philadelphia] to the Liquidator within twenty-one (21) business days of the delivery to counsel for Philadelphia of a fully executed original of this Agreement.

2.      This Agreement is not effective unless and until (1) Philadelphia pays the Philadelphia Payment as set forth in paragraph 1 above to the Liquidator on behalf of the Defendants to this Agreement; (2) Endurance pays its separate settlement payment to the Liquidator as specified in its own settlement and release agreement on behalf of the parties to that agreement; and (3) Zurich  pays its separate settlement payment to the Liquidator as specified in its own settlement and release agreement on behalf of the parties to that agreement. Effective after all of those three payments are made to the Liquidator, the Liquidator and the Defendants, each on their own behalf and on behalf of their respective predecessors, successors, assignees, affiliates, parents, subsidiaries, agencies, divisions, shareholders, designees, members, partners, directors, officers, employees, agents, representatives, any other insureds under Philadelphia's policy, spouses and attorneys, hereby release and forever discharge each other, including the Liquidator and any State officers and employees in their official and individual capacities, and their respective predecessors, successors, assignees, affiliates, parents, subsidiaries, agencies, divisions, shareholders, designees, members, partners, directors, officers, employees, agents, representatives, independent contractors, any other insureds under Philadelphia's policy, individuals or entities appointed in any capacity by Liquidator or the Court in the Liquidation Case, spouses and attorneys from any and all past, existing and future claims,

suits, liabilities, demands, fees, costs, expenses, payments, judgments, damages, objections, actions and causes of action, of whatever kind or nature, (whether known or unknown), which any of them ever had, or now have, or may have in the future, that arise out of, are based on, or in any way relate to the regulation and administrative supervision of SCIC, the Liquidation Case, and the claims asserted, or claims that could have been asserted, in the Liquidator's Action, with the exceptions of Olsen's Cross-Claims against Ryan and Olsen's proof of claim filed with the FDIC as Receiver of First NBC Bank both of which remain pending and are not released.

3.       In consideration for the Philadelphia Payment described above, the Liquidator and the Defendants, each on their own behalf and on behalf of their respective predecessors, successors, assignees, affiliates, parents, subsidiaries, agencies, divisions, shareholders, designees, members, partners, directors, officers, employees, agents, representatives, spouses and attorneys, hereby release and forever discharge Philadelphia, and all of its respective parent and subsidiary entities, divisions, and affiliates, and all of their respective officers, directors, members, agents, employees, adjusters, investigators, attorneys, reinsurers, representatives, successors, and assigns, from any and all claims, demands, rights, actions, and causes of action in tort, contract, pursuant to statute, or on any other basis, for all losses, damages, injuries, expenses, costs, charges, compensation, consequential damages, attorneys' fees, and all other liabilities and damages whatsoever, that arise out of, are based upon, or in any way relate to the Philadelphia Policy, the Liquidator's Case, the Liquidator's Action, and the management, operation, regulation, and/or administrative supervision of SCIC.

4.       Notwithstanding the foregoing, it is understood by all Parties that none of them release any claims that arise under the terms of this Agreement. In addition, this Agreement is not intended to apply to, and does not release, any claims that First NBC Holding may have against any of its shareholders, designees, directors, officers, employees, agents, or representatives including but not limited to Ryan, and/or that Ryan may have against First NBC Holding, that are separate from, and not related to, any claims involving the Liquidation Case, SCIC, or any claims asserted or that could have been asserted in the Liquidator's Action, which latter claims are released herein.

5.       Effective immediately upon the tendering of the Philadelphia Payment as set forth in paragraph 1 above, O'Dom agrees to withdraw the following Proofs of Claim filed in the Liquidation Case:

    POC-00452 in the amount of $15,000.00
    POC-00454 in the amount of $525.25
    POC-01101 in the amount of $100,000.00
    POC-01102 in the amount of $11,932,276.45
    POC-01116 in the amount of $1,086.35
    POC-01153 in the amount of $2,641.15

O'Dom does not agree to withdraw POC-00453 in the amount of $9,751.40, which represents his claim for charges incurred by SCIC, or on behalf of SCIC, prior to March 20, 2013 on an American Express business card issued in his name.

6.    The Liquidator will file a dismissal with prejudice of the Action within five (5) business days of the Liquidator's receipt of the latest of the Philadelphia Payment, the settlement payment from Endurance and the settlement payment from Zurich.  Prior to filing a dismissal with prejudice in the Liquidator's Action, Liquidator will withdraw any Motions for Sanctions filed in the Liquidator's Action pursuant to O.C.G.A. § 9-15-14.

7.    This Agreement has been negotiated at arms' length between persons knowledgeable in its subject matter and each of the Parties hereto has reviewed this Agreement in consultation with its counsel; accordingly, any rule of law or any legal decision that would require interpretation of any ambiguities in this Agreement against the party that has drafted it, is of no application and is expressly waived.

8.    The terms and conditions of this Agreement and the negotiations and compromises of the Parties with respect thereto are the result of a good faith effort to resolve the disputes between the Parties and shall never at any time for any purpose be considered as an admission or evidence of liability or responsibility on the part of the Parties to this Agreement. The terms of this Settlement and Release are contractual and not merely recitals.

9.    The Parties represent and warrant that they have obtained all necessary approvals or authorizations required to consummate this Agreement and to effectuate the resolution of all of the claims which are the subject of this Agreement and that they are authorized to execute this Agreement on behalf of all parties released herein.

10.    This Agreement constitutes the complete expression of the terms of the settlement between the Parties.    All prior and contemporaneous agreements, representations and negotiations are hereby superseded.  No amendment to or modification of this Agreement shall be effective unless it is in writing and signed by the Parties.

11.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  This Agreement shall be binding upon and shall inure to the benefit of the Parties.    This includes the versions of this Agreement that are executed without specific reference to the amount of the Philadelphia Payment.

12.    This Agreement shall be governed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to choice of laws principles.

IN WITNESS WHEREOF, the duly authorized representatives of the Parties have signed their names hereto on the dates indicated below.

**Commissioner of Insurance of the State of Georgia,
As Liquidator of Southern Casualty Insurance Company**


By: _____


Its: _____


Dated: _____


**Signatures continue on pages 6-15**

**Philadelphia Indemnity Insurance Company**

By: _____

Its: _____

Dated: _____

**Richard O'Dom**

By: _____

His: _____

Dated: _____

**Key Insurance Network, Inc.**
**(Administratively Dissolved as of 12/31/2015)**


By: _____
     John Robinson

Its: _____
     Former Secretary

Dated: _____

**Key Claims Services Corporation**
**(Administratively Dissolved as of 12/31/2015)**

By: _____
       John Robinson

Its: _____
     Former Secretary

Dated: _____

**John Robinson**

By: _____

His: _____

Dated: _____

**Willard Peacock**

By: _____

His: _____

Dated: _____

**Wesley T. Sivley**

By: _____

His: _____

Dated: _____

**Clifford Olsen**

By: _____

His: _____

Dated: _____

**Ashton Ryan**

By: _____

His: _____

Dated: _____

**First NBC Holding Company**

By:      _____

Its:      _____

Dated:  _____