UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 17-11213 |
| FIRST NBC BANK HOLDING COMPANY, | ) | |
| | ) | SECTION A |
| DEBTOR. | ) | |
| | ) | CHAPTER 11 |

CONDITIONAL OBJECTION TO MOTION AND INCORPORATED
MEMORANDUM OF LAW FOR: DECLARATORY RELIEF INCREASING
THE "SOFT CAP" TO PERMIT THE PAYMENT AND/OR ADVANCEMENT
OF DEFENSE COSTS AND OTHER LOSS FROM THE PROCEEDS
OF THE DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICIES

Lead Plaintiffs, Oakland County Employees' Retirement System and Voluntary Employees' Benefit Association, Plymouth County Retirement System, and Central Laborers' Pension Fund ("*Lead Plaintiffs*"), in the federal securities class action captioned *Kinzler, et al. v. First NBC Bank Holding Company, et al.*, Appeal No. 17-30443 (5th Cir.), on appeal from Civil Action No. 2:16-cv-04243-KDE-JVM (E.D. La.) (the "*Securities Class Action*"), hereby submit this conditional objection to the *Motion and Incorporated Memorandum of Law for: Declaratory Relief Increasing the "Soft Cap" to Permit the Payment and/or Advancement of Defense Costs and Other Loss From the Proceeds of the Directors and Officers Liability Insurance Policies* (ECF Doc. 506) (the "*Soft Cap Motion*").

SUMMARY OF OBJECTION

The so-called "soft cap" should not be increased unless there is an equal set aside of insurance policy proceeds for the potential benefit to all claimants to such proceeds, including the Securities Class Action's Lead Plaintiffs, on behalf of the proposed class.

## BACKGROUND

The Securities Class Action[1] was commenced by the filing of a complaint on May 4, 2016, against First NBC Bank Holding Company ("*First NBC*" or the "*Debtor*"), Ashton J. Ryan ("*Ryan*"), and Mary Beth Verdigets ("*Verdigets*"). On August 26, 2016, Lead Plaintiffs were appointed to lead the prosecution of the Securities Class Action pursuant to the Private Securities Litigation Reform Act of 1995. On December 5, 2016, on behalf of themselves and other purchasers of First NBC common stock during the period from May 10, 2013 through October 20, 2016 (the "*Class*"), Lead Plaintiffs filed Lead Plaintiffs' Amended Complaint for Violations of the Federal Securities Laws (the "*Securities Class Action Complaint*") against the First NBC, Ryan, Verdigets, and Ernst & Young LLP, which served as First NBC's outside auditor. Specifically, the Securities Class Action Complaint sets forth three claims for relief: (1) for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against the Debtor, Ryan, and Verdigets; (2) for violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 against Ernst & Young LLP; and (3) for violations of Section 20(a) of the Securities Exchange Act of 1934 against Ryan and Verdigets.[2]

After briefing and oral argument, the U.S. District Court for the Eastern District of Louisiana granted the motions filed by the defendants in the Securities Class Action to dismiss the Securities Class Action Complaint and entered a Judgment of dismissal on May 11, 2017. Lead Plaintiffs filed a timely Notice of Appeal to the United States Court of Appeals for the Fifth

---

[1] The Securities Class Action is acknowledged and identified in the Disclosure Statement as "Pending Litigation" at page 21 of the Disclosure Statement. See ECF Doc. 390 at page 24 of 100.

[2] A complete copy of the Securities Class Action Complaint is attached as Exhibit 1 to the *Consolidated Response of Lead Plaintiffs in Federal Securities Class Action to Motions of Ashton J. Ryan and Mary Beth Verdigets for an Order for Relief from the Automatic Stay and Other Relief, Filed July 14, 2017 and July 26, 2017.* See ECF Doc. 85-1.

