# EXHIBIT C

## LITIGATION AND DISTRIBUTION TRUST AGREEMENT

LITIGATION AND DISTRIBUTION TRUST AGREEMENT

Of

FIRST NBC BANK HOLDING CORPORATION

This *Litigation and Distribution Trust Agreement of First NBC Bank Holding Corporation* (the "**Agreement**") is entered to as of this ___ day of _____, 2019, by, between and among, First NBC Bank Holding Company ("**FNBC**" or the "**Debtor**") and Bradley D. Sharp (the "**Litigation and Distribution Trustee**").

WITNESSETH:

WHEREAS, on _____, 2019, the *Joint Chapter 11 Plan of Debtor and Official Committee of Unsecured Creditors* (the "**Plan**"), as filed in the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**") in Chapter 11, Case No. 17-11213, was confirmed by the Bankruptcy Court pursuant to Bankruptcy Code § 1129 (the "**Order**"); and

WHEREAS, the Litigation and Distribution Trustee was selected to serve as Litigation and Distribution Trustee under the Joint Plan by the Official Committee of Unsecured Creditors of the Debtor (the "Committee"); and,

WHEREAS, together with the certain other provisions, the Plan provides for the Debtor and its Estate, and the Litigation and Distribution Trustee to enter into this Agreement relative to the administration of the Litigation and Distribution Trust Assets subsequent to confirmation of the Plan; and

WHEREAS, the Litigation and Distribution Trustee is willing to accept the duties of the Litigation and Distribution Trustee upon such terms and conditions as are hereinafter set forth; and

NOW, THEREFORE, for and in consideration of the premises and mutual covenants herein contained, pursuant to the Plan, FNBC and the Litigation and Distribution Trustee do hereby covenant and agree as follows:

ARTICLE I

Definitions; Interpretive Rules

1. **Defined Terms; Rules of Interpretation**.

    1.1 **Capitalized Terms**. Capitalized terms used herein and not otherwise defined in this Agreement shall have the meanings assigned to them in the Plan. Any term that is not otherwise defined, herein, but that is used in the Bankruptcy Code

1

or the Bankruptcy Rules, will have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. For purposes of this Agreement, Disputed Claims shall be included in the Class which such Claims would be included if such claims were Allowed Claims.

1.2  **Computation of Time**. In computing any period of time prescribed or allowed by this Agreement, the provisions of Bankruptcy Rule 9006(a) will apply.

1.3  **Permitted Investments**. Any of the following: (i) marketable obligations issued or unconditionally guaranteed by the United States of America or an agency thereof maturing or redeemable within 180 days from the date of acquisition thereof; (ii) certificates of deposit, maturing no more than 180 days from the date of creation thereof, issued by commercial banks incorporated under the laws of the United States of America or any state thereof or the District of Columbia having membership in the Federal Deposit Insurance Corporation and in amounts not exceeding the maximum amounts insured thereunder; (iii) time deposits, maturing no more than 30 days from the date of creation thereof with commercial banks or savings banks each having membership in the Federal Deposit Insurance Corporation and in amounts not exceeding the maximum amounts insured thereunder; (iv) money market funds managed by nationally recognized firms and making only investments qualified under (i), (ii), (iii) or (v) herein; (v) variable rate demand notes with a rating from Standard & Poor's of "A-1" or better or from Moody's of "P-1" or better; or (vi) demand deposits at any bank or savings institution organized under the laws of the United States of America or any state thereof or the District of Columbia having membership in the Federal Deposit Insurance Corporation; provided, however, such demand deposits shall be in amounts not to exceed the maximum amounts insured by the Federal Deposit Insurance Corporation.

1.4  **Rules of Interpretation**.  For purposes of this Agreement, unless otherwise provided herein:

    1.4.1  any reference in this Agreement to a contract, instrument, release or other agreement or document being in particular form or any particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions;

    1.4.2  any reference in this Agreement to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified, or supplemented pursuant to this Agreement;

    1.4.3  any reference to any entity as a holder of a Claim includes that entity's successors, assigns, and affiliates;

1.4.4 except as otherwise specified, all references in this Agreement to Sections, Articles, and Exhibits are references to sections, articles, and exhibits of or this Agreement;

1.4.5 the words "herein," "hereunder," and "hereto" refer to this Agreement in its entirety rather than to a particular portion of this Agreement;

1.4.6 the rules of construction set forth in section 102 of the Bankruptcy Code will apply;

1.4.7 except where the context otherwise requires, words importing masculine, feminine or neuter gender shall include the feminine, the masculine and the neuter, as appropriate; words importing the singular number shall include the plural number and vice versa; and words importing persons shall include partnerships, associations, and corporations.

1.5 **Headings**. The headings of the various Sections herein are for convenience of reference only and shall not define or limit any of the terms or provisions hereof.

1.6 **Construction with the Plan**. The Plan is hereby incorporated fully by reference and is made a part hereof for all purposes. In the event of any inconsistency or conflict between the terms, conditions and provisions of this Agreement and the terms, conditions and provisions of the Plan, the terms, conditions and provisions of the Plan shall control.

