**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| In re: | CASE NO. 17-11213 |
|---|---|
| **FIRST NBC BANK HOLDING COMPANY,** | SECTION "A" |
| Debtor. | CHAPTER 11 |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**AMENDED DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN**
**FOR FIRST NBC BANK HOLDING COMPANY**

**NOW INTO COURT** comes Dave W. Asbach, Acting United States Trustee for Region 5, by and through undersigned counsel, and hereby objects to the adequacy of the Amended Disclosure Statement Relating to Joint Chapter 11 Plan for First NBC Bank Holding Company dated May 3, 2019 (the "Amended Disclosure Statement").[1] In support thereof, the U. S. Trustee respectfully states, as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. First NBC Bank Holding Company ("Debtor"), a public company previously listed on the NASDAQ exchange, is a holding company for First NBC Bank.[2] First NBC Bank was closed by the Louisiana Office of Financial Institutions on April 28, 2017, and the Federal Deposit Insurance Corporation ("FDIC") was named as receiver.[3]

3. Shortly thereafter, on May 11, 2017, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.[4]

---

[1] [P-559]
[2] *Id.*, p. 22.
[3] *Id.*
[4] [P-1]

4. On May 18, 2017, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)[5], and the Committee was reconstituted with the addition of a member on May 23, 2017.[6] No Chapter 11 Trustee has been appointed in the bankruptcy case, and the Debtor remains in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

5. On May 3, 2019, Debtor and the Committee filed the Amended Disclosure Statement[7] and Joint Chapter 11 Plan of Reorganization for First NBC Bank Holding Company ("Amended Joint Plan").[8] Concurrently with these pleadings, Debtor filed a Motion for Entry of Order (1) Establishing Bid Procedures for Solicitation and Vote Tabulation; (2) Approving Form of Ballots; and (3) Approving Form, Manner and Notice Procedures for Equity Security Holders ("Bid Procedures Motion").[9]

6. Section 1125 of the Bankruptcy Code provides that a disclosure statement must contain "adequate information". "Adequate information" is defined in § 1125(a)(1) to mean information of a kind, and in sufficient detail, that would enable a hypothetical reasonable investor to make an informed judgment about the plan.

7. Such information is important, because creditors rely on a debtor's disclosure statement to form their ideas about what sort of distribution or other assets they will receive, and also what risks they will likely face. *In re Radco Properties, Inc.*, 402 B.R. 666, 682 (Bankr. E.D.N.C. 2009) (citations omitted). Thus, the primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept a plan. *See In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985). Without "sufficient financial and operational

---

[5] [P-25]
[6] [P-30]
[7] [P-559]
[8] [P-558]
[9] [P-560]

information to enable each participant to make an 'informed judgment' whether to approve or reject the proposed plan," the proposed disclosure statement fails to meet the requirements of § 1125(a)(1). *In re Civitella*, 15 B.R. 206, 208 (Bankr. E.D. Pa. 1981).

8. The court's determination of whether a disclosure statement contains adequate information is subjective and made on a case-by-case basis. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir.1988).

9. The U.S Trustee objects to the approval of the Amended Disclosure Statement for the following reasons:

a. The Amended Joint Plan may contain provisions that are patently unconfirmable. Specifically, the Amended Joint Plan states:

> "In the event that no holder of Class 3 […] submits a timely Ballot accepting or rejecting the Plan, such failure shall be deemed to be and will be considered by the Bankruptcy Court as an acceptance of the Plan by Class 3 […] and an election of the Cash Option treatment provided for such holder under the Plan.
>
> In the event that a holder of a Class 2 Claim or Class 3 […] fails to timely elect the Debt Option, then such failure shall be deemed to be an election of the Cash Option by such holder."[10]

Similar language is echoed in the Amended Disclosure Statement and Bid Procedures Motion. In short, Debtor intends to treat the failure to submit a ballot not only as an acceptance of the Plan, but also as an election of certain post-confirmation treatment.

Debtor has provided no authority to support this proposed treatment of Classes 2 and 3. The one circumstance in the Bankruptcy Code that "deems" a creditor to have accepted a plan is in § 1126(f), which provides that a creditor that is not impaired is conclusively deemed to have accepted the plan. Rule 3018(c) requires acceptance or rejection of the plan to be in writing, and to conform to the appropriate official form. While "there is a split in authority as to

---

[10] [P-558], p. 24 of 55.

whether a class where nobody casts a ballot should be deemed to accept,"[11] at least one Bankruptcy Court in the Fifth Circuit held in an unpublished opinion that, "[b]y the explicit language of the Bankruptcy Code and [Federal Rules], […] a creditor who does not vote is not deemed to have accepted the plan and the creditor's acceptance cannot be implied."[12] Other courts have held the same. *See In re Vita Corp.*, 380 B.R. 525, 527-528 (C.D. Ill. 2008) (collecting cases). Thus, Debtor should explain how its treatment of Classes 2 and 3 comport with the requirements of the Bankruptcy Code and Rules, and allow for confirmation under 11 U.S.C. § 1129.

        b.      The Amended Disclosure Statement does not provide adequate information about the Litigation and Distribution Trust and the compensation of the Trustee. The Amended Disclosure Statement provides only that the Trustee will be entitled to "reasonable compensation."[13] Exhibit C to the Amended Disclosure Statement states that the Trustee's compensation will be based on "hourly rates typically charged in the conduct of the Litigation and Distribution Trustee's business." The Debtor should disclose the rates.

        c.      The Amended Disclosure Statement does not disclose the approximate amount of administrative and priority claims to be paid on the Plan Distribution Date. While the Debtor does describe the establishment of an Administrative Expense and Priority Reserve to provide for the payment of priority tax and other administrative claims,[14] and the funding thereof, the Amended Disclosure Statement does not provide an estimated total administrative and priority claims to be paid from the reserve. Section 1123(a)(5) of the Bankruptcy Code

---

[11] *In re Batista-Sanechez*, 502 B.R. 227, 231 (Bankr. N.D. Ill. 2013)
[12] In re Castadena, No. 09-50101, 2009 WL 3756569, at *1 (Bankr. S.D. Tex. 2009).
[13] Id., p. 41 of 55.
[14] Id., p. 5, 22, and 27 of 55.

requires that a plan "provide adequate means for the plan's implementation," and the Debtor should amend the disclosure statement to include the estimated claim amounts.

