UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST NBC BANK HOLDING COMPANY | ) | Case No. 17-11213 |
| | ) | |
| Debtor | ) | Section A |
| | ) | |

**DEBTOR'S OMNIBUS OBJECTION TO ASSERTED
PRIORITY OF UNSECURED CLAIMS**

**PLEASE TAKE NOTICE:**

**CLAIMANTS WHO HAVE RECEIVED THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN THIS OBJECTION, LISTED ALPHABETICALLY AND BY CLAIM NUMBER. THIS OBJECTION APPLIES TO THE FOLLOWING CLAIMS. IF YOUR CLAIM IS LISTED BELOW, THE DEBTOR SEEKS TO HAVE THE BANKRUPTCY COURT LIMIT OR DISALLOW SUCH CLAIM. YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY AS TO YOUR LEGAL RIGHTS.**

| | |
|---|---|
| **FRED BEEBE** | **Claim No. 10-1** |
| **ROBERT BRADFORD CALLOWAY** | **Claim No. 8-1** |
| **ARCHIE N. DUPLANTIS, JR.** | **Claim No. 85-1** |
| **DEAN HAINES** | **Claim No. 13-1** |
| **GEORGE JOURDAN** | **Claim No. 3-1** |
| **MICHAEL LeBEAU** | **Claim No. 4-1** |
| **MICHAEL LULICH** | **Claim No. 14-1** |
| **KEVIN P. REED** | **Claim No. 6-1** |
| **WILLIAM ROOHI** | **Claim No. 7-1** |

Now into Court, through undersigned counsel, comes First NBC Bank Holding Company (the "*Debtor*"), debtor herein, which files this Omnibus Objection to Asserted Priority of Unsecured Claims ("*Objection*") seeking to limit or disallow certain claims filed in the claims register of the above captioned case for the reasons set forth below.

**Background**

1.

On May 11, 2017 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("***Bankruptcy Code***"). The Office of the United States Trustee has appointed an official committee of unsecured creditors (the "***Committee***"); and, the Debtor continues to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.

No request for the appointment of a trustee or examiner has been made in this chapter 11 case (the "***Chapter 11 Case***").

3.

This Court established October 20, 2017 as the general bar date for filing proofs of claim [Doc. 119].

4.

The Debtor asserts the following Objections to claim nos. 10-1, 8-1, 85-1, 13-1, 3-1, 4-1, 14-1, 6-1 and 7-1 as follows:

I. **OBJECTION TO CLAIM OF FRED BEEBE, CLAIM NO. 10-1**

Fred Beebe filed Proof of Claim No. 10-1 asserting an unsecured claim, in the total amount of $2,951.35, as entitled to priority under 11 U.S.C. § 507(a)(5). Although the amount claimed is under the statutory cap on priority ("Priority Cap Amount") of $12,850.00, the attachments to Proof of Claim No. 10-1 do not indicate what amounts in the account were attributable to services provided within 180 days of the Petition Date. For this reason, the Debtor objects to allowance of Proof of Claim No. 10-1 as a priority unsecured claim, and requests that to the extent the claim is

for services outside such 180 – day window, that such claim be disallowed as a priority unsecured claim and recharacterized as a general unsecured claim.

## II. OBJECTION TO CLAIM OF ROBERT BRADFORD CALLOWAY, CLAIM NO. 8-1

Robert Bradford filed Proof of Claim No. 8-1 asserting an unsecured claim, in the total amount of $28,259.54, as entitled to priority under 11 U.S.C. § 507(a)(5). Section 507(a)(5) provides priority for claims arising from contributions to an employee benefit plan, but limits such priority only to those claims (i) from services rendered within 180 days prior to the Petition Date, and (ii) caps such claim individually to $12,850.00. Bradford also filed Proof of Claim No. 9-1 asserting entitlement to a priority unsecured claim in the amount of $866.64 arising from contributions to an employee heath savings plan.

