UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:

FIRST NBC BANK HOLDING COMPANY  CASE NO. 17-11213

                 SECTION A

DEBTOR            CHAPTER 11

**OBJECTION TO CLASSIFICATION OF CLAIMS AND/OR
OBJECTION TO AMENDED DISCLOSURE STATEMENT
AND CHAPTER 11 PLAN BY GREGORY ST. ANGELO**

Claimant Gregory St. Angelo (Claims 56-1, 57-1) respectfully submits the following objection to the classification of his claim pursuant to the *Second Amended Disclosure Statement Relating to Amended Joint 11 Plan for First NBC Bank Holding Company* (Rec Doc. 605) and the corresponding proposed amended plan. In support of his objection, Mr. St. Angelo states as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Mr. St. Angelo is an attorney and is the former General Counsel of First NBC Bank (the "Bank"), which is a wholly-owned subsidiary and the principal asset of First NBC Bank Holding Company, the Debtor. Mr. St. Angelo provided his services pursuant to an agreement with the Bank for a monthly retainer; receipt of certain fees, costs, and expenses; and reimbursement for incurred costs and expenses. *See* Claims 56-1, Attachment at ¶ 3; 57-1. Attachment at ¶ 3.

3. Mr. St. Angelo filed three proofs of claim in this proceeding, including two proofs of claim for unpaid attorney's fees on October 20, 2017. Claims 56-1, 57-1

(hereafter, the "Proofs of Claim").[1] The Proofs of Claim identify Mr. St. Angelo's claims for these unpaid fees as secured claims pursuant to a statutory first-rank privilege arising under Louisiana law, La. R.S. § 9:5001. In the Proof of Claim for Claim 57-1, Mr. St. Angelo further cited La. R.S. § 37:218 as an alternate basis for his statutory privilege.

4. Section 9:5001 of the Louisiana Revised Statutes provides for a statutory privilege for professional fees on judgments obtained by attorneys at law for the amount of their agreed-upon fee, whether fixed or contingent:

> A. A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.
>
> B. The term "professional fees", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

5. Section 37:218 likewise provides for a statutory privilege for attorneys at law:

> A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with

---

[1] The third claim was assigned Claim #54 and is for indemnification and advancement of expenses.

as if no such settlement, compromise, discontinuance, or other disposition has been made.

B. The term "fee", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

6. The Proofs of Claim and attachments thereto explain that Mr. St. Angelo, both during and after the time that he served as the General Counsel of the Bank, pursued thousands of collection matters against delinquent borrowers prior to the Bank's closure. Pursuant to the terms of the loan documents evidencing the borrowers' delinquent debts, the borrowers were contractually obligated to pay attorney's fees in the event that such matters were placed into the hands of an attorney (typically 25% of the principal balance amount). Mr. St. Angelo has not been, but is entitled to be, paid in full for the attorney's fees awarded in each of the judgments and writs he obtained for the Bank prior to its closure. *See* Rec. Doc. 56-1, Attachment at ¶ 9; Rec. Doc. 57-1, Attachment at ¶ 12.

7. Mr. St. Angelo timely submitted his claims against the Debtor due to the Bank's breach of contract and for damages suffered by Mr. St. Angelo as a result of the Bank's failure to pay his fees for professional legal services he rendered to the Bank, as the Debtor was the Bank's alter ego and/or because the Debtor and Bank operated as a single business enterprise. *See* Rec. Doc. 56-1, Attachment at ¶¶ 14-15; Rec. Doc. 57-1, Attachment at ¶¶ 16-17.

8. No objection to Mr. St. Angelo's claims has been filed in this proceeding. Thus, no objection has been made to Mr. St. Angelo's security interest pursuant to La. R.S. § 9:5001 and/or La. R.S. § 37:218 in any proceeds that the bankruptcy estate may receive from the judgments and writs that Mr. St. Angelo obtained as an attorney working on behalf of First NBC Bank.

