UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:

FIRST NBC BANK HOLDING COMPANY	CASE NO. 17-11213

SECTION A

DEBTOR	CHAPTER 11

### DEBTOR'S RESPONSE TO OBJECTION OF GREGORY ST. ANGELO TO DISCLOSURE STATEMENT AND CLASSIFICATION OF CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes First NBC Bank Holding Company, as debtor and debtor-in-possession (the "Debtor"), which, in response to the *Objection to Classification of Claims and/or Objection to Amended Disclosure Statement and Chapter 11 Plan by Gregory St. Angelo* ("St. Angelo Objection") [Doc. 616], respectfully represents as follows:

### BACKGROUND

On May 3, 2019, the Debtor and Official Committee of Unsecured Creditors ("Committee"; and, together with the Debtor, "Plan Proponents"), filed a Joint Plan of Reorganization [Doc. 558] ("Joint Plan"); and, on the same date, the Debtor filed an accompanying Disclosure Statement [Doc. 559] ("Disclosure Statement"). Hearing on approval of the Disclosure Statement was scheduled for June 12, 2019 ("Initial Disclosure Statement Hearing").

Prior to the Initial Disclosure Statement Hearing, Lead Plaintiffs filed an objection to the Disclosure Statement, asserting that the Disclosure Statement described a Plan that "appears to constitute in part an unauthorized expropriation of the rights and claims of third parties including the Lead Plaintiffs' Securities Class Action". In addition, the Office of the U.S. Trustee and the

U.S. Department of Treasury filed objections to the Disclosure Statement primarily related to procedural issues. Prior to the Initial Disclosure Statement Hearing, the Plan Proponents reached an agreement with the U.S. Trustee's Office and the U.S. Department of Treasury resolving their objections.

During the Initial Disclosure Statement Hearing, the Plan Proponents advised the Court regarding their intention to amend the Plan and Disclosure Statement to reflect changes agreed to by multiple parties in interest; and, provided the Court with details of the proposed changes. The Court continued the hearing on approval of the Disclosure Statement until June 28, 2019 to allow sufficient time for the Plan Proponents to amend the Plan and Disclosure Statement and parties in interest to file any objections thereto. On June 21, 2019, the Plan Proponents filed the Amended Joint Plan of Reorganization [Doc. 604] and the Debtor filed the Second Amended Disclosure Statement relating thereto [Doc. 605]. Although the Lead Plaintiffs have reasserted their prior objection in their recent objection, filed on June 25, 2019 [Doc. 615], to the Second Amended Disclosure Statement, the parties have reached an agreement which is believed to have resolved the renewed objection:

In the Plan (<u>Exhibit A</u> to the Disclosure Statement), Section 6.8 "Preservation of Causes of Action" will be amended, in pertinent part, as follows:

• Any claims asserted in the litigation styled, *Eric R. Kinzler, Individually and on Behalf of All Others Similarly Situated, v. First NBC Bank Holding Company, Ashton J. Ryan, Jr. and Mary Beth Verdigets*, Case No. 16-04243, U.S. District Court, Eastern District of Louisiana. However, notwithstanding any other provision of this Plan that may be to the contrary, nothing in this Plan shall be deemed to be a finding or determination by the Bankruptcy Court that such claims are Causes of Action which are property of the Estate.

In the Disclosure Statement, Article VII, Section B(8) "Preservation of Causes of Action" will be amended, in pertinent part, as follows:

Any claims asserted in the litigation styled, *Eric R. Kinzler, Individually and on Behalf of All Others Similarly Situated, v. First NBC Bank Holding Company, Ashton J. Ryan, Jr. and Mary Beth Verdigets*, Case No. 16-04243, U.S. District Court, Eastern District of Louisiana; However, notwithstanding any other provision of the Plan that may be to the contrary, nothing in the Plan shall be deemed to be a finding or determination by the Bankruptcy Court that such claims are Causes of Action which are property of the Estate. Additionally, the Plaintiffs in that litigation specifically assert that those claims are direct claims asserted on behalf of a class of purchasers of First NBC common stock and that only purchasers of First NBC stock have legal standing to assert those claims. As a result, the Plaintiffs in that litigation assert that the claims alleged in the securities class action litigation are not property of the Estate, cannot be transferred to the Litigation and Distribution Trust, and cannot thereby become Litigation and Distribution Trust Assets. Plaintiff's assertions, however, are not dispositive and the rights of all parties are unimpaired by those assertions. All parties reserve all rights with respect to ownership of these claims.

