UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| FIRST NBC BANK HOLDING COMPANY, | ) |
| | ) Case No. 17-11213 |
| | ) |
| Debtor. | ) Section "A" |
| | ) |

**MARSHA CROWLE'S AND MARY BETH VERDIGETS' JOINDER IN THE OPPOSITION OF CERTAIN DIRECTORS AND FORMER DIRECTORS TO CLASSIFICATION PROPOSED BY SECOND AMENDED JOINT CHAPTER 11 PLAN FOR FIRST NBC BANK HOLDING COMPANY DATED JULY 2, 2019**

Marsha Crowle and Mary Beth Verdigets, former officers of First NBC Bank Holding Company (the "**Debtor**") and its wholly-owned subsidiary, First NBC Bank, hereby join in the *Opposition of Directors and Former Directors William D. Aaron, Jr., Dale Atkins, John C. Calhoun, Jimmy Fitzmorris, Leander J. Foley, III, John F. French, Leon Giorgio, Jr., Grish Roy Pandit, Shivan Govidan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Hermann Moyse, III, Dr. Charles Teamer, Sr., Joseph Toomy and Richard M. Wilkinson to Classification Proposed by Second Amended Joint Chapter 11 Plan for First NBC Bank Holding Company Dated July 2, 2019* [D.E. 631] (the "**Classification Opposition**") and state as follows:

1. Marsha Crowle and Mary Beth Verdigets join in the Classification Opposition.

2. In addition to the reasoning set forth in the Classification Opposition, the Debtor proposes to use the Chapter 11 Plan to side-step the plain language of 11 U.S.C. § 502, which requires the Debtor to object to Marsha Crowle's and Mary Beth Verdigets' respective claims to overcome their deemed allowance. *See* 11 U.S.C. § 502(a) ("[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in

interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects."). As filed, Marsha Crowle's and Mary Beth Verdigets' claims are Class 2 – Allowed General Unsecured Claims, not Class 4 claims. The Court should not permit Debtor to end run the clear mandate of the Bankruptcy Code that it object to claims and adjudicate allowance or disallowance.

3. Additionally, as further evidence that the claims for indemnification are not claims hinging on *co-liability with Debtor* but alleged liability *to Debtor*, the Official Committee of Unsecured Creditors—after obtaining standing from this Court to assert claims allegedly belonging to Debtor's estate—filed an action against Ms. Verdigets, as the former CFO, along with others, in the United States District Court for the Eastern District of Louisiana, asserting claims for breach of fiduciary duty. *See Off. Comm. of Unsecured Creditors of First NBC Bank Holding Company v. Ashton J. Ryan et al.*, Case No. 2:19-cv-10341 (E.D. La. May 10, 2019). The committee's prayer for relief in the complaint plainly seeks damages from Ms. Verdigets *to the Debtor's estate*. Similarly, the FDIC has made demand for civil monetary damages on the directors and officers of First NBC Bank and their insurers for $250,000,000. That demand clearly provides that it is seeking to recover against certain directors and officers for breaches of their fiduciary duties or gross negligence.

4. Disallowance under section 502(e) or subrogation under Section 509(c) of the Bankruptcy Code both require that Ms. Crowle and Ms. Verdigets be co-liable *with the Debtor* on the claim of a third party creditor for which they seek to be indemnified. *See* 11 U.S.C. § 502(e)(1)(B) ("the court shall disallow any claim for reimbursement or contribution *of an entity that is liable with the debtor on* or has secured *the claim of a creditor*) (emphasis supplied);

