UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 17-11213 |
| FIRST NBC BANK HOLDING COMPANY | SECTION A |
| DEBTOR | CHAPTER 11 |

**MOTION TO DETERMINE AMOUNT OF SECURED CLAIMS OF ST. ANGELO**

Now into Court, through undersigned counsel, comes First NBC Bank Holding Company, as debtor and debtor-in-possession ("Debtor"), which hereby seeks a determination by the Bankruptcy Court, pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), of the amount of the secured claims of Gregory T. St. Angelo ("St. Angelo"); and, in support thereof, respectfully represents as follows:

BACKGROUND

1.

On April 28, 2017 ("Bank Closing Date"), the Louisiana Office of Financial Institutions closed First NBC Bank, a wholly owned subsidiary of the Debtor, and named the Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for the Bank.

2.

On May 11, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code ("Bankruptcy Code"), commencing the above-captioned bankruptcy case ("Bankruptcy Case").

3.

On May 23, 2017, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors ("Committee").

4.

On April 17, 2019, the Debtor and the Committee (collectively, "Plan Proponents") filed a

Joint Plan of Reorganization [Doc. 553] (as amended, "Joint Plan"); and, on the same date, the Debtor filed an accompanying Disclosure Statement [Doc. 554] (as amended, "Disclosure Statement").

5.

St. Angelo objected to the Disclosure Statement on the basis that his alleged Secured Claims[1] (defined in paragraph 6 below) were improperly classified in the Joint Plan as unsecured claims; or, alternatively, that the Joint Plan treated his Secured Claims as if such claims had been disallowed. The Plan Proponents agreed to amend the Joint Plan to provide a separate class for the Secured Claims. Following a hearing on June 12, 2019 and subsequent amendments to the Joint Plan and Disclosure Statement, the Disclosure Statement was ultimately approved by Order entered on July 3, 2019 [Doc. 624]. Through the same Order, the Court formally established August 7, 2019 as the hearing date for plan confirmation.

6.

LAW AND ARGUMENT

A. <u>Valuation of the Secured Claims is Necessary to facilitate confirmation of the Plan</u>.

On October 20, 2017, St. Angelo timely filed three (3) proofs of claim in this Chapter 11 Case, Claim No. 54, filed as an unsecured claim; and, Claim Nos. 56 and 57, filed as secured claims (the "Secured Claims"). St. Angelo's Claim No. 56 is asserted in the amount of approximately $8.9 million; and, his Claim No. 57 is asserted in an undetermined amount.

7.

As set forth above, the Joint Plan now includes a separate class, *i.e.*, Class 3A, comprised exclusively of the Secured Claims of St. Angelo. Pursuant to the Disclosure Statement, the Debtor

---

[1] Nothing in this Motion shall be deemed to be an admission that the alleged security interest(s) are valid, enforceable and not avoidable.

2

maintains that the value of the Secured Claims is zero; and, hereby seeks a determination by this Court of the amount of the Secured Claims. Bankruptcy Rule 3012 provides in pertinent part:

"On request by a party in interest and after notice – to the holder of the claim and any other entity the court designates – and a hearing, the court may determine:

(1) the amount of a secured claim under §506(a) of the Code…". Bankruptcy Rule 3012(a).

8.

The Debtor believes that valuation of the Secured Claims will enable Class 3A to be disregarded for purposes of voting on the Joint Plan (or, alternatively are being treated fairly and equitably) and will facilitate both confirmation and consummation of the Plan.

9.

B.   St. Angelo's Secured Claims should be valued at zero.

Through the Secured Claims, St. Angelo asserts that between May 2006 and the Bank Closing Date, he was retained by the Bank to provide professional legal services in connection with the Bank's collection matters; and, that the Bank failed to fully compensate him for such services.

10.

