**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | |
| FIRST NBC BANK HOLDING COMPANY | CASE NO. 17-11213 |
| | SECTION A |
| DEBTOR | CHAPTER 11 |

**MOTION TO DETERMINE AMOUNT OF CLAIM OF**
**GEORGE L. JOURDAN ENTITLED TO PRIORITY**

Now into Court, through undersigned counsel, comes First NBC Bank Holding Company, as debtor and debtor-in-possession (the "Debtor"), which hereby seeks a determination by the Bankruptcy Court, pursuant to Rule 3012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), of the amount of the priority claim of George L. Jourdan ("Claimant"); and, in support thereof, respectfully represents as follows:

1.

BACKGROUND

**CHAPTER 11 CASE**

On April 28, 2017 (the "Bank Closing Date"), the Louisiana Office of Financial Institutions closed First NBC Bank, a wholly owned subsidiary of the Debtor, and named the Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for the Bank.

2.

On May 11, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case ("Bankruptcy Case").

3.

On May 23, 2017, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

4.

On April 17, 2019, the Debtor and the Committee (collectively, "Plan Proponents") filed a Joint Plan of Reorganization [Doc. 553] (as amended, "Joint Plan"); and, on the same date, the Debtor filed an accompanying Disclosure Statement [Doc. 554] (as amended, "Disclosure Statement").

5.

Following a hearing on June 12, 2019 and subsequent amendments to the Joint Plan and Disclosure Statement, the Disclosure Statement was ultimately approved by Order entered on July 3, 2019 [Doc. 624]. Through the same Order, the Court formally established August 7, 2019 as the hearing date for plan confirmation.

6.

**THE NQDC PLAN**

The Debtor was the sponsor and administrator of the First NBC Bank Holding Company Deferred Compensation Plan, an unfunded, non-qualified deferred compensation arrangement first effective as of June 30, 2012 (the "NQDC Plan"). On the same date, the First NBC Bank Holding Company Deferred Compensation Trust ("NQDC Trust") was established as a grantor trust for the purpose of accumulating funds to satisfy the Debtor's or Debtor's affiliate's benefit obligations under the NQDC Plan. A copy of the Trust Agreement (the "NQDC Trust Agreement") governing the NQDC Trust is attached hereto as <u>Exhibit B</u>. At the time this case was commenced, the Debtor maintained the NQDC Trust with Whitney Bank ("Whitney") serving as the successor Trustee for

same; and, the NQDC Trust's funds were invested with Nationwide Financial ("Nationwide") which in turn invested the funds in various securities.

7.

Section 5 of the NQDC Trust Agreement instructs the Trustee to apply property of the NQDC Trust solely to satisfy the Debtor's or Debtor's affiliate's benefit obligations under the NQDC Plan and further provides that the Debtor has no right or power to direct the Trustee to return the funds of the NQDC Trust to the Debtor until all obligations under the NQDC Plan have been satisfied. *However*, under the express provisions of Sections 6 and 7 of the NQDC Trust Agreement, the funds of the NQDC Trust constitute general assets of the Debtor available to satisfy the claims of the Debtor's general creditors in the event of the Debtor's insolvency. Consequently, the assets of the NQDC Trust became property of the Debtor's estate upon commencement of this Chapter 11 Case.

8.

Provisions allowing for funds of deferred compensation plans to be used to pay a company's creditors are standard for plans such as the NQDC Plan in order to maintain the associated tax advantages:

"An unfunded arrangement is one where the employee has only the employer's "mere promise to pay" the deferred compensation benefits in the future, and the promise is not secured in any way. The employer may simply keep track of the benefit in a bookkeeping account, or it may voluntarily choose to invest in annuities, securities, or insurance arrangements to help fulfill its promise to pay the employee. Similarly, the employer may transfer amounts to a trust that remains a part of the employer's general assets, subject to the claims of the employer's creditors if the employer becomes insolvent, in order to help keep its promise to the employee. To obtain the benefit of income tax deferral, it is important that the amounts are not set aside from the employer's creditors for the exclusive benefit of the employee. If amounts are set aside from the employer's creditors for the exclusive benefit of the employee, the employee may have currently includible compensation." Internal Revenue Service, *"Nonqualified Deferred Compensation Audit Techniques Guide (June2015)"*, https://www.irs.gov/businesses/corporations/nonqualified-deferred-compensation-audit-techniques-guide.

9.

