IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>**First NBC Bank Holding Company,**<br><br>Debtor. | Case No. 17-11213<br><br>Section "A"<br><br>Chapter 11 |

**UNITED STATES' OBJECTION TO CONFIRMATION OF THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**NOW INTO COURT**, comes the United States on behalf of its Department of the Treasury (the "United States"), and hereby objects to confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization (the "Plan") **(P-621).**

## Introduction

1. The United States objects to confirmation of the Plan on the basis that the Plan is not feasible under 11 U.S.C. § 1129 (a)(11), and alternatively, on the basis that the Plan violates the absolute priority rule under 11 U.S.C. § 1129 (b)(2)(C). The Plan proposes to leave "unaltered the legal, equitable, and contractual rights" of Series D Preferred Equity (Class 8). Second Amended Disclosure Statement (the "Disclosure Statement") **(P-622)** at 35. The Series D Preferred Equity is held by the United States. *Id.* at 11.

2. Under the terms of the United States' Series D Preferred Equity investment, those shares must be redeemed—at a cost of at least $37,935,000—when the Debtor is no longer a bank holding company; this is not feasible under the Plan. Moreover, to the extent that the redemption does not occur, as the United States would not receive the value as of the effective date of the plan required by 11 U.S.C. § 1129 (b)(2)(C)(i), any distribution to the common equity holders would violate the absolute priority rule. *See*

11 U.S.C. § 1129 (b)(2)(C)(ii).

**Background**

3. The Series D Preferred Equity consists of 37,935 shares issued to the United States pursuant to the Small Business Lending Fund program. Disclosure Statement at 11.

4. The Debtor and the United States executed a Securities Purchase Agreement (the "Purchase Agreement") in connection with the issuance of the Series D Preferred Equity. Ex. A [Declaration of John McGrail], ¶ 6; Ex. B [Purchase Agreement].[1] Under the terms of the investment, the Series D Preferred Equity must be redeemed by the Debtor if the Debtor is no longer a bank holding company. Ex. A, ¶ 7; Ex. B, Annex C, § 3.1 (e).[2]

5. The Purchase Agreement defines a "Bank Holding Company" as a company registered as such with the Federal Reserve under 12 U.S.C. § 1842 and related regulations. Ex. B, Annex B, p. 1. Related regulations define a bank holding company as a company that "has direct or indirect control of a bank." 12 C.F.R. § 225.2 (c). First NBC Bank was closed by regulators and placed into receivership in 2017. Disclosure Statement at 23.

6. The redemption price for the Series D Preferred Equity is at a minimum the "Liquidation Amount per share."[3] Ex. A, ¶ 9; Ex. B, Annex F, § 5. The Liquidation Amount per share is $1,000. Ex. A, ¶ 9; Ex. B, Annex A, p. 1. Accordingly, redemption

---

[1] Shareholder information in Annex D of the Purchase Agreement has been redacted. Annexes G through K of the Purchase Agreement have been omitted for the reasons explained in Ex. A, ¶ 6.
[2] The terms of the investment also require the Debtor to "remain predominantly engaged in financial activities" as long as the United States owns the Series D Preferred Equity. Ex. B, Annex C, § 3.1 (f).
[3] The redemption price would also include unpaid dividends for the then-current quarter.

of the Series D Preferred Equity would require at least $37,935,000. Ex. A, ¶ 9.

7. Under the Plan, "the legal, equitable, and contractual rights" of common equity will be left unaltered, subject to cancellation and reissuance of the stock on the Effective Date. Disclosure Statement at 35.

## Argument

### I. The Plan Should Not Be Confirmed Due to Lack of Feasibility.

8. To obtain confirmation, the Debtor "must show by a preponderance of the evidence that its plan is feasible," or in other words, "not likely to be followed by . . . liquidation, or the need for further financial reorganization." *In re Save Our Springs Alliance, Inc.*, 632 F.3d 168, 172 (5th Cir. 2011) (citing 11 U.S.C. § 1129 (a)(11)). Feasibility does not need to be shown to certainty, but rather to "a reasonable assurance of commercial viability." *Id.* While there is a commonly used six factor test for feasibility, a court does not need to consider all six factors. *Id.* at 173. Among the six factors is consideration of "any other related matter which determines the prospects of a sufficiently successful operation to enable performance of the provisions of the plan." *Id.* at 173 n. 6. In this case, the requirement to redeem the Series D Preferred Equity makes the Plan unfeasible.

9. Under the Plan, "the legal, equitable, and contractual rights" of Series D Preferred Equity will be left unaltered. Disclosure Statement at 35. As such, the Series D Preferred Equity must be redeemed at a cost of at least $37,935,000 given that the Debtor is no longer a bank holding company.

10. Based on prior discussions with the Debtor, it is the United States' understanding that the Debtor will not be able to redeem the Series D Preferred Equity as

required by the Purchase Agreement. Ex. A, ¶ 10. Accordingly, unless the Debtor can meet its burden to demonstrate that it could redeem the Series D Preferred Equity at the required price, which is at least $37,935,000, the Plan is not feasible and cannot be confirmed.

## II. If the Series D Preferred Equity Is Not Redeemed, the Plan Would Violate the Absolute Priority Rule, and Therefore Cannot Be Confirmed.

11. If the Series D Preferred Equity will not be redeemed as required, then contrary to its classification as an unimpaired class, Disclosure Statement at 23, Class 8 would be an impaired class.

12. Under the absolute priority rule, a plan cannot be confirmed when an impaired class has not voted to accept the plan unless: (a) the impaired class's claim is paid in full; or (b) classes that are junior to the impaired class receive no recovery. *In re IDEARC, Inc.*, 423 B.R. 138, 170 (Bankr. N.D. Tex. 2009) (citing 11 U.S.C. § 1129 (b)(2)).

13. If the Series D Preferred Equity will not be redeemed as required, Class 8 will not be paid in full. Despite that, under the Plan, common equity—a class junior to Series D Preferred Equity—would be left with unaltered "legal, equitable, and contractual rights," Disclosure Statement at 35, when the absolute priority rule would require that common equity receive no recovery. Accordingly, if the Series D Preferred Equity is not redeemed as required, the Plan would violate the absolute priority rule and cannot be confirmed.

## Conclusion

14. For the foregoing reasons, the United States respectfully requests that this Court deny confirmation of the Plan.

4

5

Dated: July 31, 2019                      **JOSEPH H. HUNT**
Assistant Attorney General
Civil Division

**PETER G. STRASSER**
United States Attorney

**GLENN SCHREIBER**
Assistant United States Attorney

/s/ *Serajul F. Ali*
**RUTH A. HARVEY**
**LLOYD H. RANDOLPH**
**SERAJUL F. ALI** (D.C. Bar No. 478505)
Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-0488
Facsimile: (202) 514-9163
E-mail: serajul.ali@usdoj.gov

**Attorneys for the United States**
**of America, on behalf of the United States**
**Department of the Treasury**

## CERTIFICATE OF SERVICE

On July 31, 2019, I caused a copy of the foregoing UNITED STATES' OBJECTION TO CONFIRMATION OF THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION to be served electronically through the Court's ECF system upon those who have consented to service in that manner.

Dated: July 31, 2019  /s/ *Serajul F. Ali*
Serajul F. Ali