IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | Case No. 17-bk-11213 |
| | ) | Chapter 11 |
| FIRST NBC BANK HOLDING COMPANY, | ) | Judge Elizabeth W. Magner |
| | ) | Section A |
| Debtor. | ) | |
| _____ | ) | |

## UNITED STATES' LIMITED OBJECTION TO CONFIRMATION

The United States of America, on behalf of its agency the Internal Revenue Service, respectfully objects to confirmation of the *Second Amended Joint Chapter 11 Plan of Reorganization for First NBC Bank Holding Company* (the "Plan") (Dkt. No. 621) to the extent that anything in the Plan, any order confirming the Plan (the "Confirmation Order"), and the *Second Amended Disclosure Statement Relating to Amended Joint Chapter 11 Plan of Reorganization for First NBC Bank Holding Company* (the "Disclosure Statement") (Dkt. No. 622) purport to: (1) determine the income tax liability of the Debtor or any other taxpayer for any tax year ending after the date of confirmation of the Plan ("Future Income Tax Liabilities"); or (2) constitute factual findings or legal conclusions that would be binding on the United States and the Internal Revenue Service in any future dispute over the Future Income Tax Liabilities. The Court lacks jurisdiction to make any such determinations of liability or binding factual findings or legal conclusions. The Court thus should not enter a Confirmation Order unless it expressly declines to make any such determinations, findings, or conclusions.

1

BACKGROUND

The Debtor's Plan intends to use the Debtor's "Tax Assets," notably net operating loss carryforwards and tax credits, to offset future income taxes owed by the Reorganized Debtor. As the Disclosure Statement explains:

> [T]he Debtor estimates that, as of the Effective Date, its net operating losses will total $365 million in net operating losses. The Debtor would be entitled under the Plan to use its existing net operating loss carryforwards in future years to eliminate taxes on a corresponding amount of its income, subject to any applicable limitations resulting from change in ownership and/or other limitations imposed under applicable tax laws.

(Dkt. No. 622 at 45.) Whether the Reorganized Debtor will actually be able to use the carryforwards depends on events that occur after confirmation. *See, e.g.*, I.R.C. §§ 381-384 (imposing limitations on use of net operating loss carryovers in context of corporate acquisitions). It also depends on whether a future acquisition of or by the Reorganized Debtor has as "the principal purpose . . . evasion or avoidance of Federal income tax by securing the benefit of a deduction, credit, or other allowance" that otherwise would not be enjoyed. I.R.C. § 269(a). Although 11 U.S.C. § 1129(d) prevents confirmation of a plan upon a governmental unit showing that the principal purpose of a Chapter 11 plan is tax avoidance, a bankruptcy court's findings under § 1129(d) are not conclusive in a later tax proceeding. *See* Treas. Reg. § 1.269-3(e).

For avoidance of doubt, the United States, on behalf of the Internal Revenue Service, asked the Debtor to stipulate that issues touching on the Future Income Tax Liabilities will be decided later, in a court of competent jurisdiction with all the facts before it—thereby removing a potential impediment to confirmation of the plan. The Debtor declined.

Instead, the Debtor appears to want the Court to make factual findings and legal conclusions that would be binding on the Internal Revenue Service in future litigation over the

2

Future Income Tax Liabilities. Perhaps it seeks findings regarding the validity of its Tax Assets or whether they will be allowable against future income, or perhaps it seeks a determination under § 1129(d) that would bind the IRS in future litigation over whether the Plan's principal purpose is tax avoidance under I.R.C. § 269.

Regardless of what the Debtor's specific motive is, though, this Court lacks jurisdiction not only to determine the Future Tax Liabilities, but also to issue any rulings on antecedent factual and legal issues that would be binding on the IRS in subsequent litigation over the Future Tax Liabilities. Thus, to the extent the Debtor seeks such relief, the Court should decline to grant it.

## ARGUMENT

A bankruptcy court's jurisdiction over tax disputes is limited by both the Bankruptcy Code and Title 28.

The Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought....

28 U.S.C. § 2201(a). The Court's jurisdiction thus is subject to two initial limitations: (1) there must be an *actual controversy* over a tax-related issue; and (2) the relief sought must come within the scope of § 505. *In re UAL Corp.*, 336 B.R. 370, 372-374 (Bank. N.D. Ill. 2006). The portion of § 505 relevant to this case permits a bankruptcy court to "determine the amount or legality of any tax." 11 U.S.C. § 505(a).

