**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:

**FIRST NBC BANK HOLDING COMPANY**

*Debtor*

CASE NO. 17-11213

SECTION A

CHAPTER 11

**************************************************************************

**NINTH APPLICATION FOR COMPENSATION AND REIMBURSEMENT**
**OF THE STEFFES FIRM, LLC, COUNSEL FOR DEBTOR-IN-POSSESSION**

William E. Steffes and THE STEFFES FIRM, LLC ("Applicants"), attorneys for the First NBC Bank Holding Company ("Debtor"), debtor-in-possession in the above captioned bankruptcy case ("Case"), pursuant to 11 U.S.C. §§330 and 331, Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, hereby make this *Ninth Application for Compensation and Reimbursement* ("Application") in the amount of $60,409.50 and for reimbursement of actual and necessary expenses in the amount of $2,520.94 for the period September 1, 2019 through December 31, 2019, and in support thereof respectfully represent as follows:

1.

This Court has jurisdiction over this Case and this Application pursuant to 28 U.S.C. §§157 and 1334; this is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2.

On May 11, 2017 ("Petition Date"), the Debtor filed a *Voluntary Petition* [Doc. 1] for relief under Chapter 11 of Title 11 of the U.S. Code ("Bankruptcy Code") in the U.S. Bankruptcy Court of the Eastern District of Louisiana ("Court"). An Official Committee of Unsecured Creditors

("Committee") has been appointed in this Case; and, the Debtor continues to operate its business as debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.

This Court preliminarily approved the Debtor's retention of Applicants by *Order* [Doc. 13] entered on May 11, 2017 and finally approved their retention by *Order* [Doc. 76] entered on July 31, 2017. Applicants were employed under a general retainer to be paid as an administrative expense of the bankruptcy estate, and do hereby make this Application.

4.

This Application represents Applicants' ninth application for compensation and reimbursement of expenses. Applicants' *First Application for Compensation and Reimbursement* [Doc. 172] was granted by *Order* [Doc. 210] entered on October 30, 2017, allowing professional fees in the amount of $171,411.50 and reimbursement of expenses in the amount of $2,626.10, for a total of $174,037.60 ("First Fee Award") for the period of May 11, 2017 through September 30, 2017 ("First Fee Period"), which amount has been paid in full by the Debtor. Applicants' *Second Application for Compensation and Reimbursement* [Doc. 345] was granted by *Order* [Doc. 354] entered on March 12, 2018, allowing professional fees in the amount of $133,175.00 and reimbursement of expenses in the amount of $5,848.56, for a total of $139,023.56 ("Second Fee Award") for the period of October 1, 2017 through January 31, 2018 ("Second Fee Period"), which amount has been paid in full by the Debtor. Applicants' *Third Application for Compensation and Reimbursement* [Doc. 398] was granted by *Order* [Doc. 408] entered on June 12, 2018, allowing professional fees in the amount of $58,644.50 and reimbursement of expenses in the amount of $2,303.53, for a total of $60,948.03 ("Third Fee Award") for the period of February 1, 2018 through April 30, 2018 ("Third Fee Period"), which amount has been paid in full by the Debtor.

Applicants' *Fourth Application for Compensation and Reimbursement* [Doc. 451] was granted by *Order* [Doc. 470] entered on October 3, 2018, allowing professional fees in the amount of $94,222.00 and reimbursement of expenses in the amount of $3,743.60, for a total of $97,965.60 ("Fourth Fee Award") for the period of May 1, 2018 through August 29, 2018 ("Fourth Fee Period"), which amount has been paid in full by the Debtor. Applicants' *Fifth Application for Compensation and Reimbursement* [Doc. 490] was granted by *Order* [Doc. 497] entered on January 8, 2019, allowing professional fees in the amount of $52,158.50 and reimbursement of expenses in the amount of $878.62, for a total of $53,037.12 ("Fifth Fee Award") for the period of August 30, 2018 through December 14, 2018 ("Fifth Fee Period"), which amount has been paid in full by the Debtor. Applicants' *Sixth Application for Compensation and Reimbursement* [Doc. 537] was granted by *Order* [Doc. 551] entered on April 16, 2019, allowing professional fees in the amount of $51,944.25 and reimbursement of expenses in the amount of $1,036.67, for a total of $52,980.92 ("Sixth Fee Award") for the period of December 15, 2018 through March 24, 2019 ("Sixth Fee Period"), which amount has been paid in full by the Debtor. Applicants' *Seventh Application for Compensation and Reimbursement* [Doc. 610] was granted by *Order* [Doc. 660] entered on July 24, 2019, allowing professional fees in the amount of $86,830.00 and reimbursement of expenses in the amount of $3,662.40, for a total of $90,492.40 ("Seventh Fee Award") for the period of March 25, 2019 through June 15, 2019 ("Seventh Fee Period"), which amount has been paid in full by the Debtor. Applicants' *Eighth Application for Compensation and Reimbursement* [Doc. 747] was granted by *Order* [Doc. 763] entered on September 25, 2019, allowing professional fees in the amount of $140,919.50 and reimbursement of expenses in the amount of $6,402.97, for a total of $147,322.47 ("Eighth Fee Award") for the period of June 16, 2019 through August 31, 2019 ("Eighth Fee Period"), which amount has been paid in full by the

Debtor.

