**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FIRST NBC BANK HOLDING COMPANY, | CASE NO. 17-11213 |
| DEBTOR | SECTION A |

### OBJECTION TO MISCLASSIFIED CLAIM NO. 14 FILED BY MICHAEL LULICH

NOW INTO COURT through undersigned counsel comes First NBC Bank Holding Company, as debtor and debtor-in-possession (the "Debtor") in the above-entitled and numbered bankruptcy case which objects to Proof of Claim No. 14, filed by Michael Lulich, and seeks reclassification of such claim as a general unsecured claim (Class 2); and, in support thereof, the Debtor respectfully represents as follows:

1.

**JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter constitutes a proceeding that this Court may hear and determine pursuant to 28 U.S.C. §§ 157(b)(2)(B). This Court is the appropriate venue under 28 U.S.C. § 1409(a).

2.

**BACKGROUND**

A.  THE CHAPTER 11 CASE

3.

On April 28, 2017 (the "Bank Closing Date"), the Louisiana Office of Financial Institutions closed First NBC Bank, a wholly owned subsidiary of the Debtor, and named the Federal Deposit Insurance Corporation as Receiver ("FDIC-R") for the Bank.

4.

On May 11, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case ("Chapter 11 Case").

5.

On May 23, 2017, the Office of the U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

6.

On July 2, 2019, the Debtor and the Committee (collectively, "Plan Proponents") filed a Second Amended Joint Plan of Reorganization [Doc.621] (as amended, "Joint Plan"); and, on the same date, the Debtor filed an accompanying Second Amended Disclosure Statement [Doc.622] (as amended, "Disclosure Statement"). On July 3, 2019, the Bankruptcy Court entered an order approving the Disclosure Statement [Doc. 624]. A hearing on confirmation of the Joint Plan is currently scheduled for March 10, 2020.

7.

B.  THE NQDC PLAN

The Debtor was the sponsor and administrator of the First NBC Bank Holding Company Deferred Compensation Plan, an unfunded, non-qualified deferred compensation arrangement first effective as of June 30, 2012 (the "NQDC Plan"). On the same date, the First NBC Bank Holding Company Deferred Compensation Trust ("NQDC Trust") was established as a grantor trust for the purpose of accumulating funds to satisfy the Debtor's or Debtor's affiliate's benefit obligations under the NQDC Plan. A copy of the Trust Agreement (the "NQDC Trust Agreement") governing the NQDC Trust is attached hereto as **Exhibit B**. At the time this case was commenced, the Debtor

maintained the NQDC Trust with Whitney Bank ("Whitney") serving as the successor Trustee following the Bank Closing Date; and, the NQDC Trust's funds were invested with Nationwide Financial ("Nationwide") which in turn invested the funds in various securities.

8.

Section 5 of the NQDC Trust Agreement instructs the Trustee to apply property of the NQDC Trust solely to satisfy the Debtor's or Debtor's affiliate's benefit obligations under the NQDC Plan and further provides that the Debtor has no right or power to direct the Trustee to return the funds of the NQDC Trust to the Debtor until all obligations under the NQDC Plan have been satisfied. *However*, under the express provisions of Sections 6 and 7 of the NQDC Trust Agreement, the funds of the NQDC Trust constitute general assets of the Debtor available to satisfy the claims of the Debtor's general creditors in the event of the Debtor's insolvency. Consequently, the assets of the NQDC Trust became property of the Debtor's estate upon commencement of this Chapter 11 Case.

9.

Shortly after the Petition Date, the NQDC Trust was terminated and its investments were liquidated and the funds ("NQDC Funds") derived therefrom ($593,686.84) were transferred to Whitney, as successor trustee. On August 18, 2017, the Debtor filed a *Motion for Turnover of Property of the Estate* [Doc.91], requesting turnover of the NQDC Funds by Whitney. The Turnover Motion was granted on August 22, 2017 ("Turnover Order"). Thereafter, on August 29, 2017, the FDIC-R filed a motion to reconsider the Turnover Order, which was ultimately resolved through a Court-approved settlement between the Debtor and FDIC-R [Doc. 153]. That settlement resulted in a division of the NQDC Funds between the Debtor (75%) and the FDIC-R (25%).

