UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| FIRST NBC BANK HOLDING COMPANY, | ) |
| | ) Case No. 17-11213 |
| | ) |
| Debtor. | ) Section "A" |
| | ) |

### ORDER GRANTING MOTION TO INCREASE THE SOFT CAP ESTABLISHED IN THE AGREED ORDER GRANTING, IN PART, MOTIONS FOR AN ORDER FINDING THE DIRECTORS' AND OFFICERS' LIABILITY INSURANCE POLICY PROCEEDS WERE NOT PROPERTY OF THE ESTATE, OR ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY ("R. DOC. 325") FROM $9,000,000 TO $12,000,000

The Motion to Increase the Soft Cap Established in the Agreed Order Granting, in part, Motions for an Order Finding the Directors' and Officers' Liability Insurance Policy Proceeds Were Not Property of the Estate, or Alternatively, for Relief from the Automatic Stay ("R. Doc 830") from $9,000,000 to $12,000,000 (the "Motion") came to be heard on March 24, 2020 at 2:00 p.m. Considering the pleading, and the argument of counsel,

**IT IS HEREBY ORDERED** that the soft cap established in this Court's prior Orders is extended to $12,000,000 subject to the terms and conditions of this Order as set forth below:

1. To the extent applicable, the automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified in accordance with 11 U.S.C. § 362(d)(1) to the extent necessary to allow (A) Zurich American Insurance Company, Continental Casualty Company, Federal Insurance Company, Great American Insurance Group, and Illinois National Insurance Company (the "2015–2016 Insurers"), and (B) U.S. Specialty Insurance Company, XL Specialty Insurance Company,

Illinois National Insurance Company, Freedom Specialty Insurance Company, Markel American Insurance Company, Berkshire Hathaway Specialty Insurance Company, and Illinois National Insurance Company (the "**2016–2017 Insurers**," together with the 2015–2016 Insurers, the "**Insurers**") to comply with the terms of the respective Policies,[1] including, without limitation, to advance, reimburse, or make payments on account of the defense costs (including, without limitation, attorneys' fees and expenses) and other Loss (as defined in the respective Policies) regarding any settlement amounts, judgments, liability or other Loss incurred or to be incurred in defense of demands, claims, litigations, investigations, or disputes asserted, whether directly or derivatively, by the Creditors' Committee, the FDIC-R, the Federal Reserve Bank, any other federal, state, or local regulatory or law enforcement agency, or any other person, against the directors and officers of Debtor or the Bank (the "**D&Os**").

2. The aggregate payments permitted under the Policies shall be subject to a "soft cap" of $12 million, subject to further adjustment either by (a) agreement among the Debtor, Creditors' Committee, D&Os, the FDIC-R, and the Lead Plaintiffs or (b) upon motion, notice and hearing, and further order of this Court.

3. Nothing herein shall constitute a finding by the Court that the proceeds of the Policies are or are not property of the Debtor's estate, and the Court makes no finding as to the applicability of the automatic stay imposed by 11 U.S.C. § 362(a) to the Policies' proceeds.

---

[1] The insurance policies issued by the 2015–2016 Insurers for the period from June 9, 2015 to December 31, 2016, are hereinafter referred to as the "**2015–2016 Policies**," and the insurance policies issued by the 2016–2017 Insurers for the period from December 31, 2016 to December 31, 2017 are hereinafter referred to as the "**2016–2017 Policies**," together with the 2015–2016 Policies, collectively, the "**Policies**." The Policies are specifically identified by policy number in the Primary Motion.

4. For each quarter commencing March 31, 2019, and continuing for each quarter thereafter until any claims by the FDIC-R or Creditors' Committee under the Policies are resolved or FDIC-R or the Creditors' Committee request that such reporting cease, counsel to the D&Os shall, no later than the thirtieth (30th) of the month following the end of each quarter, provide the Creditors Committee, the FDIC-R, and the Lead Plaintiffs with summaries of the defense costs that have been paid during each such quarter (the "**Summaries**"). The Creditors Committee and the FDIC-R shall keep the Summaries strictly confidential, other than as expressly provided in this Order. The Summaries shall only include the following information, which shall be provided on a matter-by-matter basis:

    1. The names of applicable directors and/or officers and the names of the applicable law firm(s) providing representation to such directors and/or officers;

    2. The (a) name, (b) billable rate, (c) number of hours expended, and (d) total amount of fees for each timekeeper for the applicable firms billing in that particular quarter;

    3. The total amount of the (a) fees and (b) expenses billed by each law firm in that particular quarter;

    4. Any fees or expenses incurred prior to the filing of the petition for relief herein, shall be noted as such;

    5. An identification of (a) the respective Insurers that are expected to make the payment or reimbursement and (b) from which Policies such payment or reimbursement shall be made;

    6. Disclosure of the total amount of fees and expenses paid to date.

5. The Creditors Committee or FDIC-R may cumulate the information received from the D&Os into a single, consolidated report, which they shall file under seal (if permitted by the Court) pursuant to Section 107 of the Bankruptcy Code and Fed. R. Bankr. P. 9018, if the Creditors' Committee or the FDIC-R believe they are entitled to some future relief. All rights are

3

reserved to all parties, including without limitation, the Debtor, the Creditors Committee, the D&Os, the FDIC-R, and all other parties-in-interest, except as specifically conferred or addressed herein.

6. Nothing in this Order or otherwise shall be deemed to be a waiver of any confidentiality, privilege, or other protection or immunity, and neither the Creditors Committee nor the FDIC-R shall be entitled to any information from the Insurers or the D&Os that is protected by any applicable confidentiality, privilege or other protection or immunity.

7. Nothing in this Order shall constitute (i) a waiver, modification, or limitation of the D&Os' or Insurers' reservations of rights, remedies, and defenses under the Policies or otherwise, (ii) a waiver, modification, or limitation of any of the terms or conditions of the Policies, (iii) a finding that such sums are due and owing, or in what amount, under the 2015-2016 Policies and/or the 2016-17 Policies, or (iv) a waiver or consent by the D&Os that the Court has jurisdiction or authority over the proceeds of the Policies, the D&Os' defense costs, or the amounts incurred in connection therewith.

8. This Order is immediately valid and fully effected upon its entry and the 14-day stay pursuant to Fed. R. Bankr. Proc. 4001(a) is hereby waived.

9. Counsel shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

Lafayette, Louisiana, March 26, 2020

_____
HONORABLE JOHN KOLWE
UNITED STATES BANKRUPTCY JUDGE

4

This Order was prepared and submitted:by:

Respectfully submitted,

*/s/ Jan M. Hayden*
Jan M. Hayden (#06672)
Nancy Scott Degan (#01819)
Brian M. Ballay (#29077)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
jhayden@bakerdonelson.com
ndegan@bakerdonelson.com
bballay@bakerdonelson.com

*Counsel for William D. Aaron, Jr., Herbert Anderson, Jr., Dale Atkins, John C. Calhoun, William Carrouche, Leander J. Foley, III, John F. French, Leon Giorgio, Jr., Grish Roy Pandit, Shivan Govindan, Lawrence Blake Jones, Louis Lauricella, Mark Merlo, Hermann Moyse, III, James Roddy, Dr. Charles Teamer, Sr., Joseph Toomy and Richard M. Wilkinson*

5

4816-1319-8776v1
2941996-000001