Circuit on May 24, 2017. The Clerk of the U.S. Court of Appeals for the Fifth Circuit entered a briefing schedule for the appeal on June 21, 2017. However, after the Debtor filed a suggestion of bankruptcy later that day, the Clerk, on June 22, 2017, entered a stay of the appeal and suspended all briefing of the appeal pending disposition of First NBC's bankruptcy proceedings.

In these proceedings, Ryan and Verdigets and others filed motions for relief from the automatic stay seeking, *inter alia*, declarations that certain directors and officers liability insurance policies ("***D&O Policies***") and the proceeds of the D&O Policies were not property of the Debtor's bankruptcy estate.[3] With respect to those various motions, on January 26, 2018 this Court entered the *Agreed Order Granting, In Part, Motions for an Order Finding that Directors and Officers Liability Insurance Policy Proceeds are not Property of the Estate or, Alternatively, for Relief from the Automatic Stay* ("***Agreed Order***") and specifically provided that nothing therein constituted a finding that the D&O Policies were property of the Debtor's estate or a finding regarding the applicability of the automatic stay to the proceeds of the D&O Policies.[4] The Agreed Order also imposed a $5 million "soft cap" on the use of D&O Policies' proceeds.[5]

On February 8, 2019, William D. Aaron, Jr, Herbert Anderson, Jr. Dale Atkins, John C. Calhoun, William Carrouche, Leander J. Foley, III, John F. French, Leon Giorgio, Jr., Grish Roy Pandit, Shivan Govindan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Hermann Moyse, III, James Roddy, Charles Teamer, Sr., Joseph Toomy, and Richard M. Wilkinson ("**Movants**"), filed a motion before this Court seeking to increase the previously agreed-upon soft cap from $5 million to $9 million.[6]

---

[3] *See* ECF Doc. 62 at pages 7 through 10, ECF Doc. 70 at page 4, ECF Doc. 178, 185, 224, and 244.
[4] ECF Doc. 325 at page 3.
[5] *Id.*
[6] ECF Doc. 506 at page 1.

**CONDITIONAL OBJECTION**

Lead Plaintiffs support the Movants' position that "the D&O Policies that cover Movants' Defense Costs and Losses are *not property of the Debtor's bankruptcy estate* . . . ."[7]

However, one of the chief goals of the bankruptcy court is to fairly administer the proceedings and distribute assets.[8] The proceeds of the D&O Policies are likely to be significantly less than the amounts due to all claimants. Thus, in fairness and to protect the interests of all claimants to the proceeds of the D&O Policies, if the Court determines that the soft cap should be increased by $4 million for the benefit of the Movants, then an equal $4 million should be set aside from the D&O Policies' proceeds for use in connection with all claimants' claims to the proceeds, including, Lead Plaintiffs' claims on behalf of the Class, against Ryan and Verdigets in the Securities Class Action. Further, if the soft cap is increased again in the future, then the set aside should be increased in an equal amount.

**WHEREFORE**, the Lead Plaintiffs (a) conditionally object to any increase in the soft cap unless there is a corresponding set aside in an equal amount for use in connection with all claimants' claims to the proceeds, including Lead Plaintiffs' claims on behalf of the Class against Ryan and Verdigets in the Securities Class Action; (b) request that if the Court increases the soft cap by $4 million as requested by the Movants, then the Court order that $4 million be set aside from the D&O Policies' proceeds for use in connection with all claimants' claims to the proceeds, including Lead Plaintiffs' claims on behalf of the Class against Ryan and Verdigets in the Securities Class Action; (c) request that future increases in the soft cap be accompanied by an equal increase in the set aside for use in connection with all claimants' claims to the proceeds,

---

[7] *See* ECF Doc. 506 at page 9 (emphasis in original); *id.* ("While insurance *policies* are considered property of a debtor's bankruptcy estate, it does not follow that the *proceeds* of those policies are owned by a debtor . . . .") (citing *Fidelity Bank v. McAteer*, 985 F.2d 114, 117 (3rd Cir. 1993) (emphasis in original).