## ARTICLE II

### Purpose; Administration, Supervision

2.1 **Purpose of Agreement**. FNBC and the Litigation and Distribution Trustee hereby enter in to this Agreement for the following purposes and no other: (a) to hold the Litigation and Distribution Trust Assets for the benefit of the holders of Allowed Claims in Class 2 ("Beneficiaries") (b) to make distributions of the Litigation and Distribution Trust Assets to the Beneficiaries, (c) to have the power and authority to prosecute and resolve, in the names of the Debtor, the Reorganized Debtor and/or the Litigation and Distribution Trustee any Transferred Avoidance Actions and all other claims or causes of action transferred to the Litigation and Distribution Trust pursuant to the Plan, (d) to calculate and make distributions of the Litigation and Distribution Trust Assets to the Holders of Allowed Claims in Class 2, (e) liquidate, transfer or otherwise dispose of the Litigation and Distribution Trust Assets or any part thereof or any interest therein upon such terms as the Litigation and Distribution Trustee determines to be necessary, appropriate or desirable, (f) to reconcile (including to object to, seek to subordinate, recharacterize

3

or settle such Claims) (i) Class 1 and 2 Claims and (ii) except for Claims of Professionals employed by the Debtor or the Committee, all other Claims asserted to be entitled to priority pursuant to Sections 503 or 507 of the Bankruptcy Code, (g) to terminate this Litigation and Distribution Trust in accordance with the terms of the Plan and this Agreement, (h) to provide the Beneficiaries, annually, with unaudited financial statements, (i) to sell, liquidate, dispose of or abandon Litigation and Distribution Trust Assets; and (j) to otherwise carry out its duties under the Plan and complete distribution of the Litigation and Distribution Trust Assets, all in accordance with the Plan and this Agreement. The Litigation and Distribution Trust has no objective to, and will not, engage in the conduct of a trade or business and, subject to this Agreement, will terminate upon the completion of its liquidation and distribution duties. The Litigation and Distribution Trust will be a "representative of the estate" under Section 1123(b)(3)(B) of the Bankruptcy Code.

2.2     **Administration of the Litigation and Distribution Trust Assets**. From and after the Effective Date, the Litigation and Distribution Trustee shall manage, administer, invest and reinvest all of the Litigation and Distribution Trust Assets, collect the income therefrom, and distribute the proceeds, all pursuant to the terms and conditions of the Plan and this Agreement. Notwithstanding anything to the contrary herein, the Litigation and Distribution Trustee shall act in furtherance of, and consistent with, the purpose of the Litigation and Distribution Trust and shall act in the best interests of the Litigation and Distribution Trust Beneficiaries. The Litigation and Distribution Trust, by and through the Litigation and Distribution Trustee, shall be authorized to prosecute any and all Avoidance Actions and Causes of Action in the name of the Debtor.

2.3     **Interests in Litigation and Distribution Trust**. The beneficial interests in the Litigation and Distribution Trust will not be represented by certificates, but rather shall consist of a pro rata share of Litigation and Distribution Trust Assets. Beneficial interests in the Litigation and Distribution Trust will not be transferable except pursuant to the laws of descent and distribution or otherwise by operation of law.

2.4     **No Further Supervision**. The Litigation and Distribution Trustee may use, operate and deal with the Litigation and Distribution Trust Assets without any supervision by the Bankruptcy Court, and free of any restrictions imposed by the Debtor by the Bankruptcy Code or the Bankruptcy Court during the Chapter 11 Case.

## ARTICLE III

### Responsibilities.

3.1 **Responsibilities of the Litigation and Distribution Trustee.**

3.1.1 The responsibilities of the Litigation and Distribution Trustee shall include (i) the receipt, management, supervision, and protection of the Litigation and Distribution Trust Assets on behalf of and for the benefit of the beneficiaries of the Litigation and Distribution Trust; (ii) pursuit of objections to, and estimations and settlements of certain Disputed Claims; (iii) investigation, analysis, prosecution, and, if necessary and appropriate, compromise of the claims and Causes of Action included among the Litigation and Distribution Trust Assets, including, without limitation, the Avoidance Actions and any other claims and Causes of Action transferred to the Litigation and Distribution Trust pursuant to the Plan; (iv) calculation and implementation of all distributions to be made by the Litigation and Distribution Trustee under the Plan to the beneficiaries of the Trust; (v) filing all required federal, state, and local tax returns and paying taxes and all other obligations of the Litigation and Distribution Trust; and (vi) such other responsibilities as may be vested in the Litigation and Distribution Trustee pursuant to the Plan, the Litigation and Distribution Trust Agreement, orders of the Bankruptcy Court, or as necessary and proper to carry out the provisions of the Plan.

3.1.2 The Liquidating Trustee shall act in a fiduciary capacity for the interests of its Beneficiaries.

3.2 INTENTIONALLY DELETED.

3.3 **Post-Effective Date Management.** As provided for in the Plan and herein, the Litigation and Distribution Trustee shall have the exclusive right and duty, to manage the Litigation and Distribution Trust Assets, subject to certain limitations as set forth herein.