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny approval of the Amended Disclosure Statement or order further amendment to provide additional information. The United States Trustee additionally requests all other and further relief as the Court deems appropriate.

        Respectfully submitted,

        DAVID W. ASBACH
        Acting United States Trustee
        Region 5, Judicial Districts of
        Louisiana and Mississippi

        by: *s/Amanda Burnette George*
        AMANDA BURNETTE GEORGE (31642)
        Trial Attorney, Office of the U.S. Trustee
        400 Poydras Street, Suite 2110
        New Orleans, LA 70130
        Telephone no. (504) 589-4018
        Facsimile no. (504) 589-4096
        Amanda.B.George@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | CASE NO. 17-11213 |
| **FIRST NBC BANK HOLDING COMPANY,** | SECTION "A" |
| Debtor. | CHAPTER 11 |

**CERTIFICATE OF SERVICE**

      This is to certify that copies of the foregoing U.S. Trustee's Objection to Amended Disclosure Statement for Joint Chapter 11 Plan for First NBC Bank Holding Company were served on June 5, 2018 via CM/ECF NOTICE upon:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank
sam.alberts@dentons.com, docket.general.lit.wdc@dentons.com;malka.zeefe@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury
serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee
baltazan@stewartrobbins.com, jdelage@stewartrobbins.com;kheard@stewartrobbins.com;aleblanc@stewartrobbins.com;baltazan@ecf.courtdrive.com;kheard@ecf.courtdrive.com;aleblanc@ecf.courtdrive.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group
bballay@bakerdonelson.com, ddeamore@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank
jay.beatmann@dentons.com, dee.mcgill@dentons.com;sam.alberts@dentons.com;malka.zeefe@dentons.com;lori.odum@dentons.com

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones
nberg@reasonoverllc.com, akass@reasonoverllc.com;kreasonover@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee
bbrown@stewartrobbins.com, kheard@stewartrobbins.com;jdelage@stewartrobbins.com;bbrown@ecf.courtdrive.com;kheard@ecf.courtdrive.com;aleblanc@ecf.courtdrive.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action
ccaplinger@lawla.com, mlopez@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton
ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank

cheathamrb@arlaw.com, vicki.owens@arlaw.com;mary.cuenca@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company
leo@congenilawfirm.com, michelle@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group
ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Marsha Crowle
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets
Jonathan.Edwards@alston.com, leslie.salcedo@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson
efutrell@joneswalker.com, mmontiville@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee
amanda.b.george@usdoj.gov

Eric Goldstein on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
egoldstein@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets
aaron.greenbaum@pjgglaw.com, cynthia.dugas@pjgglaw.com

Jan Marie Hayden on behalf of Creditor Herbert Anderson, Jr.
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Creditor James Roddy
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Creditor William Carrouche
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Creditor William D. Aaron, Jr.
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Interested Party Directors and Former Directors Group
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones
jhayden@bakerdonelson.com, gmitchell@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo
jlandis@stonepigman.com, jmcnair@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC
mlandis@hellerdraper.com, kfritscher@hellerdraper.com

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton
amills@fishmanhaygood.com, rhamilton@fishmanhaygood.com

Barbara B. Parsons on behalf of Debtor First NBC Bank Holding Company
bparsons@steffeslaw.com, akujawa@steffeslaw.com;bparsons@ecf.courtdrive.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank
areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee
rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group
lrochester@bakerdonelson.com, gmitchell@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party
drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission
atlreorg@sec.gov;baddleyd@sec.gov

William E. Steffes on behalf of Debtor First NBC Bank Holding Company
bsteffes@steffeslaw.com, akujawa@steffeslaw.com;schassaing@steffeslaw.com;bsteffes@ecf.courtdrive.com

Paul Douglas Stewart, Jr. on behalf of Attorney Stewart Robbins & Brown, LLC
dstewart@stewartrobbins.com, jdelage@stewartrobbins.com;kheard@stewartrobbins.com;aleblanc@ecf.courtdrive.com;aleblanc@stewartrobbins.com;dstewart@ecf.courtdrive.com;kheard@ecf.courtdrive.com;stewartdr80984@notify.bestcase.com

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee
dstewart@stewartrobbins.com, jdelage@stewartrobbins.com;kheard@stewartrobbins.com;aleblanc@ecf.courtdrive.com;aleblanc@stewartrobbins.com;dstewart@ecf.courtdrive.com;kheard@ecf.courtdrive.com;stewartdr80984@notify.bestcase.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

R. Patrick Vance on behalf of Creditor David W. Anderson
pvance@joneswalker.com, nwiebelt@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC
swilliamson@gamb.law, njohnson@gamb.law

By:*/s/ Amanda B. George*
AMANDA B. GEORGE (31642)
Trial Attorney
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone: (504) 589-4018
Direct: (504) 589-4092
Facsimile: (504) 589-4096
Amanda.B.George@usdoj.gov