The total amount of Bradford's asserted claim well exceeds the Priority Cap Amount. Moreover, documentation attached to the Bradford proof of claim indicates only a balance in the account, but does not indicate what amounts were attributable to the 180 days prior to the Petition Date. To the extent that the claim asserted is in excess of amounts arising from services rendered within 180 days prior to the Petition Date, the Debtor objects to allowance of Proof of Claim No. 8-1 as a priority unsecured claim. Moreover, to the extent that such amounts exceed the Priority Cap Amount of $12,850.00, the Debtor requests that such priority be limited to $11,983.36[1] and the remainder of the claim recharacterized as a general unsecured claim.

## III. OBJECTION TO CLAIM OF ARCHIE N. DUPLANTIS, JR., CLAIM NO. 85-1

Archie N. Duplantis, Jr. filed Proof of Claim No. 85-1 asserting an unsecured claim, in the amount of $8,500.00, and further that such claim is entitled to priority under 11 U.S.C. § 507(a)(4).

---

[1] Because Reed filed Proof of Claim No. 9-1 in the amount of $866.64 to which the Debtor does not object, the statutory cap would limit allowance of all §507(a)(4) and (a)(5) claims to a maximum aggregate of $12,850.00. Debtor believes that allowance of the Claim No. 9-1 reduces the priority availability for Claim No. 8-1 to $11,983.36.

Duplantis filed such claim on May 31, 2018. The asserted basis for the claim is "engineering services performed pursuant to 1-24-17 contract." *See*, POC No. 85-1, p. 2. The contract is attached to the proof of claim and makes clear that Duplantis was engaged[2] as an independent contractor, not an employee. Further, the attached contract does not indicate that Duplantis was engaged by the Debtor to sell the Debtor's goods or services on a commission basis.

As an initial matter, this Court entered an Order fixing the last date to file proofs of claim and setting October 20, 2017 as such bar date. *See*, Doc. 119. Proof of Claim No. 85-1 was filed on May 31, 2018, well beyond the claims filing bar date fixed by this Court.[3] The Debtor objects to allowance of Proof of Claim No. 85-1 in its entirety to the extent that Duplantis had notice of the bankruptcy case and failed to file Proof of Claim No. 85-1 prior to the expiration of the October 20, 2017 claims bar date.

In the event that this Court determines that Proof of Claim No. 85-1 was or is deemed to have been timely filed, the Debtor further objects to allowance of Proof of Claim No. 85-1 as a priority unsecured claim. Priority status under § 507(a)(4) authorizes priority for wages and salaries of employees, and as to independent contractors, only for commissions owed to such independent contractors for sale of the Debtor's goods and services.[4] The Duplantis contract makes clear that Duplantis is not an employee. Furthermore, Duplantis was not an independent contractor working on commission for the sale of the Debtor's goods and services. The contract and other attachments to the Duplantis claim indicate that Duplantis was engaged to perform

---

[2] The introductory paragraph of the contract indicates that the Debtor is party to the contract; however, the signature block of the contract indicates that the signatory binding itself to the contract was not the Debtor, but, instead, First NBC Bank.

[3] The Debtor acknowledges that the Certificate of Service relating to this Court's bar date order (Doc. 123) does not include Duplantis; however, no request to extend the bar date for lack of notice has been filed by Duplantis.

[4] *See generally*, Collier on Bankruptcy, P507.06[3][c] at 507-29 – 5-7-30. A number of other qualifications exist for the claim of an independent contractor to qualify for priority status. *See*, *In re EcoSmart, Inc.*, 2015 Bankr. LEXIS 4244, *14-24.

professional services for the Debtor on an hourly basis. As such, Duplantis cannot claim priority unsecured status under 11 U.S.C. § 507(a)(4). For these reasons, the Debtor objects to allowance of such claim as having priority status and requests, to the extent such claim is allowable in the first instance, that it be allowed only as a general unsecured claim.

IV. **OBJECTION TO CLAIM OF DEAN HAINES, CLAIM NO. 13-1**

Dean Haines filed Proof of Claim No. 13-1 asserting an unsecured claim, in the total amount of $13,640.32, as entitled to priority under 11 U.S.C. § 507(a)(5). Section 507(a)(5) provides priority for claims arising from contributions to an employee benefit plan, but limits such priority only to those claims (i) from services rendered within 180 days prior to the Petition Date, and (ii) caps such claim individually to $12,850.00.