9. The proposed disclosure statement and plan do not address the classification of Mr. St. Angelo's secured claims. *See* Rec. Docs. 604, 605. If the Plan Proponents intend to request disallowance of Mr. St. Angelo's security interest, they must do so through the objection procedures that are set forth in the Federal Rules of Bankruptcy Procedure. *See, e.g.,* Fed. R. Bankr. P. 3007.

10. Presuming that the Plan Proponents intend for Mr. St. Angelo's claims to be grouped with the claims of unsecured creditors, this treatment of Mr. St. Angelo's claims does not comport with the classification requirement of 11 U.S.C. § 1122(a) that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." The distinction between fully secured and unsecured claims is "commonplace under chapter 11." *In re Bradley*, 705 F.2d 1409, 1411 (5th Cir. 1983). "[A] plan of reorganization must separately classify nonpriority prepetition unsecured claims, priority claims, secured claims, including secured setoff claims, and equity interests." 7 Collier on Bankruptcy § 1122.03; *see also In re Moore*, 81 B.R. 513, 514 n. 1 (Bankr. S.D. Iowa 1988) ("Ordinarily, each holder of an allowed claim secured by a security interest in specific property must be placed in a separate class." (citing 5 Collier on Bankruptcy § 1122.03(3) (15th ed. 1986)); *cf. In re Premiere Network Servs.*, No. 04-33402-HDH-11, 2005 Bankr. LEXIS 2286, at *6-10 (Bankr. N.D. Tex. June 20, 2005) (holding that plan correctly created separate classification for general unsecured claims and claim of secured creditor).

11. Absent a finding by the Court before confirmation that Mr. St. Angelo's secured claims should be disallowed, the claims should be treated as secured. *See In re Yentis*, 2125 B.R. 158, 162 (N.D. Tex. 1991) ("[U]ntil . . . an objection has been made to a proof of

claim, and has been successfully prosecuted . . . the claim should be treated as a secured claim and the creditor should be treated as a secured creditor.").

      12.    Mr. St. Angelo therefore objects to the classification of his secured claims as unsecured; or alternatively, objects to the amended disclosure statement and plan to the extent that they treat his secured claims as if they have been disallowed without proper adjudication in accordance with the procedures set forth in the Federal Rules of Bankruptcy Procedure.

WHEREFORE, for the reasons set forth herein, Claimant Gregory St. Angelo requests that the Court sustain his objection to the classification of his claims under the proposed disclosure statement and plan, or alternatively, sustain his objection to the proposed disclosure statement and plan.

Respectfully submitted,

By:    */s/ John M. Landis*
John M. Landis (Bar No. 7958)
J. Dalton Courson (Bar No. 28542)
**STONE PIGMAN WALTHER WITTMANN L.L.C.**
909 Poydras Street, Suite 3150
New Orleans, LA 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: jlandis@stonepigman.com
         dcourson@stonepigman.com
*Attorneys for Gregory St. Angelo*

1270354v.2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

| | |
|---|---|
| **FIRST NBC BANK HOLDING COMPANY** | CASE NO. 17-11213 |
| | SECTION A |
| **DEBTOR** | CHAPTER 11 |

**CERTIFICATE OF SERVICE**

This is to certify that copies of the foregoing Objection of Claim and/or Objection to Amended Disclosure Statement and Chapter 11 Plan by Gregory St. Angelo were served on June 25, 2019 via CM/ECF NOTICE upon:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank, sam.alberts@dentons.com; docket.general.lit.wdc@dentons.com; malka.zeefe@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee, baltazan@stewartrobbins.com; jdelage@stewartrobbins.com; kheard@stewartrobbins.com; aleblanc@stewartrobbins.com; baltazan@ecf.courtdrive.com; kheard@ecf.courtdrive.com; aleblanc@ecf.courtdrive.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group, bballay@bakerdonelson.com; ddeamore@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank, jay.beatmann@dentons.com; dee.mcgill@dentons.com; sam.alberts@dentons.com; malka.zeefe@dentons.com; lori.odum@dentons.com