## RESPONSE TO ST. ANGELO OBJECTION

Gregory St. Angelo ("St. Angelo") has filed three (3) proofs of claim in this Chapter 11 Case, Claim No. 54, filed as an unsecured claim; and, Claim Nos. 56 and 57, filed as secured claims (the "Secured Claims"). Through his Objection, St. Angelo objects to the Plan Proponents' classification of the Secured Claims on the basis that they are improperly classified in the Plan as unsecured claims; or, alternatively, St. Angelo objects to the Plan and Disclosure Statement to the extent that they treat his Secured Claims as if such claims had been disallowed. The Objection is without merit; however, Plan Proponents intend to amend the Plan and accompanying Disclosure Statement in a manner which should resolve the St. Angelo Objection.

At the outset, the Debtor avers that the collateral alleged by St. Angelo to secure his claims is not property of the Debtor's estate. St. Angelo asserts that prior to the commencement of this Chapter 11 Case, he was retained as an attorney by the Debtor's *subsidiary*, First NBC Bank ("Bank"), to assist the Bank with collections; and, that all amounts due for his legal services have not been paid by the Bank. St. Angelo further asserts that, under La. Rev. Stat. 9:5001, he holds a

security interest in all judgments he obtained in connection with his collection efforts, on behalf of the Bank, and any property recoverable therefrom. Any such purported collateral is property of the Bank's receivership estate, not the Debtor's estate.

In addition to St. Angelo, two other parties have asserted secured claims (disputed by Plan Proponents). Although the Debtor intends to object to each of the foregoing parties' claims, the Plan Proponents have determined that they will amend the Plan to include, *inter alia*, an additional class for secured claims. Thus, to resolve any concern related to proper classification of claims, the Plan will include a class for secured claims (Class 3) and provide the following treatment for such claims:

> Each holder of an Allowed Secured Claim, if any exist, shall receive the surrender of the collateral, if any exists and is property of the Debtor's Estate, securing its Allowed Secured Claim in accordance with *In re Sandy Ridge Development Corp.*, 881 F.3d 1346 (5th Cir. 1989) in full and final satisfaction of such Allowed Secured Claim.
>
> Class 3 is Impaired under the Plan and the holders of Allowed Secured Claims are entitled to vote. If Class 3 fails to accept the Plan, the Proponents request that the Court find this treatment to be fair and equitable under Section 1129(b)(2)(A)(iii) of the Bankruptcy Code.

As indicated above, although the Debtor intends to object to the Secured Claims, the Plan Proponents intend to amend the Plan to include a class for secured claims which should thereby resolve the St. Angelo Objection.

WHEREFORE, the Debtor prays that St. Angelo's Objection [P-616] be overruled and that the Disclosure Statement be approved, as amended.

Respectfully submitted by:

/s/ Barbara B. Parsons
William E. Steffes, #12426
Barbara B. Parsons, #28714
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard Building 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
Email: bparsons@steffeslaw.com
*Counsel for First NBC Bank Holding Company, Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

| | |
|---|---|
| **FIRST NBC BANK HOLDING COMPANY** | **CASE NO. 17-11213** |
| | **SECTION A** |
| **DEBTOR** | **CHAPTER 11** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Response* has been served via Email through this Court's CM/ECF Electronic Notification System upon the following parties:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank sam.alberts@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com

Ward Benson on behalf of Interested Party United States of America on behalf of the Internal Revenue Service ward.w.benson@usdoj.gov, southern.taxcivil@usdoj.gov

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets and Jonathan.Edwards@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC mlandis@gamb.law

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton amills@fishmanhaygood.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group lrochester@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission sherrill-beards@sec.gov

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee dstewart@stewartrobbins.com

Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov

R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC swilliamson@gamb.law

Baton Rouge, Louisiana, this 27th day of June, 2019.

/s/ Ashley D. Kujawa
Ashley D. Kujawa