11 U.S.C. § 509(c) 11 U.S.C. § 509(c) ("the court shall subordinate to the claim of a creditor and for the benefit of such creditor *an allowed claim ... of an entity that is liable with the debtor on ... such creditor's claim)* (emphasis supplied). The seminal case addressing the co-liability requirement in the context of director and officer litigation holds that claims for breach of fiduciary duty are not subject to disallowance because they are claims for which the directors and officers "would be liable *to the debtor as opposed to being liable with the debtor* under § 502(e)(1)(B)." *In re Wedtech Corp.*, 85 B.R. 285, 292 (Bankr. S.D.N.Y. 1988) (emphasis added). Because Ms. Verdigets' and Ms. Crowle's claims for indemnification arise from causes of action (*i.e.*, alleged breaches of fiduciary duty) for which they are putatively liable *to* the Debtor and not *with* the Debtor, neither Ms. Verdigets nor Ms. Crowle hold Class 4 Indemnity Claims. They hold Class 2 claims. Thus, Debtor cannot satisfy the requirements of 11 U.S.C. §§ 502(e) or 509(c), creating unnecessary ambiguity in the Debtor's plan.

5. Ms. Verdigets and Ms. Crowle hope to resolve this ambiguity with Debtor in advance of plan confirmation, but they reserve all rights to file subsequent objections to confirmation based on the same or similar facts, issues, and arguments raised herein and in the Classification Opposition.

[Remainder of this Page Left Intentionally Blank]

Dated this 9th day of July, 2019.

By: */s/ Jonathan T. Edwards*
Mary C. Gill *(admitted pro hac vice)*
Georgia Bar Number 294776
Jonathan T. Edwards *(admitted pro hac vice)*
Georgia Bar Number 134100
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: 404-881-7000
mary.gill@alston.com
jonathan.edwards@alston.com

*Attorneys for Marsha Crowle & Mary Beth Verdigets*

- 1 -

## CERTIFICATE OF SERVICE

    I hereby certify, that on July 9, 2019 a true and copy of the foregoing Joinder was served via CM/ECF to all parties authorized to receive electronic notice in this case and by first class mail upon the parties on the attached service list who do not receive notice through the CM/ECF system.

                                               */s/ Jonathan T. Edwards*
                                               Jonathan T. Edwards

- 2 -

## S<small>ERVICE</small> L<small>IST</small>

| | |
|---|---|
| William D. Aaron, Jr.<br>10 Natchez Trace Drive<br>Harvey, LA 70058 | Jane Armstrong<br>Phelps Dunbar<br>365 Canal Street, Suite 2000<br>New Orleans, LA 70130-6534 |
| Brian M. Hydrick<br>PricewaterhouseCoopers, LLP<br>214 N. Tryon Street<br>Suite 4200<br>Charlotte, NC 28202 | Susan Sherrill-Beard<br>US Securities and Exchange Comm.<br>950 East Paces Ferry Rd, NE<br>Suite 900<br>Atlanta, GA 30326 |
| William E. Steffes<br>Steffes, Vingiello, & McKenzie, LLC<br>13702 Coursey Blvd.<br>Bldg. 3<br>Baton Rouge, LA 70817 | Steffes, Vingiello & McKenzie, LLC<br>13702 Coursey Boulevard<br>Building 3<br>Baton Rouge, LA 70817 |
| Globic Advisors, LLC<br>485 Madison Ave., 7th Floor<br>New York, NY 10022 | Jeffrey D. Sternklar LLC<br>225 Franklin Street, 26th Floor<br>Boston, MA 02110 |
| Geoffrey S. Kay<br>Fenimore, Kay, Harrison & Ford, LLP<br>812 San Antonio Street<br>Suite 600<br>Austin, TX 78701 | Leo D. Congeni<br>Congeni Law Firm, LLC<br>424 Gravier Street<br>New Orleans, LA 70130 |
| Albert M. Myers<br>Al Myers Law, LLC<br>PO Box 1662<br>Decatur, GA 30031 | Andrew Nash<br>112 Montecello Court<br>Pearl River, LA 70452 |
| Eric J. O'Bell<br>O'Bell Law Firm, LLC<br>3500 N. Hullen Street<br>Metairie, LA 70002 | The Steffes Firm, LLC<br>13702 Coursey Boulevard<br>Building 3<br>Baton Rouge, LA 70817 |