Through Secured Claim No. 56, St. Angelo asserts a secured claim in the amount of approximately $8.9 million, alleging that "[i]n his pursuit of the Bank's collection matters, and pursuant to the Agreements entered into prior to the Bank's receivership, Mr. St. Angelo obtained hundreds of judgments and writs of seizure and sale against delinquent borrowers prior to the Bank's closure. Each such judgment or writ that Mr. St. Angelo obtained against a borrower contained an award for attorney's fees, pursuant to the terms of the loan documents sued upon." Secured Claim 56, p.6. St. Angelo further asserts that, under La. Rev. Stat. 9:5001, he holds a security interest in

all judgments he obtained in connection with his collection efforts, on behalf of the Bank, and any property recoverable therefrom. St. Angelo claims a security interest, pursuant to LA. R.S. 9:5001, in each judgment *he obtained for the Bank*, for collection matters, and on any property recovered thereby.

11.

Through Secured Claim No. 57, St. Angelo asserts a secured claim in an undetermined amount for a "reasonable quantum merit fee for and representing the value of the professional legal services he rendered to the Bank in collection matters that were pending on April 28, 2017." Secured Claim No. Claim 57, p.8. St. Angelo further alleges that he has "acquired a special privilege on the subject matter of each of the collection matters referenced herein in which he has been involved *on behalf of the Bank*, and/or in any judgments obtained thereon….pursuant to Louisiana Revised Statute sections 37:218 and/or 9:5001." Proof of Claim No. 57, p.10 (emphasis added).

12.

Through each of the Secured Claims, St. Angelo alleges that the Debtor is liable for the aforementioned *obligations of the Bank* because the Debtor was the "alter ego" of the Bank and the Bank and Holding Company operated as a single business enterprise. The Debtor denies such allegation; and, maintains that even if such a single business enterprise claim existed, it would be property of the Debtor's estate – and cannot be individually asserted by St. Angelo.

13.

The collateral asserted through the Secured Claims are pre-Petition Date judgments of the *Bank* or judgments of the *Bank* obtained through litigation pending on the Bank Closing Date and any property recovered therefrom. Such property is property of the Bank's receivership estate.

4

None of the asserted collateral is property of the Debtor's estate; and, nothing contained in the Secured Claims and supporting documentation disputes this fact. As no property of the Debtor's estate has been asserted as collateral for the Secured Claims, the value of the Secured Claims must be zero.

14.

The Debtor and its successors hereby reserve all rights to object to the Secured Claims and any other claims filed by St. Angelo.

## CONCLUSION

St. Angelo admits in the documentation supporting the Secured Claims that the judgments (and property recovered therefrom), on which he asserts a security interest, belong to the Bank. He asserts the Secured Claims against the Debtor solely on the basis of a single business enterprise claim – a claim denied by the Debtor and one which he has no standing to assert. Because St. Angelo has not asserted and cannot assert a valid, enforceable lien on property of the Debtor's estate, the amount of the Secured Claims must be zero.

Respectfully submitted by:

/s/ Barbara B. Parsons
William E. Steffes, #12426
Barbara B. Parsons, #28714
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard Building 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
Email: bparsons@steffeslaw.com
*Counsel for First NBC Bank Holding Company, Debtor*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 17-11213 |
| **FIRST NBC BANK HOLDING COMPANY** | SECTION A |
| **DEBTOR** | CHAPTER 11 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion to Determine Amount of Secured Claims of St. Angelo* has been served via Email through this Court's CM/ECF Electronic Notification System upon the following parties:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank sam.alberts@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com

Ward Benson on behalf of Interested Party United States of America on behalf of the Internal Revenue Service ward.w.benson@usdoj.gov, southern.taxcivil@usdoj.gov

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets and Jonathan.Edwards@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC mlandis@gamb.law

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton amills@fishmanhaygood.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group lrochester@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission sherrill-beards@sec.gov

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee dstewart@stewartrobbins.com

Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov

R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC swilliamson@gamb.law

    I hereby further certify that a copy of the motion has been served upon Gregory T. St. Angelo through his counsel of record, John M. Landis, Stone Pigman Walther Wittmann, LLC, 909 Poydras Street, Suite 3150, New Orleans, LA 70112-4042, by depositing same in the U.S. Mail, postage prepaid and properly addressed.

    Baton Rouge, Louisiana, this 17th day of July, 2019.

/s/ Samantha J. Chassaing
Samantha J. Chassaing