Shortly after the Petition Date, the NQDC Trust was terminated and its investments were liquidated and the funds ("NQDC Funds") derived therefrom ($593,686.84) were transferred to Whitney, as successor trustee. On August 18, 2017, the Debtor filed a Motion for Turnover of Property of the Estate [Doc.91], requesting turnover of the NQDC Funds by Whitney. The Turnover Motion was granted on August 22, 2017 ("Turnover Order"). Thereafter, on August 29, 2017, the Federal Deposit Insurance Corporation as Receiver for First NBC Bank ("<u>FDIC-R</u>") filed a motion to reconsider the Turnover Order, which was ultimately resolved through a Court-approved settlement between the Debtor and FDIC-R [Doc. 153]. That settlement resulted in a division of the NQDC Funds between the Debtor and the FDIC-R.

10.

LAW AND ARGUMENT

A. <u>Valuation of the Priority Amount of the NQDC Claim is Necessary to facilitate consummation of the Plan</u>.

On June 12, 2017, Claimant filed proof of claim no. 3, asserting a priority claim of $342,241.46 against the Debtor's estate (the "NQDC Claim") <u>Exhibit A</u>.

11.

The Joint Plan currently includes a class, *i.e.*, Class 1, comprised exclusively of the NQDC Claims to the extent such claims are entitled to priority treatment under Section 507 of the Bankruptcy Code. Under the Plan, Allowed Class 1 Claims are entitled to payment in full on the later of the Effective Date of the Joint Plan or the date on which the Class 1 Claim becomes an Allowed Claim.

12.

As set forth in the Disclosure Statement, the Debtor maintains that none of the NQDC

Claims filed are entitled to priority treatment under 11 U.S.C. §507. The Debtor hereby seeks a determination by this Court as to the amount, if any, of the NQDC Claim that is entitled to priority.

13.

Bankruptcy Rule 3012 provides in pertinent part:

"On request by a party in interest and after notice – to the holder of the claim and any other entity the court designates – and a hearing, the court may determine:

…

(2) the amount of a claim entitled to priority under §507 of the Code." Bankruptcy Rule 3012(a)(2).

14.

The Debtor believes that valuation of the NQDC Claim will facilitate payments to all other administrative and priority claims and the transfer of the balance of estate funds to the Litigation and Distribution Trust.

15.

B.    The priority amount of the NQDC Claim should be valued at zero.

Through the NQDC Claim, Claimant asserts the claim is entitled to priority under §507(a). However, as set forth in the NQDC Trust Agreement, NQDC Trust beneficiaries or NQDC Plan participants are only entitled to a *general unsecured claim* for funds accumulated in the NQDC Trust. *See* Section 1.4 of the NQDC Trust Agreement.

16.

While the Claimant may be entitled to a Class 2 general unsecured claim, no amount of the NQDC Claim is entitled to priority treatment under 11 U.S.C. §507(a).

17.

The Debtor and its successors hereby reserve all rights to object to allowance of the NQDC Claim and any other claims filed by Claimant.

CONCLUSION

While Claimant may have a valid general unsecured claim against the Debtor's estate, under the terms of the NQDC Trust Agreement, governing such claims, none of the NQDC Claim is entitled to priority under 11 U.S.C. §507(a). Accordingly, the priority amount of the NQDC Claim must be valued at zero.

WHEREFORE, the Debtor prays that this Honorable Court enter an order finding that the amount of the NQDC Claim entitled to priority under 11 U.S.C. §507(a) is zero; and, for any and all other relief to which it may be entitled.

Respectfully submitted by:

/s/ Barbara B. Parsons
William E. Steffes, #12426
Barbara B. Parsons, #28714
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard Building 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
Email: bparsons@steffeslaw.com
*Counsel for First NBC Bank Holding Company, Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

| | |
|---|---|
| **FIRST NBC BANK HOLDING COMPANY** | **CASE NO. 17-11213** |
| | **SECTION A** |
| **DEBTOR** | **CHAPTER 11** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Motion to Determine Amount of Claim of George L. Jourdan Entitled to Priority* has been served via Email through this Court's CM/ECF Electronic Notification System upon the following parties:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank sam.alberts@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com

Ward Benson on behalf of Interested Party United States of America on behalf of the Internal Revenue Service ward.w.benson@usdoj.gov, southern.taxcivil@usdoj.gov

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group ndegan@bakerdonelson.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets and Jonathan.Edwards@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC mlandis@gamb.law

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton amills@fishmanhaygood.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group lrochester@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission sherrill-beards@sec.gov

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee dstewart@stewartrobbins.com

Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov

R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC swilliamson@gamb.law

   I hereby further certify that a copy of the motion has been served upon George L. Jourdan, 19 Briarfield Drive, Marrero, LA 70072, by depositing same in the U.S. Mail, postage prepaid and properly addressed.

   Baton Rouge, Louisiana, this 17th day of July, 2019.

               /s/ Ashley D. Kujawa
               Ashley D. Kujawa