Despite its seemingly broad language, courts have substantially narrowed the scope of § 505(a) to make it consistent with the Declaratory Judgment Act and the jurisdictional

3

provisions of Title 28 specific to bankruptcy courts. First, a bankruptcy court may only determine ultimate tax liabilities, not issues antecedent to the determination of a tax liability. *In re Grand Chevrolet, Inc.*, 153 B.R. 296, 300 (C.D. Cal. 1993) ("Pursuant to section 505, a bankruptcy court has the jurisdiction only to determine tax liabilities; there is no grant of jurisdiction to decide issues that are antecedent to the determination of tax liability."); *In re Dycoal, Inc.*, 327 B.R. 220, 227 (Bank. W.D. Pa. 2005) ("the Court, when ruling under § 505(a)(1), is, as a matter of law, confined to only ruling upon existent tax liabilities of a debtor, that is the Court cannot, pursuant to § 505(a)(1), make determinations regarding tax issues that merely impact upon a future tax liability of a debtor."); *In re Inter Urban Broadcasting of Cincinnati, Inc.*, 180 B.R. 153, 155 (Bank. E.D. La. 1995). The Court thus cannot issue rulings on matters antecedent to the Debtor's Future Tax Liabilities, such as the amount and validity of the Tax Assets, whether they will be allowable against the Debtor's future income, or whether this reorganization's principal purpose is tax avoidance under I.R.C. § 269.

Second, consistent with the actual controversy requirement of the DJA, a bankruptcy court at this stage in a case may only determine existing, pre-confirmation tax liabilities, not liabilities that may arise in future, post-confirmation years.[1] *UAL*, 336 B.R. at 380; *Dycoal*, at 228; *In re Hartman Material Handling Systems, Inc.*, 141 B.R. 802, 812-814 (Bank. S.D.N.Y. 1992) ("[I]t would be improper for this Court to determine in advance the post-confirmation NOL tax rights of a former debtor who has not yet attempted to use its NOLs.") (also finding that

---

[1] The language of § 1141(a) also limits the ability of a plan to determine future tax disputes. *Holywell Corp. v. Smith*, 503 U.S. 47, 58 (1992) ("Even if § 1141(a) binds creditors of the corporate and individual debtors with respect to claims that arose before confirmation, we do not see how it can bind the United States or any other creditor with respect to postconfirmation claims.").

a confirmation order's finding that a plan's principal purpose was not tax avoidance under § 1129(d) would not have res judicata or collateral estoppel effect in future litigation under I.R.C. § 269). Indeed, several courts have held that a bankruptcy court *never* has jurisdiction to determine post-confirmation federal tax liabilities. *In re Holly's Inc.*, 172 B.R. 545, 562 (Bank. W.D. Mich. 1994) ("A bankruptcy court does not have subject matter jurisdiction to resolve postconfirmation tax liabilities.") (citing *In re Maley*, 152 B.R. 789, 792 (Bank. W.D.N.Y. 1992) and *Hartman Material Handling Systems*, 141 B.R. at 812-813). Additionally, jurisdiction is lacking even if the inability to receive declaratory judgment about the future tax consequences of a plan creates uncertainty or other difficulties for the debtor. *See UAL*, at 379, *Hartman Material*, at 813-814; *In re Antonelli*, No. 91–4–0254, 1992 WL 435879, *3 (Bank. D. Md. Nov. 6, 1992). The Court thus cannot rule at this time on the Debtor's Future Income Tax Liabilities, nor can it do so later when those liabilities arise post-confirmation.

Third, a bankruptcy court may only determine the liability of a debtor, not any non-debtors. *In re Prescription Home Health Care, Inc*., 316 F.3d 542, 547 (5th Cir. 2002) ("While this provision speaks of 'any tax', it grants jurisdiction to determine the tax liabilities of the debtor and the estate, not those of third parties."). This Court thus cannot determine the Future Tax Liabilities of any taxpayer other than the Debtor, such as any entity it might merge with, acquire, or be acquired by, nor can it issue any rulings on matters antecedent to the Future Tax Liabilities of any non-debtors.[2]

---

[2] For this reason, the United States also objects to any provision of the Plan that purports to allow the Court to retain post-confirmation jurisdiction to determine the Future Tax Liabilities.

CONCLUSION

Given its limited subject matter jurisdiction, this Court must refrain from entering a Confirmation Order that directly, or through incorporation of language in the Plan and Disclosure Statement, determines any Future Tax Liabilities of the Debtor or any other taxpayer, or makes findings of fact or conclusions of law on issues antecedent to any such Future Tax Liabilities. Since the IRS has not (and cannot) make any assessments of Future Tax Liabilities, no case or actual controversy exists under the Declaratory Judgment Act. Moreover, § 505 does not grant this Court subject matter jurisdiction over tax liabilities that have not yet accrued or issues antecedent to the amount or legality of tax liabilities that may or may not arise in the future. Thus, if the Court does decide to confirm the Plan, the Confirmation Order should make clear that neither it, the Plan, nor the Disclosure Statement contain any determinations of Future Tax Liabilities or other rulings on matters antecedent to the determination Future Tax Liabilities that would be binding on the IRS in future litigation.

Date: August 2, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Ward W. Benson
WARD W. BENSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044 (*mailing address*)
555 4th St NW, Rm. 6118
Washington, DC 20001 (*street address*)
Tel: (202) 514-9642
Fax: (202) 514-6866
Email: ward.w.benson@usdoj.gov
(N.Y. Bar No. 4939278)
*Counsel for the United States of America
on behalf of the Internal Revenue Service*

CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019, I electronically filed the foregoing LIMITED OBJECTION with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

*/s/ Ward W. Benson*
WARD W. BENSON
Trial Attorney
United States Dept. of Justice