5.

Applicants now seek allowance of $60,409.50 in attorneys' fees and reimbursement of $2,520.94 in expenses, for a total balance of $62,930.44 for services rendered and expenses incurred from September 1, 2019 through December 31, 2019. During this period, Applicants expended a total of 198.60 hours and request compensation in accordance with Applicants' usual and customary charges for legal services of this nature.

6.

Your Applicants show that the following factors, under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), are to be considered in awarding fees in this case:

(a) **TIME AND LABOR REQUIRED**: Your Applicants attach hereto an itemization of the time spent showing time from September 1, 2019 through December 31, 2019 of 198.60 hours;

(b) **NOVELTY AND DIFFICULTY OF THE QUESTIONS**: During the course of the instant Chapter 11 case, several unique factual and legal questions have been presented by this Case including, but not limited to, the following:

    (i) Advising the Debtor regarding various litigation matters;

    (ii) Preparing multiple pleadings necessary for the administration of the estate and attending hearings thereon;

    (iii) Advising the Debtor regarding the handling of claims;

    (iv) Assisting the Debtor with preparing a joint plan with the Committee; and,

    (v) Communicating with the Committee and multiple governmental units in connection with various matters related to the Debtor's estate.

(c) **THE SKILL REQUISITE TO PERFORM LEGAL SERVICES PROPERLY**: Services

rendered by Applicants were performed primarily by William E. Steffes and Barbara B. Parsons. William E. Steffes is a senior member of the firm. He has approximately forty-one (41) years of experience and has extensive experience in analysis, negotiation, drafting, and consummation of bankruptcy plans and the implementation of relevant provisions of the Bankruptcy Code and is a Fellow of the American College of Bankruptcy. Barbara B. Parsons is an associate with the firm, with approximately sixteen (16) years of experience, representing debtors and creditors before the State and Federal Courts of Louisiana. Applicants believe that their recognized expertise in the area of reorganization law under Chapter 11 of Title 11, experience in bankruptcy matters, and ability to understand complex matters and negotiate resolutions will continue to contribute to the maximization of recoveries received by unsecured creditors herein.

(d) **THE PRECLUSION OF OTHER EMPLOYMENT DUE TO ACCEPTANCE OF THE CASE**: Applicants' representation of the debtor-in-possession has not precluded its acceptance of new clients, although certain matters have required a substantial devotion of time and resources, thereby requiring Applicants to limit work on other matters for other clients.

(e) **THE CUSTOMARY FEE**: The fee schedule used by Applicants is consistent with reasonable and customary hourly rates charged by other professionals of equal education and experience, and in matters of similar complexity, scope, and significance. The customary charge for paralegal time of $90.00 per hour has also been billed.

(f) **WHETHER THE FEE IS FIXED OR CONTINGENT**: Your Applicants were employed as counsel to represent the Debtor, who has agreed to the hourly rates as stated above and for reimbursement of actual, direct expenses. However, here, as in many Chapter 11 cases, the fee is partially contingent since there is and can be no assurance that there will be funds available to pay the attorneys for the debtor in the event the case is dismissed or converted to one under Chapter 7.

However, in this case, largely due to Applicants prior work, there are sufficient funds with which to pay the fees and expenses sought herein and all other likely administrative claims.

(g) **TIME LIMITATIONS**: Applicants have had to perform services under time constraints given the date of engagement and approval by this Court, and the timing of certain motions and matters of interest to the Debtor.

(h) **AMOUNT INVOLVED AND RESULTS OBTAINED**: To date, Applicants have assisted the Debtor in recovering over $2 million from various sources which has made it possible for the Debtor to pay ongoing professional fees incurred by the Official Unsecured Creditors' Committee as well as the Debtor and should provide for a significant distribution to unsecured creditors upon confirmation of a plan in this Case. All services for which Applicants request payment, and all expenses for which reimbursement is requested, have been rendered and spent on behalf of Debtor and no other persons, creditors, or parties, and the compensation requested is strictly for legal and professional services rendered. The services provided by Applicants have been rendered as requested and as necessary and appropriate in furtherance of the interests of the Debtor herein and its creditors, and are representative of traditional services rendered in connection with business related Chapter 11 bankruptcy cases. The services provided have directly benefited the estate and contribute to the effective administration of the Case.

(i) **THE EXPERIENCE, REPUTATIONS AND ABILITY OF APPLICANTS**: These factors are expressed in (c) above.

(j) **THE UNDESIRABILITY OF THE CASE**: This is not an undesirable Case except to the extent that time demands may have sometimes precluded work for other clients.

(k) **THE NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP**: The professional relationship with the client began in May 2017 and has continued until the date of this Application.