10.

**LULICH'S CLAIM IS MISCLASSIFIED AS A PRIORITY SECURED CLAIM**

On August 24, 2017, Lulich timely filed proof of claim no. 14 (the "Lulich Claim") in this Chapter 11 Case. The Lulich Claim was asserted as a priority and secured claim against the Debtor's estate in the amount of $5,313.38. The Debtor maintains that the Lulich Claim incorrectly asserted secured, priority status where no basis for such treatment exists. This claim arises from alleged contributions made by Lulich under the NQDC Plan. Through Order [Doc. 700] entered in the Chapter 11 Case on August 19, 2019, the Bankruptcy Court has already determined that the Lulich Claim was not entitled to priority, in any amount, under 11 U.S.C. §507(a).

11.

Lulich asserts that the Lulich Claim is secured by "Vanguard Investments at Nationwide"; and, a copy of a Nationwide investment statement referencing the NQDC Plan is attached to the claim in support thereof. *See* **Exhibit A**, Proof of Claim No. 14.

12.

As set forth above, all NQDC Funds were transferred to the Debtor and the receiver for its subsidiary, the FDIC-R, in the early stages of this Chapter 11 Case. Provisions allowing for funds of deferred compensation plans to be used to pay a company's creditors are standard for plans such as the NQDC Plan in order to maintain the associated tax advantages:

"An unfunded arrangement is one where the employee has only the employer's "mere promise to pay" the deferred compensation benefits in the future, ***and the promise is not secured in any way.*** The employer may simply keep track of the benefit in a bookkeeping account, or it may voluntarily choose to invest in annuities, securities, or insurance arrangements to help fulfill its promise to pay the employee. Similarly, the employer may transfer amounts to a trust that remains a part of the employer's general assets, subject to the claims of the employer's creditors if the employer becomes insolvent, in order to help keep its promise to the employee. To obtain the benefit of income tax deferral, it is important that the amounts are not set aside from the employer's creditors for the exclusive benefit of the employee. If amounts are set aside from the employer's creditors for the exclusive benefit of the employee, the employee may have currently includible

compensation." (Emphasis added). Internal Revenue Service, *"Nonqualified Deferred Compensation Audit Techniques Guide (June2015)"*, https://www.irs.gov/businesses/corporations/nonqualified-deferred-compensation-audit-techniques-guide.

13.

No basis for a lien affecting the Debtor's assets is contained in the Lulich Claim; and, none exists in the NQDC Trust Agreement. To the contrary, the NQDC Trust Agreement expressly provides that NQDC Trust beneficiaries or NQDC Plan participants are only entitled to a ***general unsecured claim*** for funds accumulated in the NQDC Trust. *See* **Exhibit B**, NQDC Trust Agreement §1.4. The Debtor maintains that no other basis for a lien securing the Lulich Claim is found in the books and records of the Debtor's estate. Accordingly, the Lulich Claim should be reclassified as a Class 2 General Unsecured Claim.

14.

The Debtor and its successors hereby reserve all rights to amend, modify or supplement this objection to Lulich Claim.

WHEREFORE, First NBC Bank Holding Company prays that this Court, after notice and a hearing, enter an order reclassifying Proof of Claim No. 14 as a Class 2 General Unsecured Claim under the Joint Plan, and for such other relief deemed equitable and just.

Respectfully submitted by:

/s/ Barbara B. Parsons
WILLIAM E. STEFFES (#12426)
BARBARA B. PARSONS (#28714)
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard, Bldg. 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Fax: (225) 751-1998
Email: bparsons@steffeslaw.com

*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FIRST NBC BANK HOLDING COMPANY, | CASE NO. 17-11213 |
| DEBTOR | SECTION A |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing *Objection* has been served upon all those entitled to receive electronic notice via this Court's CM/ECF notification system, as shown below:

Sam J. Alberts on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank sam.alberts@dentons.com

Serajul Ferdows Ali on behalf of Interested Party United States of America/Treasury serajul.ali@usdoj.gov

A. Brooke Watford Altazan on behalf of Creditor Committee Official Unsecured Creditors' Committee baltazan@stewartrobbins.com