[8] *See In re Hinsley*, 2003 WL 21356015, at *3 (5th Cir. 2003) (recognizing that one of the bankruptcy court's responsibilities is to "achieve a fair and equitable distribution of assets to the creditors").

including Lead Plaintiffs' claims on behalf of the Class against Ryan and Verdigets in the

Securities Class Action; and (d) further request that this Court grant such other and further relief

as may be just and proper.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,          */s/ Christopher T. Caplinger*
   RANKIN & HUBBARD                CHRISTOPHER T. CAPLINGER (#25357)
                                   MEREDITH S. GRABILL (#35484)
                                   JOSEPH P. BRIGGETT (LA #33029)
                                   601 Poydras Street, Suite 2775
                                   New Orleans, LA 70130
                                   Telephone: (504) 568-1990
                                   Facsimile: (504) 310-9195
                                   Email: ccaplinger@lawla.com;
                                         mgrabill@lawla.com;
                                         jbriggett@lawla.com

And

Of counsel:

BARRACK, RODOS & BACINE
Jeffrey W. Golan
Robert A. Hoffman
Jeffrey B. Gittleman
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Lead Counsel for the Lead Plaintiffs*
*in the Securities Class Action*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon parties
identified below via the Court's CM/ECF System this 1st day of March 2019.

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance
Corporation (FDIC) as Receiver for First NBC Bank: sam.alberts@dentons.com,
docket.general.lit.wdc@dentons.com; malka.zeefe@dentons.com
Serajul Ferdows Ali on behalf of Interested Party United States of

5

America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com, jdelage@stewartrobbins.com; kheard@stewartrobbins.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com, ddeamore@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com, dee.mcgill@dentons.com;sam.alberts@dentons.com;malka.zeefe@dentons.com;lori.odum@dentons.com

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com, akass@reasonoverllc.com; kreasonover@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com, kheard@stewartrobbins.com; jdelage@stewartrobbins.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com, mlopez@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com, vicki.owens@arlaw.com;mary.cuenca@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com, michelle@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Marsha Crowle Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com, mmontiville@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com, cynthia.dugas@pjgglaw.com

Jan Marie Hayden on behalf of Interested Party Directors and Former Directors Group jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com; lhunter@bakerdonelson.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com; lhunter@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com, jmcnair@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC

mlandis@gamb.law, jporche@gamb.law
Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton
amills@fishmanhaygood.com, rhamilton@fishmanhaygood.com
Barbara B. Parsons on behalf of Debtor First NBC Bank Holding Company
bparsons@steffeslaw.com, akujawa@steffeslaw.com;
bparsons@ecf.courtdrive.com
Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance
Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com
Ryan James Richmond on behalf of Creditor Committee Official Unsecured
Creditors' Committee rrichmond@stewartrobbins.com,
kheard@stewartrobbins.com; ryan.richmond.cmecf@gmail.com;
jdelage@stewartrobbins.com
Lacey E Rochester on behalf of Interested Party Directors and Former Directors
Group  lrochester@bakerdonelson.com, gmitchell@bakerdonelson.com;
lhunter@bakerdonelson.com
David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com
Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and
Exchange Commission atlreorg@sec.gov; baddleyd@sec.gov
William E. Steffes on behalf of Debtor First NBC Bank Holding Company
bsteffes@steffeslaw.com,akujawa@steffeslaw.com; schassaing@steffeslaw.com;
bsteffes@ecf.courtdrive.com
Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured
Creditors' Committee dstewart@stewartrobbins.com,
jdelage@stewartrobbins.com; kheard@stewartrobbins.com;
jjohnson@stewartrobbins.com; 6031804420@filings.docketbird.com
Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov
R. Patrick Vance on behalf of Creditor David W. Anderson
pvance@joneswalker.com, nwiebelt@joneswalker.com
Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC
swilliamson@gamb.law, njohnson@gamb.law

*/s/ Christopher T. Caplinger*