3.4 INTENTIONALLY LEFT BLANK.

## ARTICLE IV

### Duties, Rights and Power of Liquidating Trustee and the Debtor

4.1 **Litigation and Distribution Trustee's Duties.** The Litigation and Distribution Trustee shall manage the Litigation and Distribution Trust Assets, collect the income and make distributions, including final distributions, to its beneficiaries as provided under the Plan.

5

4.2 **Litigation and Distribution Trustee's Rights and Powers.** The Litigation and Distribution Trustee shall have the powers and authority as set forth herein and in the Plan necessary to manage the Litigation and Distribution Trust Assets and effect the disposition, orderly liquidation and distribution of all Litigation and Distribution Trust Assets and effect the disposition, orderly liquidation and distribution of all Litigation and Distribution Trust Assets. The rights and powers shall include, subject to the limitations set forth in the Plan and this Agreement, the right and power to:

(a) Subject to any limitations contained in the Plan and herein, pay, compromise, settle, adjust, agree to, investigate, pursue, or contest any and all claims and Causes of Action transferred to the Litigation and Distribution Trust as provided in the Plan and herein;

(b) Pay all taxes, expenses and obligations of the Litigation and Distribution Trust out of the Litigation and Distribution Trust Assets;

(c) Investigate, prosecute and, if necessary, litigate, any and all Avoidance Actions and Causes of Action that may belong to the Debtor or its Estate that are transferred to the Litigation and Distribution Trust pursuant to the Plan, including any Avoidance Action or any other claims or Causes of Action brought by the Debtor or the Unsecured Creditors' Committee on behalf of the Debtor prior to the Effective Date, which Causes of Action, rights to payment and claims as of the Effective Date shall vest solely and exclusively in the Litigation and Distribution Trustee, for the benefit of the Litigation and Distribution Trust, pursuant to the terms of the Plan;

(d)

(i) Invest funds; (ii) make distributions; (iii) pay taxes and other obligations owed by the Litigation and Distribution Trust or incurred by the Litigation and Distribution Trustee; (iv) subject to Sections 4.3 and 4.9 herein, engage and compensate from the Litigation and Distribution Trust Assets, consultants, agents, employees, and professional persons (including, without limitation, attorneys on a contingency fee basis) to assist the Litigation and Distribution Trustee with respect to the Litigation and Distribution Trustee's responsibilities; (v) liquidate and dispose of the Litigation and Distribution Trust Assets; (vi) compromise and settle Claims and Causes of Actions; (vii) act on behalf of the Debtor, its Estate, and the Official Committee of Unsecured Creditors (the "*Committee*") in all civil actions, judicial proceedings, administrative proceedings, adversary proceedings and contested matters (including, without limitation, the Avoidance Actions) pending in the Bankruptcy Court and in all actions and proceedings pending elsewhere; (viii) commence and/or pursue any and all actions involving Litigation and

6

Distribution Trust Assets that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan; (ix) utilize Litigation and Distribution Trust Assets to purchase appropriate insurance to insure the acts and omissions of the Litigation and Distribution Trustee; and (x) act and implement the Plan, the Litigation and Distribution Trust Agreement, and orders of the Bankruptcy Court.

4.2 **Limitations as to Losses.** The Litigation and Distribution Trustee shall not be responsible, and shall have no liability whatsoever, to any person for any loss to the Litigation and Distribution Trust or the amount of interest thereon resulting from the investment thereof in any Permitted Investments. The Litigation and Distribution Trustee shall not invest or reinvest any Litigation and Distribution Trust Assets in a security or instrument that does not constitute a Permitted Investment.

4.3 **Selection of Agents.** Without the need for application to or approval of the Bankruptcy Court, the Litigation and Distribution Trustee may select, determine compensation for and employ attorneys, brokers, consultants, custodians, investment advisors, asset services, auditors, accountants, and other agents (including, without limitation, attorneys, accountants and consultants retained by the Debtor and the Committee during the Chapter 11 Case). The Litigation and Distribution Trustee may avail himself of the services of counsel or special counsel to FNBC or the Committee. Subject to the Plan, the Litigation and Distribution Trustee may pay the salaries, fees and expenses of such agents or consultants out of the Litigation and Distribution Trust Assets. The Litigation and Distribution Trustee shall not be liable for any loss to the Litigation and Distribution Trust or any person interested therein by reason of any mistake or default of any such agent or consultant. Notwithstanding the foregoing, all invoices for such professionals will be submitted to the Litigation and Distribution Trustee for review prior to payment. If the Litigation and Distribution Trustee does not object to a submitted invoice, the invoice will be paid. If the Litigation and Distribution Trustee objects to the invoice, the parties will work in good faith to resolve the objection. If the parties cannot resolve the objection, one or more of the parties may raise the dispute to the Bankruptcy Court for resolution.

4.4 **Signature**. As of the Effective Date of the Plan, the Litigation and Distribution Trustee shall have the sole signature power and authority with respect to the Litigation and Distribution Trust to (a) open and close accounts with any banking, financial or investment institution; (b) make deposits and withdrawals of cash and other property into or from any such account; (c) make or endorse checks with respect to any such account; (d) effectuate purchases and sales of securities and give security purchase and sale orders to brokers or any other third parties and the exercise of such power and authority shall be deemed to be authorized by and to represent the decision of the Litigation and Distribution Trustee then entitled to make such decision.