The total amount of Haines' asserted claim exceeds the Priority Cap Amount. Moreover, documentation attached to the Haines proof of claim indicates only a balance in the account, but does not indicate what amounts were attributable to the 180 days prior to the Petition Date. To the extent that the claim asserted is in excess of amounts arising from services rendered within 180 days prior to the Petition Date, the Debtor objects to allowance of Proof of Claim No. 13-1 as a priority unsecured claim. Moreover, to the extent that such amounts exceed the Priority Cap Amount of $12,850.00, the Debtor requests that such priority be limited to $12,850.00 and the remainder of the claim recharacterized as a general unsecured claim.

V. **OBJECTION TO CLAIM OF GEORGE JOURDAN, CLAIM NO. 3-1**

George Jourdan filed Proof of Claim No. 3-1 asserting an unsecured claim, in the total amount of $342,241.46, as entitled to priority under 11 U.S.C. § 507(a)(5). Section 507(a)(5) provides priority for claims arising from contributions to an employee benefit plan, but limits such

priority only to those claims (i) from services rendered within 180 days prior to the Petition Date, and (ii) caps such claim individually to $12,850.00.[5]

The total amount of Jourdan's asserted claim well exceeds the aforementioned statutory Priority Cap Amount. Moreover, documentation attached to the Jourdan proof of claim indicates only a balance in the account, but does not indicate what amounts were attributable to the 180 days prior to the Petition Date. To the extent that the claim asserted is in excess of amounts arising from services rendered within 180 days prior to the Petition Date, the Debtor objects to allowance of Proof of Claim No. 3-1 as a priority unsecured claim. Moreover, to the extent that such amounts exceed the Priority Cap Amount of $12,850.00, the Debtor requests that such priority be limited to $12,850.00 and the remainder of the claim recharacterized as a general unsecured claim.

VI. **OBJECTION TO CLAIM OF MICHAEL LeBEAU, CLAIM NO. 4-1**

Michael LeBeau filed Proof of Claim No. 4-1 asserting an unsecured claim, in the total amount of $12,561.33, as entitled to priority under 11 U.S.C. § 507(a)(5). Although the amount claimed is under the Priority Cap Amount of $12,850.00, the attachments to Proof of Claim No. 4-1 do not indicate what amounts in the account were attributable to services provided within 180 days of the Petition Date. For this reason, the Debtor objects to allowance of Proof of Claim No. 4-1 as a priority unsecured claim, and requests that to the extent the claim is for services outside such 180 – day window, that such claim be disallowed as a priority unsecured claim and recharacterized as a general unsecured claim.

---

[5] *See, Howard Delivery Service, Inc. v. Zurich Amer. Ins. Co.*, 541 U.S. 651, 659-660 (2006). As noted by the Supreme Court in Howard, subsections (a)(4) and (a)(5) are linked in that recovery under (a)(4) would limit recovery under (a)(5). Although Jourdan asserts only an (a)(5) priority, the statutory limitation applicable to priority status still applies and priority is limited to $12,850 as of April 1, 2016. *See*, 11 U.S.C. § 104.

### VII. OBJECTION TO CLAIM OF MICHAEL LULICH, CLAIM NO. 14-1

Michael Lulich filed Proof of Claim No. 14-1 asserting an unsecured claim, in the total amount of $5,313.38, as entitled to priority under 11 U.S.C. § 507(a)(5). Although the amount claimed is under the Priority Cap Amount of $12,850.00, the attachments to Proof of Claim No. 14-1 do not indicate what amounts in the account were attributable to services provided within 180 days of the Petition Date. For this reason, the Debtor objects to allowance of Proof of Claim No. 14-1 as a priority unsecured claim, and requests that to the extent the claim is for services outside such 180 – day window, that such claim be disallowed as a priority unsecured claim and recharacterized as a general unsecured claim.