- 1 -

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones, nberg@reasonoverllc.com; akass@reasonoverllc.com; kreasonover@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee, bbrown@stewartrobbins.com; kheard@stewartrobbins.com; jdelage@stewartrobbins.com; bbrown@ecf.courtdrive.com; kheard@ecf.courtdrive.com; aleblanc@ecf.courtdrive.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action caplinger@lawla.com; mlopez@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com; vicki.owens@arlaw.com;mary.cuenca@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com, michelle@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Marsha Crowle Jonathan.Edwards@alston.com; leslie.salcedo@alston.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets, Jonathan.Edwards@alston.com; leslie.salcedo@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com; mmontiville@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee, amanda.b.george@usdoj.gov

Eric Goldstein on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee, egoldstein@goodwin.com; bankruptcy@goodwin.com; bankruptcyparalegal@goodwin.com

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets, aaron.greenbaum@pjgglaw.com; cynthia.dugas@pjgglaw.com

Jan Marie Hayden on behalf of Creditor Herbert Anderson, Jr. jhayden@bakerdonelson.com; gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Creditor James Roddy, jhayden@bakerdonelson.com; gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Creditor William Carrouche, jhayden@bakerdonelson.com; gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Creditor William D. Aaron, Jr., jhayden@bakerdonelson.com; gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Interested Party Directors and Former Directors Group, jhayden@bakerdonelson.com; gmitchell@bakerdonelson.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones, jhayden@bakerdonelson.com; gmitchell@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com, jmcnair@stonepigman.com

Amanda G. George on behalf of the U.S. Trustee's, U.S. Department of Justice, Amanda.B.George@usdoj.gov

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC, mlandis@hellerdraper.com; kfritscher@hellerdraper.com

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton, amills@fishmanhaygood.com; rhamilton@fishmanhaygood.com

Barbara B. Parsons on behalf of Debtor First NBC Bank Holding Company, bparsons@steffeslaw.com; akujawa@steffeslaw.com; bparsons@ecf.courtdrive.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank, areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee, rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group, lrochester@bakerdonelson.com; gmitchell@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party, drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission, atlreorg@sec.gov; baddleyd@sec.gov

William E. Steffes on behalf of Debtor First NBC Bank Holding Company, bsteffes@steffeslaw.com; akujawa@steffeslaw.com; schassaing@steffeslaw.com; bsteffes@ecf.courtdrive.com

Paul Douglas Stewart, Jr. on behalf of Attorney Stewart Robbins & Brown, LLC, dstewart@stewartrobbins.com; jdelage@stewartrobbins.com; kheard@stewartrobbins.com; aleblanc@ecf.courtdrive.com; aleblanc@stewartrobbins.com; dstewart@ecf.courtdrive.com; kheard@ecf.courtdrive.com; stewartdr80984@notify.bestcase.com

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee, dstewart@stewartrobbins.com; delage@stewartrobbins.com; kheard@stewartrobbins.com; aleblanc@ecf.courtdrive.com; aleblanc@stewartrobbins.com; dstewart@ecf.courtdrive.com; kheard@ecf.courtdrive.com; stewartdr80984@notify.bestcase.com

Office of the U.S. Trustee, USTPRegion05.NR.ECF@usdoj.gov
R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com; nwiebelt@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC, swilliamson@gamb.law; njohnson@gamb.law

Respectfully submitted,

By:    */s/ John M. Landis*
      John M. Landis (Bar No. 7958)
      J. Dalton Courson (Bar No. 28542)
      **STONE PIGMAN WALTHER WITTMANN L.L.C.**
      909 Poydras Street, Suite 3150
      New Orleans, LA 70112
      Telephone: (504) 581-3200
      Facsimile: (504) 581-3361
      Email: jlandis@stonepigman.com
            dcourson@stonepigman.com
      *Attorney for Gregory St. Angelo*