7.

Applicants also request an Order that the compensation and reimbursement of costs and expenses requested herein, to the extent not already paid, be paid forthwith by the Debtor, and/or any disbursing agent(s) out of funds held by them and out of the Debtor's estate as a priority claim pursuant to 11 U.S.C. §507(a)(2).

8.

All services by Applicants were rendered to and on behalf of the Debtor and its estate and no other person.

9.

Prior to the Petition Date, Applicants received a retainer from Lawrence Blake Jones, Chief Restructuring Officer of the Debtor, in the amount of $30,000.00 for payment of pre-petition services rendered and expenses incurred on behalf of the Debtor and from which payment of the $1,717.00 Chapter 11 filing fee was made. The Debtor has made payments to Applicants from the retainer to satisfy fees and expenses previously approved by this Court and pursuant to the First Fee Award, Second Fee Award, Third Fee Award, Fourth Fee Award, Fifth Fee Award, Sixth Fee Award, Seventh Fee Award and Eighth Fee Award. As of the date of this Application, Applicants hold no remaining funds of the initial retainer allocated to the Debtor.

**WHEREFORE**, your Applicants pray that this Application be granted and that:

(1) there be an Order made by this Court approving reasonable compensation for professional fees to THE STEFFES FIRM, LLC in the sum of $60,409.50 in attorneys' fees and $2,520.94 in expenses incurred during the period of September 1, 2019 through December 31, 2019, for a total of $62,930.44 for that period;

(2) the Order direct the Debtor, the reorganized Debtor, and/or disbursing agent(s) to

pay any balance of said fees and expenses forthwith out of the Debtor's funds held by them and out of the Debtor's estate as a priority administrative claim pursuant to 11 U.S.C. §507; and,

(3) the Order grant any and all other relief to which Applicants may be entitled.

Respectfully submitted,

By: /s/ Barbara B. Parsons
WILLIAM E. STEFFES (#12426)
BARBARA B. PARSONS (#28714)
**THE STEFFES FIRM, LLC**
13702 Coursey Blvd., Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: bparsons@steffeslaw.com

*Counsel for First NBC Bank Holding Company,* Debtor

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

**In re:**

**FIRST NBC BANK HOLDING COMPANY**

*Debtor*

**CASE NO. 17-11213**

**SECTION A**

**CHAPTER 11**

******************************************************************************

## ITEMIZATION OF TIME AND EXPENSES OF
## THE STEFFES FIRM, LLC, COUNSEL FOR DEBTOR

\*\*SEE ATTACHED ITEMIZATION

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

**In re:**

**FIRST NBC BANK HOLDING COMPANY**

*Debtor*

**CASE NO. 17-11213**

**SECTION A**

**CHAPTER 11**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RECAP OF TIME OF THE STEFFES FIRM, LLC,
ATTORNEYS FOR DEBTOR-IN-POSSESSION,
FOR THE PERIOD OF SEPTEMBER 1, 2019 THROUGH DECEMBER 31, 2019**

**ATTORNEY SERVICES:**

| Attorney | Year Admitted | Hours | Rate | Total |
|---|---|---|---|---|
| William E. Steffes | 1978 | 69.70 | $425.00 | $ 28,171.50 |
| Noel Steffes Melancon | 2005 | 4.10 | $350.00 | $ 1,435.00 |
| Barbara B. Parsons | 2003 | 82.10 | $350.00 | $ 28,700.00 |

| Legal Assistant/Paralegal | | | | |
|---|---|---|---|---|
| Chad E. Biggs | | 2.60 | $ 90.00 | $ 99.00 |
| Samantha F. Chassaing | | 10.10 | $ 90.00 | $ 801.00 |
| Ashley D. Kujawa | | 30.00 | $ 90.00 | $ 1,197.00 |
| | | 198.60 | | |

**TOTAL SERVICES** $ 60,409.50

**EXPENSES:**

| | |
|---|---|
| Postage | $ 622.00 |
| Photocopies | $ 1,091.85 |
| FedEx | $ 79.16 |
| Travel Expenses | $ 692.93 |
| LA Secretary of State – Annual Report | $ 35.00 |

**TOTAL EXPENSES** $ 2,520.94

**TOTAL SERVICES AND EXPENSES** **$ 62,930.44**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:

**FIRST NBC BANK HOLDING COMPANY**

*Debtor*

CASE NO. 17-11213

SECTION A

CHAPTER 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT**

**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

I, William E. Steffes, of THE STEFFES FIRM, LLC, named in the foregoing Application, do hereby make solemn oath that I have read such Application and that all of the allegations of fact contained therein are true and correct to the best of my knowledge, information and belief.

/s/ William E. Steffes
**WILLIAM E. STEFFES (#12426)**

**SWORN TO AND SUBSCRIBED** before me, Notary, this 16th day of January, 2020, at Baton Rouge, Louisiana.

/s/ Barbara B. Parsons
**Barbara B. Parsons (#28714)**
**Notary Public**
**My commission expires at death.**