Wilbur J. (Bill) Babin, Jr. on behalf of Defendant Louis P. Ballero, Jr. babin@derbeslaw.com, derbeser72443@notify.bestcase.com

Brian M. Ballay on behalf of Interested Party Directors and Former Directors Group bballay@bakerdonelson.com

Jerry A. Beatmann on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank jay.beatmann@dentons.com

Ward Benson on behalf of Interested Party United States of America on behalf of the Internal Revenue Service ward.w.benson@usdoj.gov, southern.taxcivil@usdoj.gov

Nicholas H. Berg on behalf of Interested Party Lawrence Blake Jones nberg@reasonoverllc.com

Brandon A. Brown on behalf of Creditor Committee Official Unsecured Creditors' Committee bbrown@stewartrobbins.com

Aaron Brownell on behalf of Interested Party United States of America on behalf of the Internal Revenue Service aaron.c.brownell@usdoj.gov

Christopher T. Caplinger on behalf of Creditor Lead Plaintiffs in Securities Class Action ccaplinger@lawla.com

Edward Castaing, Jr. on behalf of Interested Party Ryan J. Ashton ecastaing@cclhlaw.com

Robin B. Cheatham on behalf of Creditor Florida Parishes Bank cheathamrb@arlaw.com

Leo D. Congeni on behalf of Interested Party Doug Smith, derivatively and on behalf of First NBC Bank Holding Company leo@congenilawfirm.com

Nancy Scott Degan on behalf of Interested Party Directors and Former Directors Group
ndegan@bakerdonelson.com

Eric J Derbes on behalf of Defendant Michael Lulich
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Jonathan Edwards on behalf of Interested Party Mary Beth Verdigets and Jonathan.Edwards@alston.com

Elizabeth J. Futrell on behalf of Creditor David W. Anderson efutrell@joneswalker.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee amanda.b.george@usdoj.gov

Eric Goldstein on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
egoldstein@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Aaron Benjamin Greenbaum on behalf of Interested Party Mary Beth Verdigets aaron.greenbaum@pjgglaw.com

Jan Marie Hayden on behalf of Interested Party Lawrence Blake Jones jhayden@bakerdonelson.com

John Hite, III on behalf of Plaintiff Zurich American Insurance Company
jhite@shmrlaw.com

John M. Landis on behalf of Creditor Gregory St. Angelo jlandis@stonepigman.com

Michael E. Landis on behalf of Creditor Renewal Capital Company, LLC mlandis@gamb.law

Alysson Leigh Mills on behalf of Interested Party Ryan J. Ashton amills@fishmanhaygood.com

L. Marlene Quarles on behalf of Interested Party Lawrence Blake Jones
mquarles@dwyercambre.com

Andrew M Reidy on behalf of Interested Party Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank areidy@lowenstein.com

Ryan James Richmond on behalf of Creditor Committee Official Unsecured Creditors' Committee
rrichmond@stewartrobbins.com

Lacey E Rochester on behalf of Interested Party Directors and Former Directors Group
lrochester@bakerdonelson.com

David Rubin on behalf of Other Prof. Interested Party drubin@kswb.com

Susan R. Sherrill-Beard on behalf of Interested Party U.S. Securities and Exchange Commission
sherrill-beards@sec.gov

Paul Douglas Stewart, Jr. on behalf of Creditor Committee Official Unsecured Creditors' Committee
dstewart@stewartrobbins.com

Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov

R. Patrick Vance on behalf of Creditor David W. Anderson pvance@joneswalker.com

Stephen L. Williamson on behalf of Creditor Renewal Capital Company, LLC swilliamson@gamb.law

Phillip A. Wittmann on behalf of Defendant Gregory St. Angelo pwittmann@stonepigman.com

I further certify that a copy of the *Objection* has been served upon the Claimant by depositing same in the United States Mail, postage prepaid and properly addressed to:

> Michael Lulich
> 1216 Poplar Street
> Metairie, LA 70005-1132

Baton Rouge, Louisiana, March 9, 2020.

> /s/ Samantha J. Chassaing
> Samantha J. Chassaing