    4.5    **Maintenance of Register**. The Litigation and Distribution Trustee shall at all times maintain a register of names, address, and amount of Claims in Class 2 as in effect on the Effective Date and as revised from time to time thereafter.

    4.6    **Liability of Litigation and Distribution Trustee**.

        (a)    **Standard of Care**. The Litigation and Distribution Trustee shall have a fiduciary duty to the holders of Allowed Claims in Class 2 to perform the duties expressly provided for by this Agreement. The Litigation and Distribution Trustee shall not be liable for any action taken or omitted to be taken by him or her in good faith and in the exercise of reasonable judgment and believed to be within the discretion or power conferred by this Agreement, or be responsible for the consequences of any act or failure to act, except for gross negligence or willful misconduct. The Litigation and Distribution Trustee shall not have any fiduciary relationship with any party by virtue of this Agreement except as specifically set forth in this Agreement.

            (1)    The Litigation and Distribution Trustee shall not be liable or in any way responsible for the acts or omissions of the Debtor or its agents;

            (2)    Unless indemnified to his satisfaction against liability and expense, the Litigation and Distribution Trustee shall not be compelled to do any act or to take any action toward the execution or enforcement of the powers created under the Plan or this Agreement or to prosecute or defend any suit in respect hereof. If the Litigation and Distribution Trustee requests approval from the Bankruptcy Court with respect to any act or action in connection with the Plan or this Agreement, the Litigation and Distribution Trustee shall be entitled (but shall not be required) to refrain (without incurring any liability to any person by so refraining) from such act or action unless and until he has received such instructions of approval. In no event, however, shall the Litigation and Distribution Trustee or any of his representatives be required to take any action which he reasonably determines could lead to criminal activity or civil liability.

            (3)    The Litigation and Distribution Trustee shall not be responsible in any manner to the Debtor, its Estate, any Claim Holder, or any party in interest for:

                (i)    the creditworthiness of any party and the risks involved to the Debtor or such Claim holder or party in interest;

8

(ii) the effectiveness, enforceability, genuineness, validity, or any due execution of the Plan or this Agreement as to any person other than the Litigation and Distribution Trustee;

(iii) any representation, warranty, document, certificate, report or statement made herein or furnished hereunder or in connection with the Plan or this Agreement not constituting a breach of the standard of care as set forth in this Agreement on the part of the Litigation and Distribution Trustee;

(iv) the existence, priority or perfection of any existing lien, encumbrance or security interest; or

(v) the observation or compliance with any of the terms, covenants or conditions of the Plan or this Agreement on the part of any party other than the Litigation and Distribution Trustee.

(4) The Litigation and Distribution Trustee shall be entitled to rely on negative notice to any Claim holder. At the election of the Litigation and Distribution Trustee in his sole and absolute discretion, and without in any way limiting or impairing the rights and powers of the Litigation and Distribution Trustee to act or forbear from acting on any matter without notice to or consent of any person or entity, the Litigation and Distribution Trustee may send notice of any proposed action or determination not to take action with respect to any matter to holders of Claims, or any subset of such holders of Claims.. Any Claim holder to whom any such notice is sent that fails to object in writing so as to be received by the Litigation and Distribution Trustee on or before three (3) days after service by the Litigation and Distribution Trustee of a proposed action (or determination not to take action) shall be deemed to have consented to such action or determination not to take action.

(5) The Debtors and the Claims holders, and parties in interest, by voting for the Plan and/or accepting the benefits thereof, have agreed not to sue or otherwise pursue or seek damages from the Litigation and Distribution Trustee pursuant to the Plan or this Agreement, except for willful misconduct or gross negligence. The Litigation and Distribution Trust Assets will be used to indemnify, hold harmless and reimburse the Litigation and Distribution Trustee from and against any and all losses, claims, causes of action, damages, fees, expenses, liabilities, and actions for which liability is limited pursuant to this Agreement and Plan.

(b) **Surety Bond**. In order to secure the faithful performance of his duties under the Plan and this Agreement, the Litigation and Distribution Trustee shall obtain at the expense of the Litigation and Distribution Trust and file with the Bankruptcy Court a surety bond, naming the United States as the oblige thereunder, in an amount equal to one hundred percent (100%) of the Cash in the Litigation and Distribution Trust. The surety on such bond shall be among those listed as acceptable sureties on federal bonds in Circular 570 of the United States Department of the Treasury or a similar listing if no longer published. The Litigation and Distribution Trustee may increase the amount of the bond or reduce the amount of the bond from time to time as he deems necessary or proper provided that such amount equals or exceeds the amount of Cash in the Litigation and Distribution Trust. No bond shall be required if and when the value of the Litigation and Distribution Trust Assets shall be less than $100,000.00.