### VIII. OBJECTION TO CLAIM OF KEVIN P. REED, CLAIM NO. 6-1

Kevin P. Reed filed Proof of Claim No. 6-1 asserting an unsecured claim, in the total amount of $6,773.02, as entitled to priority under 11 U.S.C. § 507(a)(5). Although the amount claimed is under the Priority Cap Amount of $12,850.00, the attachments to Proof of Claim No. 6-1 do not indicate what amounts in the account were attributable to services provided within 180 days of the Petition Date. For this reason, the Debtor objects to allowance of Proof of Claim No. 6-1 as a priority unsecured claim, and requests that to the extent the claim is for services outside such 180 – day window, that such claim be disallowed as a priority unsecured claim and recharacterized as a general unsecured claim.

### IX. OBJECTION TO CLAIM OF WILLIAM ROOHI, CLAIM NO. 7-1

William Roohi filed Proof of Claim No. 7-1 asserting an unsecured claim, in the total amount of $2,400.00, as entitled to priority under 11 U.S.C. § 507(a)(5). Although the amount claimed is under the Priority Cap Amount of $12,850.00, the attachments to Proof of Claim No. 7-1 do not indicate what amounts in the account were attributable to services provided within 180 days of the

Petition Date. For this reason, the Debtor objects to allowance of Proof of Claim No. 7-1 as a priority unsecured claim, and requests that to the extent the claim is for services outside such 180 – day window, that such claim be disallowed as a priority unsecured claim and recharacterized as a general unsecured claim.

5.

The Debtor hereby reserves the right to supplement and amend this Objection to add additional grounds for the disallowance of the claims asserted through the above listed proofs of claim.

6.

The finality of any order regarding a claim objection included in this omnibus objection shall be determined as though the claim had been subject to an individual objection.

**WHEREFORE**, for the reasons set forth herein, the Debtor prays that this Court disallow and/or recharacterize the specified claims objected to herein, and for such other relief deemed equitable and just.

Respectfully submitted by:

/s/ Barbara B. Parsons
WILLIAM E. STEFFES (#12426)
BARBARA B. PARSONS (#28714)
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard, Bldg. 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Fax: (225) 751-1998
Email: bparsons@steffeslaw.com

*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

**FIRST NBC BANK HOLDING COMPANY**            CASE NO. 17-11213

           SECTION A

**DEBTOR**            CHAPTER 11

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Omnibus Objection to Asserted Priority of Unsecured Claims* has been served via Email through this Court's CM/ECF Electronic Notification System upon the following parties:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank sam.alberts@dentons.com
Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov
A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com
Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com
Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com
Ward Benson on behalf of Interested Party United States of America on behalf of the Internal Revenue Service ward.w.benson@usdoj.gov, southern.taxcivil@usdoj.gov
Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com
Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com
Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com
Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com
Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com
Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com
Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com
Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets and Jonathan.Edwards@alston.com
Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com
Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov
Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com
Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com
John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com
Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC mlandis@gamb.law
Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton amills@fishmanhaygood.com
Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee
rrichmond@stewartrobbins.com
Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group
lrochester@bakerdonelson.com
David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com
Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission
sherrill-beards@sec.gov
Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee
dstewart@stewartrobbins.com
Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov
R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com
Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC swilliamson@gamb.law

I hereby further certify that a copy of the objection has been served upon:

| Fred V. Beebe<br>116 Sweet Haven Court<br>Donaldsonville, LA 70346-8452 | Robert Bradford Calloway<br>936 N. Upland Avenue<br>Metairie, LA 70003-5864 | Archie Norman Duplantis, Jr.<br>352 Sycamore Street<br>Raceland, LA 70394 |
|---|---|---|
| Dean Haines<br>233 Chartres Street<br>New Orleans, LA 70130-2214 | George L. Jourdan<br>19 Briarfield Drive<br>Marrero, LA 70072-5067 | Michael J. LeBeau<br>4558 Owens Boulevard<br>New Orleans, LA 70122-1223 |
| Michael Lulich<br>1216 Poplar Street<br>Metairie, LA 70005-1132 | Kevin Patrick Reed<br>243 W. Livingston Place<br>Metairie, LA 70005-3949 | William Roohi<br>5409 Reclanada Drive<br>Metairie, LA 70003-2516 |

by depositing same in the U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 20th day of June, 2019.

/s/ Ashley D. Kujawa
Ashley D. Kujawa