(c) **No Liability for Acts of Predecessor**. No successor Litigation and Distribution Trustee shall be in any way responsible for the acts or omissions of any Litigation and Distribution Trustee in office prior to the date on which such person becomes a Litigation and Distribution Trustee, nor shall he or she be obligated to inquire into the validity or propriety of any such act or omission unless such Litigation and Distribution Trustee expressly assumes such responsibility. Any successor Litigation and Distribution Trustee shall be entitled to accept as conclusive any final accounting and statement of Litigation and Distribution Trust Assets furnished to such successor Litigation and Distribution Trustee by such predecessor Litigation and Distribution Trustee and shall further be responsible only for those Litigation and Distribution Trust Assets included in such statement.

(d) **No Implied Obligations**. The Litigation and Distribution Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and in the Plan, and no other or further covenants or obligations shall be implied into this Agreement. The Litigation and Distribution Trustee shall not be responsible in any manner whatsoever for the correctness of any recitals, statements, representations, or warranties herein or in any documents or instrument evidencing or otherwise constituting a part of the Litigation and Distribution Trust Assets. The Litigation and Distribution Trustee makes no representations as to the value of the Litigation and Distribution Trust Assets or any part thereof, nor as to the validity, execution, enforceability, legality or sufficiency of this Agreement, and the Litigation and Distribution Trustee shall incur no liability or responsibility with respect to any such matters.

(e) **Reliance on Documents or Advice of Counsel or Other Persons**. Except as otherwise provided herein, the Litigation and Distribution Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order and other paper or

10

document reasonably believed to be genuine and to have been signed or presented by the proper party or parties, and shall have no liability or responsibility with respect to the form, execution or validity thereof; nor shall the Litigation and Distribution Trustee be liable for any act which he may do or omit to do hereunder, all subject only to the limitation that the Litigation and Distribution Trustee acts in accordance with the standard of care set forth in Section 4.7(a). None of the provisions hereof shall require the Litigation and Distribution Trustee to expend or risk his own funds or otherwise incur financial liability or expense in the performance of any duties hereunder. The Litigation and Distribution Trustee may consult with its legal counsel and shall not be liable for any action taken or suffered in reliance upon the advice of such counsel.

(f) **No Personal Obligation for Liabilities of the Debtor**. Claims holders and other persons dealing with the Litigation and Distribution Trustee in its respective capacity as Litigation and Distribution Trustee within the scope of this Agreement shall look only to the Litigation and Distribution Trust Assets to satisfy any liability incurred by the Litigation and Distribution Trustee to such person in carrying out the terms of this Agreement, and the Litigation and Distribution Trustee shall have no personal or individual obligation to satisfy any such liability.

4.7 **Reports and Fees**. The Litigation and Distribution Trustee shall provide quarterly statements of receipts and disbursements to the Office of the United States Trustee. The Litigation and Distribution Trustee will be responsible for timely payment from the Litigation and Distribution Trust Assets of the United States Trustee fees incurred pursuant to 28 U.S.C. § 1930(a)(b) subsequent to the Effective Date of the Plan.

4.8 **Withholding and Reporting Requirements**; Tax Treatment of Litigation and Distribution Trust. The Litigation and Distribution Trust will be treated as a "liquidating trust" within the meaning of Section 301.7701-4(d) of the Tax Regulations. The transfer of the Assets to the Litigation and Distribution Trust shall be treated as a transfer to the beneficiaries of the Litigation and Distribution Trust for all purposes of the Internal Revenue Code (e.g., sections 61(a)(12), 483, 1001, 1012, and 1274) followed by a deemed transfer by such beneficiaries to the Litigation and Distribution Trust. The Litigation and Distribution Trust shall be considered a "grantor" trust, and the beneficiaries of the Litigation and Distribution Trust shall be treated as the grantors and deemed owners of the Litigation and Distribution Trust. The Litigation and Distribution Trustee shall value the transferred property and notify the beneficiaries of the Litigation and Distribution Trust, in writing, of such valuations. The assets transferred to the Litigation and Distribution Trust shall be valued consistently by the Litigation and Distribution Trustee and the Trust beneficiaries for all federal income tax purposes. In connection with all Distributions made pursuant to the Litigation and Distribution Trust and all activities of the Litigation and Distribution Trust, the Litigation and Distribution Trustee shall

comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all Distributions made pursuant to the Plan and the Litigation and Distribution Trust will be subject to any such withholding and reporting requirements. The beneficiaries of the Litigation and Distribution Trust shall be treated as the grantors and deemed owners of the Litigation and Distribution Trust. The Litigation and Distribution Trustee shall file tax returns for the Litigation and Distribution Trust as a grantor trust pursuant to 1.671-4(a) of the Income Tax Regulations promulgated pursuant to the United States Internal Revenue Code. *The Litigation and Distribution Trustee may require beneficiaries of the Litigation and Distribution Trust to furnish to the Litigation and Distribution Trustee its, his or her employer or taxpayer identification number ("TIN") as assigned by the Internal Revenue Service, and the Litigation and Distribution Trustee may condition any Distribution to any such beneficiaries upon receipt of such identification number. If a beneficiary shall fail to provide the Litigation and Distribution Trustee with any requested TIN within 90 days after the request, such failure shall be deemed a waiver of all of such beneficiaries' interests in the Litigation and Distribution Trust and rights to Distribution under the Plan. Distributions that would have been made to such beneficiary shall be distributed to the other beneficiaries of the Litigation and Distribution Trust based on their pro rata interests in the Litigation and Distribution Trust.*

      4.9    **Litigation and Distribution Trustee's Compensation**. The Litigation and Distribution Trustee's compensation shall be based upon hourly rates typically charged in the conduct of the Litigation and Distribution Trustee's business.

In addition to reimbursements for the actual reasonable and necessary expenses incurred, the Litigation and Distribution Trustee, and any employees, agents, consultants, or professionals engaged or retained by the Litigation and Distribution Trustee, shall be entitled to reasonable compensation from the Litigation and Distribution Trust Assets for services rendered in connection with performance of the duties of the Litigation and Distribution Trustee, as set forth above.

Subject to Section 4.4 herein, with respect to compensation and expense reimbursement of any agents, consultants, employees, and/or professionals engaged or retained by the Litigation and Distribution Trust and the Litigation and Distribution Trustee, such compensation shall be in an amount and on such terms as may be agreed to by the Litigation and Distribution Trustee and such agents, consultants, employees, and/or professionals. The Litigation and Distribution Trustee may retain, compensate, employ and pay, including on a contingency basis, any and all professionals and employees (including attorneys) without need for notice or any order of this Court, on such terms and conditions as the Litigation and Distribution Trustee deems appropriate.

4.10 **Reimbursements**. The Litigation and Distribution Trustee and any agents or consultants employed pursuant to this Agreement shall be reimbursed as a priority from the Litigation and Distribution Trust Assets for all reasonable out-of-pocket expenses incurred in performance of their duties hereunder in addition to any compensation received.

4.11 **Indemnification**. Pursuant to this Agreement and the Plan, the Litigation and Distribution Trustee shall be indemnified by, held harmless and receive reimbursement from Litigation and Distribution Trust Assets for any and all claims, actions, demands, losses, damages, expenses, and liabilities, including without limitation, court costs, attorneys' fees and accountants' fees incurred in compliance with the standard of care set forth in Section 4.7(a). Notwithstanding the above, the Litigation and Distribution Trustee shall not be entitled to indemnification in the event that a court of competent jurisdiction determines that such person has incurred losses or claims as a result of actions or omissions that breach that standard of care.

4.12 **Current Taxation of Earnings**. All earnings of the Litigation and Distribution Trust, including those retained in a Distribution Reserve established pursuant to section 5.1 below, shall be taxed on a cash basis for the calendar year in which such earnings are recognized.

## ARTICLE V

### Distributions And Treatment of Disputed Claims

5.1 **Establishment of Reserves**. The Litigation and Distribution Trustee shall establish the Distribution Reserve from the Litigation and Distribution Trust Assets as the Litigation and Distribution Trustee determines may be appropriate. Thereafter, as Litigation and Distribution Trust Assets are liquidated and reduced to Cash, the Litigation and Distribution Trustee shall fund the Distribution Reserve with such Cash as practicable.

5.2 **Disbursing Agent**. The Litigation and Distribution Trustee, or an agent employed by the Litigation and Distribution Trustee, shall serve as a "disbursing agent" and shall make all Distributions to the beneficiaries of the Litigation and Distribution Trust derived from Litigation and Distribution Assets as provided for under the Plan.

5.3 **Distributions**. As of the Effective Date, to the extent there exist Disputed Claims in any Class, the Litigation and Distribution Trustee shall reserve from any Distributions, an amount equal to the Pro Rata portion of such Distribution to which such Disputed Claim would be entitled if allowed in the amount asserted by the Holder of such Disputed Claim. If a Disputed Claim is allowed, in part or in full,

then the Litigation and Distribution Trustee shall distribute to the Holder of any such Claim an amount equal to such Holder's Pro Rata share, based on such Allowed Claim, of all Distributions previously made to Holders of Allowed Claims in the Class of Claims at issue.

5.4  **Rounding**. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent, with one-half cent being rounded up to the nearest whole cent. To the extent Cash remains undistributed as a result of the rounding of such fraction to the nearest whole cent, such Cash shall be treated as unclaimed property under the Plan.

5.5  **Payment or Distribution Upon Resolution of Disputed Claims**. Except as the Litigation and Distribution Trustee may otherwise agree with respect to any Disputed Claim, no payments or distributions shall be made with respect to any portion of a Disputed Claim unless and until (a) all objections to such Disputed Claim have been resolved or determined by a Final Order of the Bankruptcy Court, or (b) the Bankruptcy Court shall have entered an order treating any portion of a Disputed Claim as an Allowed Claim. Payments and distributions to each holder of a Disputed Claim to the extent that it ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class of Claims to which such Allowed Claim belongs. A Disputed Claim that is estimated for purposes of allowance and distribution pursuant to section 502(c) of the Bankruptcy Code and which is estimated and Allowed at a fixed amount by Final Order of the Bankruptcy Court shall thereupon be an Allowed Claim for all purposes in the amount so estimated and Allowed.

5.6  **Unclaimed Property**. The Litigation and Distribution Trustee will make all reasonable efforts to locate holders of Allowed Claims in Class 2: however, if any Distributions remain unclaimed six (6) months after the original date of Distribution of such Claims, the unclaimed Distributions will be redistributed on a Pro Rata basis to all known and locatable holders of Allowed Claims in Class 2 if such a Distribution, after expenses of Distribution, would produce an aggregate minimum dividend of $50,000. If such Distribution would produce an aggregate dividend of less than $50,000, the Litigation and Distribution Trustee may donate any remaining Cash allocable to any unclaimed Distributions to a charitable institution. After such donation, the Litigation and Distribution Trustee, and his agents and Professionals will be fully discharged and released from any claims related to the unclaimed Distributions.

5.7  **Setoff**. The Litigation and Distribution Trustee may, but shall not be required to, setoff against any Claim (and the distributions to be made pursuant to this Plan with respect to such Claim), claims of any nature whatsoever that the Debtor, its Estate, the Committee, or the Litigation and Distribution Trust may have

14

against the holder of such Claim. Notwithstanding the foregoing, the failure to effect such a setoff will not constitute a waiver or release by the Litigation and Distribution Trust of any such claim against such holder.

## ARTICLE VI

### Beneficiaries

6.1 **Interest Beneficial Only**. The ownership of a beneficial interest in the Litigation and Distribution Trust shall not entitle any Beneficiary to any title in or to the Litigation and Distribution Trust Assets or to any right to call for a partition or division of such assets or to require an accounting except as may be specifically provided herein, in the Plan or the Confirmation Order.

6.2 **Ownership of Beneficial Interests Hereunder**. Each Beneficiary shall have a beneficial interest in the Litigation and Distribution Trust solely to the extent that such Beneficiary is entitled to a distribution from the Litigation and Distribution Trust pursuant to the Plan or the Confirmation Order. Each Beneficiary shall cease to own a beneficial interest in the Litigation and Distribution Trust and cease to be a Beneficiary hereunder for all purposes immediately upon completion of the Distribution by the Litigation and Distribution Trustee to such Beneficiary as required by this Litigation and Distribution Trust Agreement, the Plan and the Confirmation Order.

6.3 **Standing of Beneficiary**. No Beneficiary shall have standing to direct the Litigation and Distribution Trustee to do or not to do any act other than as described herein.

## ARTICLE VII

### Objections to Claims

Following the Effective Date, the Litigation and Distribution Trustee shall be authorized to object, or to succeed or otherwise join any objection filed by the Debtor prior to the Effective Date, to Claims in Classes 1 and 2 as well as any other Claims asserted to be entitled to priority pursuant to Sections 503 or 507 of the Bankruptcy Code (except for Claims of Professionals employed by the Debtor or the Committee) so as to have the Bankruptcy Court determine the amounts to be allowed, if any, of such Claims and thus paid pursuant to the Plan. The Litigation and Distribution Trustee shall have no right to object to any Equity Interests nor to Claims of Professionals employed by the Debtor or the Committee. Objections to Claims shall be filed with the Bankruptcy Court and served upon the holders of such Claims as set forth in the Plan; provided, however, that any deadline may be extended by the Bankruptcy Court upon the entry of an order by the Bankruptcy Court extending

15

such deadline. An objection to the allowance of a Claim by the Litigation and Distribution Trustee must be filed with the Bankruptcy Court and served upon the holder of the Claim and all parties who have requested notice.

Notwithstanding the foregoing, unless an order of the Bankruptcy Court specifically provides for a later date, any proof of claim for pre-petition debts of the Debtor filed after the Bar Dates shall be disallowed as a late-filed claim, without any action by the Debtor or Litigation and Distribution Trustee, unless and until the party filing such Claim obtains (i) the written consent of the Litigation and Distribution Trustee to file such Claim late or (ii) approval from the Bankruptcy Court upon notice to the Debtor and Litigation and Distribution Trustee that permits the late filing of the Claim, in which event, the Litigation and Distribution Trustee shall have 120 days from the date of such written consent or order to object to such Claim, which deadline may be extended by the Bankruptcy Court upon motion of the Debtor.

From and after the Effective Date, the Litigation and Distribution Trustee shall litigate to judgment, propose settlements of, or withdraw objections to all Disputed Claims.

## ARTICLE VIII

### Appointment, Removal and Resignation of Litigation and Distribution Trustee

8.1 **Appointment of Litigation and Distribution Trustee; Acceptance of Appointment**. Bradley D. Sharp is hereby appointed to serve as the initial Litigation and Distribution Trustee hereunder and pursuant to the Plan. Bradley D. Sharp is willing to, and does hereby, accept the appointment to serve as the initial Litigation and Distribution Trustee, and to hold and administer the Litigation and Distribution Trust Assets pursuant to the terms of the Plan and this Agreement.

8.2 **Removal of the Litigation and Distribution Trustee**. A Litigation and Distribution Trustee appointed pursuant to this Agreement may be removed with cause by order of the Bankruptcy Court after notice and opportunity for a hearing. For purposes of this Agreement, the term "cause" shall mean: (a) the Litigation and Distribution Trustee's gross negligence or willful failure to perform his duties under this Agreement; (b) the Litigation and Distribution Trustee's misappropriation or embezzlement of any Litigation and Distribution Trust Assets or the proceeds thereof; or (c) the Litigation and Distribution Trustee's continued or repeated negligence or failure to perform his duties hereunder. If a Litigation and Distribution Trustee is removed, or is unwilling or unable to serve (1) by virtue of his inability to perform his duties under this Agreement due to death, illness or other physical or mental disability, (2) following the liquidation of all or substantially all of the Litigation and Distribution Trust Assets, or (3) for any other reason whatsoever, such

Litigation and Distribution Trustee shall be entitled to all accrued and unpaid fees, reimbursement, and other compensation, to the extent incurred or arising or relating to events occurring before such removal, and to any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties and all rights to any successor Litigation and Distribution Trustee.

        8.3    **Resignation of Litigation and Distribution Trustee**. A Litigation and Distribution Trustee may resign upon motion to the Bankruptcy Court, which resignation shall become effective at the time specified by the Court, contemporaneous with the appointment of a successor Litigation and Distribution Trustee. If a Litigation and Distribution Trustee resigns from his or her position hereunder, subject to a final accounting and the approval of the Bankruptcy Court, such Litigation and Distribution Trustee shall be entitled to all accrued unpaid fees, reimbursement, and other compensation to the extent incurred or arising or relating to events occurring before such resignation, and any out-of-pocket expenses reasonably incurred in connection with the transfer of all powers and duties to the successor Litigation and Distribution Trustee.

        8.4    **Successor Litigation and Distribution Trustee**. In the event that a Litigation and Distribution Trustee is removed, resigns, or otherwise ceases to serve as Litigation and Distribution Trustee, a successor Litigation and Distribution Trustee shall be appointed by the Oversight Committee.

## ARTICLE IX

### Effect of Agreement on Third Parties

        9.1    **Effect of Agreement on Third Parties**. There is no obligation on the part of any purchaser or purchasers from the Litigation and Distribution Trustee or any agent of the Litigation and Distribution Trustee, or on the part of any other person dealing with the Litigation and Distribution Trustee or any agent of the Litigation and Distribution Trustee, to see to the application of the purchase money or other consideration paid or delivered to the Litigation and Distribution Trustee, or any agent of the Litigation and Distribution Trustee, or to inquire in to the validity, expediency, or propriety of any such transaction, or the authority of the Litigation and Distribution Trustee, or any agent of the Litigation and Distribution Trustee, to enter into or consummate the same upon such terms as the Litigation and Distribution Trustee may deem advisable.

## ARTICLE X

### Waiver

10.1 **Waiver.** No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

## ARTICLE XI

### Termination of the Agreement; Amendment of the Agreement

11.1 **Termination of the Agreement.** This Agreement will terminate only upon authorization of the Bankruptcy Court. The duties, responsibilities and powers of the Litigation and Distribution Trustee shall terminate after (i) all Causes of Action transferred and assigned to the Litigation and Distribution Trust or involving the Litigation and Distribution Trustee on behalf of the Litigation and Distribution Trust, including, but not limited to, the Avoidance Actions, are fully resolved, and (ii) the Litigation and Distribution Trust Assets have been distributed on the final Distribution Date in accordance with the Plan and Litigation and Distribution Trust Agreement. Notwithstanding the foregoing, this Agreement and the Litigation and Distribution Trust shall terminate on the later of the fifth (5th) year from the date hereof or such extended finite period(s) as approved by the Bankruptcy Court within six (6) months of the beginning of any such extended term(s),

11.2 **Amendment of Agreement.** Except as otherwise set forth herein, any provisions of the Agreement may, consist with the terms of the Plan, be amended, modified, terminated, revoked or altered only upon Bankruptcy Court approval.

## ARTICLE XII

### Miscellaneous

12.1 **Severability.** If any one or more of the provisions herein, or the application thereof in any circumstances, is held invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforceability of any such provision in every other respect, and of the remaining provisions, shall not be in any way impaired or affected. In such event, there shall be added as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable. The effective date of the added provision shall be the date upon which the prior provision was held to be invalid, illegal or unenforceable.

      12.2  **Entire Agreement**. This Agreement, the Plan and the Confirmation Order constitute the entire agreement of the parties and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. In the event of any inconsistency between this Agreement and the Plan, the Plan shall govern. Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto and their respective heirs, administrators, executors, successors, and assigns any rights or remedies under or by reason of this Agreement.

      12.3  **Waiver of Jury Trial**. Each party to this Agreement hereby irrevocably waives all right to trial by jury in any action, proceeding or counterclaim arising out of or relating to this agreement or the transactions contemplated hereby.

      **IN WITNESS WHEREOF**, the undersigned have caused this instrument to be executed as of the day and year first above written to evidence their counsel and agreement with the terms and provisions of this Agreement.

| FIRST NBC BANK HOLDING COMPANY | LITIGATION AND DISTRIBUTION TRUSTEE |
|---|---|
| By: <br> Its: | <br> Bradley D. Sharp |